*seal*

(16)
1-25-01
SC

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                              :
          Plaintiff                         :
                                            :
     v.                                     :   CIVIL NO. 1:CV-00-1387
                                            :
ROBERT W. MEYERS, ET AL.,                   :   (Judge Caldwell)
                                            :
          Defendants                        :

FILED
HARRISBURG, PA

M E M O R A N D U M

JAN 2 4 2001

MARY E. D'ANDREA, CLERK
PER_____
         DEPUTY CLERK

I.   Introduction.

     Shawn Jordan, an inmate at the State Correctional Institution at Rockview (SCI-Rockview), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]  In the original complaint, he names the following SCI-Rockview employees as defendants: Robert W. Meyers, superintendent; David J. Wakefield and Terry L. Whitman, deputy superintendents; Daniel L. Weaver, corrections officer; Harvey E. Yancey, major of the guards; Steve Morningstar, unit manager/assistant grievance coordinator; and Larry L. Lidgett, health care administrator.  Also named as a defendant is Martin F. Horn, Secretary of the Department of Corrections.

---

[1] On September 11, 2000, plaintiff submitted a document entitled "Amended Complaint." (Doc. 9).  In this document, plaintiff does not set forth any additional claims, but rather, seeks to remove Daniel L. Weaver as a defendant and to substitute a new request for relief.  Because service of the complaint has not yet been directed, the court will construe Documents 1 and 9 as the complaint in this action.  See Fed. R. Civ. P. 15(a).  The Clerk of Court will be directed to remove Daniel L. Weaver from the docket as a defendant.

The Plaintiff alleges that the Defendants are violating his constitutional rights by adopting a policy that permits smoking in prison buildings, thereby causing him to develop asthma. He further alleges that the Defendants are placing him in cells with smokers.

Along with his complaint, the Plaintiff applied for in forma pauperis status.[2] For the reasons that follow, plaintiff will be directed to file an amended complaint alleging the specific conduct of each Defendant that he believes was wrongful. In accord with 42 U.S.C. § 1997e(a), he shall also allege, if he has actually done so, that he has exhausted administrative remedies in regard to his claims.

II. Background.

Plaintiff alleges the following. The Department of Corrections issued a policy on May 20, 1994, effective August 22, 1994, with regard to smoking in prison buildings, including the housing areas, that allows smoking in prison facilities. The Plaintiff does not smoke and, as a result of the Department's policy, he is being exposed to high levels of environmental tobacco smoke, "E.T.S." The Plaintiff has developed asthma from the secondhand smoke he has been forced to breath and now uses an

---

[2] Jordan completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden of SCI-Rockview to commence deducting the full filing fee from plaintiff's prison trust fund account.

2

inhaler. Further, the prison's poor ventilation adds to the unreasonable risk to the Plaintiff's health. Plaintiff also alleges the Defendants have assigned him to cellmates who smoke and have placed him in housing areas where smoking is permitted.

The Plaintiff claims the Defendants are violating his rights by selling tobacco products at the prison, by allowing smoking in the prison facilities, and by assigning him to cells with inmates who smoke or to housings area where smoking is permitted. He seeks injunctive, compensatory and punitive relief.

By way of an administrative regulation, captioned "DC-ADM 804," the Pennsylvania Department of Corrections has an inmate grievance review system. With certain exceptions only one of which is applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the grievance coordinator; an appeal from the coordinator's decision may be made in writing to the facility manager or community corrections regional director; and a final written appeal may be presented to the chief hearing examiner.

Effective May 1, 1998, the Department amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "any claims concerning violations of Department of Corrections directives, regulations, court orders, or other law. The Grievant may also include a request for

3

compensation or other legal relief normally available from a court." DC-ADM 804-4, issued April 29, 1998.

Further, while the amendment requires that "the [g]rievances must be submitted for initial review to the facility/Regional Grievance Coordinator within fifteen (15) days after the events upon which the claims are based," it allows for extensions of time for cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

On the original complaint (a standard form provided for inmate use) the Plaintiff avers that there is a grievance procedure available at SCI-Rockview and that he filed a grievance concerning the facts alleged in his complaint. In response to the following question, "Is the grievance process completed?," the Plaintiff checks both the "Yes" and the "No" answer; he provides no further information about whether the grievance process has actually been completed.

III. Discussion.

In regard to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

"This provision makes no distinction between an action for damages, injunctive relief, or both." Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998). Thus, prisoners must exhaust administrative remedies before seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law for prison conditions. See Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) ("we hold that the PLRA [Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996)] amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory - whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"); Rankins v. Murphy, 1998 WL 767441 (E.D. Pa.).

The instant case concerns prison conditions. On the form complaint filed by the Plaintiff, he avers that there is a grievance procedure available at SCI-Rockview and that he has filed a grievance concerning the facts alleged in his complaint. However, the Plaintiff has not averred that he has completed that process, alleging contradictorily that he has both done so and has not done so. Based on the foregoing, the court is unable to conclude that Jordan has exhausted his administrative remedies by pursuing each of his claims through the three-tiered review system outlined above.

Therefore, the action must be dismissed. However, the Plaintiff will be granted leave to file an amended complaint within twenty days in which to allege, if he can, that he actually

5

exhausted his administrative remedies with respect to the facts alleged in his complaint.

Jordan is advised that his failure to do so will result in his case being dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). See Camejo v. Caprio, Civ. No. 3:CV-00-0562 (M.D. Pa. March 31, 2000)(Munley, J.); Bradley v. Morgan, Civ. No. 1:CV-98-210 (M.D. Pa. Feb. 18, 1998) (Caldwell, J.); Null v. McCullough, Civ. No. 4:CV-97-1560 (M.D. Pa. Jan. 16, 1998) (Muir, J.); Pew v. Imschweiler, Civ. No. 3:CV-96-0760 (M.D. Pa. Sept. 12, 1996) (Kosik, J.); Brooks v. Superintendent Lunk of Div. 10, 1996 WL 308268 (N.D. Ill.).

Assuming that plaintiff can allege that he has exhausted his administrative remedies, he should also allege in the amended complaint the specific conduct of each Defendant he claims caused him injury.

To assert an actionable civil rights claim, plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may not be imposed under section 1983 on the principle of respondeat superior simply because a defendant supervised another defendant. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989)(citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). A prerequisite for a viable civil rights claim

6

against a supervisory defendant is that the defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. E.g., Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, supra, 868 F.2d at 106 n.7; Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

In the instant complaint, which consists of documents 1 and 9, the Plaintiff fails to associate any of the named Defendants with any of the alleged constitutional violations which were committed against him. He does not provide details as to when the alleged acts were committed and which Defendant or Defendants were involved with each act. Thus, assuming the Plaintiff can allege that he has exhausted his claims, any amended complaint shall precisely specify the wrongful conduct of each Defendant. If it fails to do so, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[3] and the case will be closed.

---

[3] Section 1915(e)(2) of Title 28 of the United States Code provides as follows:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added).

7

In preparing the amended complaint, plaintiff is advised that Fed. R. Civ. P. 8(a) requires, in relevant part, that a complaint "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief, ..." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

The Plaintiff is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).[4]

We will issue an appropriate order.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: January 24, 2001

---

[4] Two copies of this court's form 42 U.S.C. § 1983 civil rights complaint are attached to the order accompanying this memorandum, which the Plaintiff should use in preparing his amended complaint.

8

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,  :
　　　　　　　　　　:
　　　　Plaintiff  :
　　　　　　　　　　:
　　v.　　　　　　　:　CIVIL NO. 1:CV-00-1387
　　　　　　　　　　:
　　　　　　　　　　:　(Judge Caldwell)
ROBERT W. MEYERS, ET AL.,  :
　　　　Defendants  :

FILED
HARRISBURG, PA

JAN 2 4 2001

MARY E. D'ANDREA, CLERK
PER_____
　　　　DEPUTY CLERK

O R D E R

　　AND NOW, this 24th day of January, 2001, it is ordered that:

　　1. The complaint in this matter is construed to consist of Documents 1 and 9 and is hereby dismissed.

　　2. The Clerk of Court is directed to terminate Daniel L. Weaver as a defendant in this action.

　　3. The Plaintiff is granted leave to file an amended complaint within twenty days of the date of this order if he has exhausted his administrative remedies. The amended complaint shall allege that he has done so. Any amended complaint shall also allege the specific conduct of each Defendant causing the Plaintiff injury.

　　4. If the Plaintiff fails to comply with paragraph 3 of this order, this action will be dismissed.

　　5. The application for in forma pauperis status (doc. no. 2) is granted to the extent the Plaintiff may commence this action without full prepayment of the filing fee.

　　　　　　　　　　　　/s/ William W. Caldwell
　　　　　　　　　　　　WILLIAM W. CALDWELL
　　　　　　　　　　　　United States District Judge

```
UNITED STATES DISTRICT COURT
           FOR THE
  MIDDLE DISTRICT OF PENNSYLVANIA

    * * MAILING CERTIFICATE OF CLERK * *

           January 24, 2001
```

Re:  1:00-cv-01387   Jordan v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

```
Shawn Jordan
SCI-R
SCI at Rockview
BI 8942
P.O. Box A
Bellefonte, PA  16823
```

cc:
Judge                              (✓)
Magistrate Judge                   ( )
U.S. Marshal                       ( )
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to: US Atty Gen ( )   PA Atty Gen ( )
                                            DA of County ( )  Respondents ( )
Bankruptcy Court                   ( )
Other _Sent 2 42 USC 1983 Form to Pltf._ ( )

                                                    MARY E. D'ANDREA, Clerk

DATE:  _1-24-01_                         BY: _[signature]_
                                                    Deputy Clerk