JUDGE'S COPY

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BI-8942
(Inmate Number)

SHAWN JORDAN
(Name of Plaintiff)

Box A, Bellefonte, PA 16823-0820
(Address of Plaintiff)

vs.

David J. Wakefield, Terry L. Whitman,
Harvey E. Yancy, Larry L. Lidgett,
Denniel J. Walls, Jeffrey A. Rackavan,
Robert S. Bitner, Martin F. Horn, and
Jeffery A. Beard, Robert W. Meyers
(Names of Defendants)

:  AMENDED COMPLAINT
:
:  1:CV-00-1387
:  (Case Number)
:
:  FILED
:  HARRISBURG, PA
:
:  FEB 7 2001
:
:  MARY E. D'ANDREA, CLERK
:  Per _____ Deputy Clerk

TO BE FILED UNDER: 42 U.S.C. §1983 - STATE OFFICIALS

I.  Previous Lawsuits

    A. If you have filed any other lawsuits in federal court while
    a prisoner please list the caption and case number including
    year, as well as the name of the judicial officer to whom it
    was assigned: NONE.

II  Exhaustion of Administrative Remedies

    A. Is there a grievance procedure available at your institution?
    Yes.

    B. Have you filed a grievance concerning the facts relating
    to this complaint? Yes.

    C. Is the grievance process completed? Yes.

III. Defendants

   (In Item A below, place the full name of the defendant in the
   first blank, his/her official position in the second blank,
   and his/her place of employment in the third blank. Use Item
   B for the names, positions and places of employment of any
   additional defednats.)

   A. Defendant Robert W. Meyers is employed as the Superintendent at S.C.I. Rockview, he is sued in his individual and official capacity.

   B. Defendant David J. Wakefield is employed as the Deputy Superintendent/Facilities Management at S.C.I. Rockview, he is sued in his individual and official capacity.

   C. Defendant Terry L. Whitman is employed as the Deputy Superintendent/Centralized Services at S.C.I. Rockview, he is sued in his individual and official capacity.

   D. Defendant Harvey E. Yancey is employed as a Major of the Guards at S.C.I. Rockview, he is sued in his individual and official capacity.

   E. Defendant Larry L. Lidgeet is employed as the Health Care Administrator at S.C.I. Rockview, he is sued in his individual and official capacity.

   F. Defendant Denniel J. Walls is employed as the Unit Manager of D-Block at S.C.I. Rockview, he is sued in his individual and official capacity.

   G. Defendant Jeffrey A. Rackavan is employed as the Grievance Coordinator at S.C.I. Rockview, he is sued in his individual and official capacity.

   H. Defendant Robert S. Bitner is employed as the Chief Hearing Examiner at S.C.I. Rockview, he is sued in his individual and official capacity.

   I. Defendant Martin F. Horn is employed as the Commissioner at the Pennsylvania Department of Corrections at S.C.I. Rockview, he is sued in his individual and official capacity.

   J. Defendant Jeffery A Beard Ph.D is employed as the Acting Secretary at the Pennsylvania Department of Corrections at S.C.I. Rockview, he is sued in his individual and official capacity.

   K. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. The Department of Corrections issued a policy on 5/20/94, effective 8/22/94, with regard to smoking in prison buildings, including the housing areas, that allows smoking in prison facilities.

2. State and Federal Law currently forbids smoking in all state and Federal Buildings because of secondhand smoke and high levels of "E.T.S."

3. Plaintiff is an inmate incarcerated at S.C.I. Rockview on D-Block, plaintiff does not smoke and never has, as a result of the Department's policy, he is being exposed to high levels of environmental tobacco smoke, "E.T.S."

4. Plaintiff has developed asthma from the secondhand smoke he has been forced to breath and now uses an inhaler.

5. D-Block where Plaintiff is housed has poor ventilation which adds to the high levels of "E.T.S." and an excessive and unreasonable risk to plaintiff's health and safety.

6. Since plaintiff has been incarcerated in the D.O.C. of Pennsylvania defendants ~~have assigned him to cellmates who smoke,~~ have placed him in housing areas where smoking is permitted and are selling tobacco products at the prison.

7. On 5/20/94, D.O.C. issued a Policy statment, Subject: Smoking in Buildings as well as Housing Facilities, effective: 8/22/94, which allows smoking in prison facilities

8. On 7/22/00, I wrote a Request Slip to Mr. Wakefield, telling him that I have Asthma and second hand smoke affects my Asthma, could I be moved to a non-smoking Block and Mr. Wakefield responded on 7/24/00, stating that I could be moved to another housing unit - to see Mr. Walls - Unit Manager, But no other action was taken. See Exhibit "A".

9. On 7/22/00, I wrote a Request Slip to Mr. Whitman, telling him that I have Asthma, and secondhand smoke affects Asthma, could I be moved to a non-smoking Block, Mr. Whitman responded on 7/30/00, stating its not necessity to be house on a non-smoker Block, but no other action was taken. See Exhibit "B".

10. On 7/22/00 I wrote a Request Slip to Mr. Meyers telling him that I have Asthma and secondhand smoke affects my Asthma, Could I be moved to a non-smoking Block, Mr. Meyers responded on 7/25/00 to see my unit manager, but no other actions was taken. See Exhibit "C".

11. On 7/22/00 I wrote a Request Slip to Mr. Yancey teling him that I have Asthma and secondhand smoke affects my Asthma, could I be moved to a non-smoking Block, he never responded and no other action was taken. See Exhibit "D".

12. On 7/22/00 I wrote a Request Slip to Mr. Walls the Unit Manager, telling him that I have Astma and secondhand smoke affects my asthma, could I be moved to a non-smoking Block, but Mr. walls never responded and no other action was takent. See Exhibit "E".

13. On 7/22/00, plaintiff filed an "Official Inmate Grievance," #ROC-0347-00, stating that I have asthma and secondhand affects my asthma, which was accepted by Mr. Rackovan, and Mr. Rackovan submitted this Grievance for a response from Mr. Lidgett - Due on 8/24. See Exhibit "F".

14. On or about 7/26/00 plaintiff spoke to Mr. Walls about the "Request Slip" and plaintiff being moved to a non-smoking Block, Mr. Walls told plaintiff that he didn't see any reason for plaintiff to be moved to a non-smoking Block.

15. On 8/28/00, Mr. Rackavan responded with an "Official Inmate Grievance Initial Review Response" stating that "A review of your medical record does not indicate a <u>necessity</u> for you to be housed in a non-smoking unit or with a non-smoking cellmate. The record indicates you use an inhaler intermittently. It is also documented you were a smoker in the recent past which certainly contributed to you asthmatic condition.
If you wish to be housed with a non-smoker or in a non-smoking unit, these are matters you must refer to you unit manager who will explain the procedures necessary for you to follow," no other action was taken. See Exhibit "G".

16. Mr. Rackavan responded on the "Official Inmate Grievance Initial Review Response" was perpared with the help and/or response from Mr. Lidgett who read and falsely interpreted plaintiff's medical record, where plaintiff asserts and the medical records should show that plaintiff did not have Asthma until after a time of incarceration at S.C.I. Rockview, that plaintiff uses his inhaler when needed to like anyone with Asthma, and that plaintiff never was a smoker.

17. On 7/28/00 plaintiff submitted a Appeal to the "Official Inmate Grievance Initial Review Response." See Exhibit "H".

18. On 8/30/00, Mr. Meyers responded to plaintiff's "Appeal to Grievance" that the initial review response is sustained. See Exhibit "I".

19. On about 8/30/00, plaintiff filed a "Appeal to Final Review" to the Department of Corrections, Office of the Chief Hearing Examiner. See Exhibit "J".

20. On 9/14/00, Mr. Robert S. Bitner responded that "Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review mus be denied." See Exhibit "K".

21. Defendants Martin F. Horn made or failed make Policy to stop smoking in prison buildings, including the housing areas, that allows smoking in prison facilities.

22. Defendants Mr. Horn and Mr. Beard directed, or knew of and acquiesced in the fact that inmates who didn't smoke, and inmates who didn't smoke and have respiratory illnesses are being subjected to second hand smoke with high levels of "E.T.S."

23. 1/29/01, Plaintiff is still housed on D-Block living under the same aforesaid conditions.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff is entitled to relief, the actions and/or inactions of defendants Wakefield, Whitman, Yancey, Larry L. Lidgett, Walls, Rackavan, Bitner, Horn, and Beard constitutes cruel and unusual punishment with deliberate indifference by way of reckless disregard to an excessive/unreasonable risk to plaintiff's health and safety to environmental hazards and plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

WHEREFORE, plaintiff seeks declaratory judgment, an Order to be moved to a non-smoking Block, an Order to stop smoking in all buildings, an Order stop the sell of smoking products, an award of monetary damages in excess $1,000,000 for physical and mental pain and suffering, monetary coverage for future medical needs, and any other damages this Court may see as being appropriate, including an injuction to move plaintiff to a non-smoking block until the end of this action.

2/4/01
(Date)                                              (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

2/4/01
(Date)                                              (Signature of Plaintiff)

Deputy Superintendent
for Facility Management

JUL 2 4 2000

DC-135A

State Corr. Inst. at Rockview

Exhibit #A 

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Deputy Superintendent David J. Wakefield
2. DATE: 7/22/00
3. BY: (INSTITUTIONAL NAME AND NUMBER) Shaun Jordan - BI 8942
4. COUNSELOR'S NAME: Matsick
5. WORK ASSIGNMENT:
6. QUARTERS ASSIGNMENT: DA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Wakefield,
   Rockview has sold tobacco products to the inmate for over 12 years now, with in that time Rockview has exposed inmates to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to the inmates futur healths states. As you know I have a respiratory disease" (Asthmas). I would like to know when will Rockview stop selling tobacco products to the inmates. The second hand Affects my Asthmas, I would like to be moved to a smoke nonesmoker block.   Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Jordon,
   We have non-smoking housing units to accommodate many of our non-smokers. If you have a documented health concern, I suggest you discuss such with your unit team. If you are appropriately classified, you may be able to move to either BA or CB.

CC: M.Wolf

☐ TO DC-14 CAR ONLY        ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER        DATE 7/24/00

Exhibit # C

| DC-135A | | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS |
|---|---|---|
| INMATE'S REQUEST TO STAFF MEMBER | RECEIVED JUL 24 2000 at Rockview Superintendent's Office | INSTRUCTIONS Complete items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

| 1. TO: (NAME AND TITLE OF OFFICER) Superintendent: Robert W. Meyers | | 2. DATE 7-22-00 |
|---|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan BI8942 | | 4. COUNSELOR'S NAME Matsick |
| 5. WORK ASSIGNMENT Laundry | 6. QUARTERS ASSIGNMENT DA 3050 | |

**7. SUBJECT:** STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Meyers,

Rockview has sold tobacco product to the inmates for over 12 years. With in that time Rockview has "exposed inmate to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to the inmates futur health states. As you know I have a respiratory disease" (Asthmas). I would like to know when will Rockview stop selling tobacco products to the inmates. The secondhand smoke affects my asthmas. I would like to be move to a non-smoker block. Thank you

**8. DISPOSITION:** (DO NOT WRITE IN THIS SPACE)

Mr. Jordan,

SCI-Rockview has taken steps to deal with the tobacco issue.

Two general population units, the RHU, and A.C. are no-tobacco units. Staff areas where smoking/chewing is permitted have also been reduced. There is no time frame for a completely tobacco-free institution. This will be achieved gradually. In the meantime you may address your personal concerns through your counselor and unit manager by seeking placement in the "tobacco-free" section of your unit.

☐ TO DC-14 CAR ONLY   ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER J. Rackovan Supts Asst. | DATE 7/25/00 |
|---|---|

| DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS**<br>INSTRUCTIONS<br>*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |
|---|---|

1. TO: (NAME AND TITLE OF OFFICER) Major- Harvey E. Yancey         2. DATE 7/22/00
3. BY: (INSTITUTIONAL NAME AND NUMBER) S. Jordan - BI 8942         4. COUNSELOR'S NAME
5. WORK ASSIGNMENT                          6. QUARTERS ASSIGNMENT  DA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Yancey,
  I have Asthmas, And secondhand smoke Affects my Asthma. And would like to move to A non-smoker Block, I have spoking with walls, But did not get a Respond.

                                                              Thank you
                                                              S. Jor[dan]

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

No Respond
        SJ.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                                                   DATE

*Exhibit # D*

Exhibit #3E

| DC-135A | |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | **COMMONWEALTH OF PENNSYLVANIA**<br>DEPARTMENT OF CORRECTIONS<br><br>INSTRUCTIONS<br><br>*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |

1. TO: (NAME AND TITLE OF OFFICER) Denniel J. Walls - unit manager of DA.
2. DATE 7/22/00
3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BI8942
4. COUNSELOR'S NAME Matsrek.
5. WORK ASSIGNMENT
6. QUARTERS ASSIGNMENT DA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Walls,
   Rockview has sold tobacco products to the inmate for over 12 years now, with in that time Rockview has exposed inmates to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to the inmates futur health states. As you know I have a "respiratory disease" (asthmas), I would like to know when will Rockview stop selling tobacco products to the inmates. The secondhand smoke affects my asthmas. I would like to be moved to a non-smoker block.
   Thank you.
   Shawn Jordan

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

When the whole D.O.C stop selling tobacco products.

His statement.
7/25/00

☐ TO DC-14 CAR ONLY              ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                      DATE

State Correctional Institution
DC-804
PART 1
RECEIVED
AUG 17 2000
at Rockview

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

OFFICIAL INMATE GRIEVANCE   Exhibit F

GRIEVANCE NO. ROC-0347-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Rackovan | S.C.I. Rockview | 7/22/00 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| Shawn Jordan - BI 8942 | [signature] |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| | DA |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I don't smoke and have a respiratory disease (asthmas) because of the second hand smoke, and uses an inhaler which is part of my medical treatment here at "Rockview". I have been personally affected by the second hand smoke, I have also contacted Mr. Larry L. Lidgett Health Care Administrator on this issue on 7/19/00 at 12:00 o'clock. I have also contacted Wakefield Deputy Superintendent, Major Yancey, and Meyers Superintendent, they stated they have no plans to stop the selling of tobacco products. I contacted the Administration on this issue also on 7/19/00. I have also stated, before I came to Rockview my health was in perfect condition and Rockview Health Care Administrator has diagnose me with a Respiratory disease. (asthmas)

B. Actions taken and staff you have contacted before submitting this grievance:

David J. Wakefield Deputy Superintendent, Harvey E. Yancey Major of the Guards, Robert W. Meyers Superintendent, Larry L. Lidgett, D. Walls Unit Manager.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Mr. Lidgett - Due 8/24

[signature] Jeffrey Rackovan   Medical
Signature of Grievance Coordinator

Date 8/17/00
Due 8/31

**DC-804**
**PART II**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

| OFFICIAL INMATE GRIEVANCE INITIAL REVIEW RESPONSE | Exhibit G | | GRIEVANCE NO. | #ROC0347-00 |
|---|---|---|---|---|
| TO: (Name & DC NO.) Shawn Jordan, BI-8942 | INSTITUTION SCIR | QUARTERS Bldg D/A | GRIEVANCE DATE | 07/22/00 Received 08/17/00 |

The following is a summary of my findings regarding your grievance:

A review of your medical record does not indicate a **necessity** for you to be housed in a non-smoking unit or with a non-smoking cellmate. The record indicates you use an inhaler intermittently. It is also documented you were a smoker in the recent past which certainly contributed to your asthmatic condition.

If you wish to be housed with a non-smoker or in a non-smoking unit, these are matters you must refer to your unit manager who will explain the procedures necessary for you to follow.

JAR:hae

c: Deputy Wakefield
   Deputy Whitman
   Mr. Lidgett
   Ms. Rossetti
   Case Record
   Mr. Rackovan

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR *Jeffrey Rackovan* | DATE 8/28/00 |
|---|---|---|

Exhibit #H

## APPEAL OF GRIEVANCE #ROC0347-00

I never stated or indicated that I was a "Smoker", but indicated that the secondhand smoke do affect me.

Mr. Rackovan also stated that my medical records dose not indicate a "necessity" for me to be housed in a non-smoking unit or with a non-smoking cellmate. Anyone who has been diagnose wiht a respiratory disease (Asthmas) are not suppose to be in a unit with smokers or a unit were secondhand smoke will affect anyone with "Asthmas".

The selling of tobacco products to inmates dose not help the issue at hand, which cause secondhand smoke or (ETS). Another issue is Building-D is a non-smoking block, that inmates are not allowed to smoke in that blockout area. When a inmate smoke in his cell, there are no way to ventilate the air which cause respiratory illness to other inmates.

cc: Mr. Robert W. Meyers
    Superintendent
    Date: Mon. Aug. 28, 2000
    Time: 3:30 Pm.

Shawn Jordan
BI 8942
Housing unit-D

*[signature]*

STATE CORRECTIONAL INSTITUTION

ROCKVIEW

MR. SHAW JORDAN

BI 8942

BOX-A

BELLEFONTE, PA. 16823

Exhibit # J

8/31/00

To: Central Office Medical Review Committee

PA DEPARTMENT OF CORRECTIONS

CENTRAL OFFICE REVIEW COMMITTEE

P.O. BOX-598/2520 LISBURN ROAD

CAMP HILL, PA. 17001-0598

Re: <u>Secondhand Smoke/Selling of Tobacco products.</u>

Whom it my concern:

    Enclosed you'll fine a copy of my grievance and their responds. I'm dissatisfied with the dispostion of the appeal from the initial review decision, now I'm requesting a final review on my grievance #ROC0347-00 which I have enclosed.

cc: Shawn Jordan
    BI-8942

Respectfully yours,

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA 17022**

OFFICE OF THE
CHIEF HEARING EXAMINER

Exhibit # K

September 14, 2000

Shawn Jordan, BI-8942
SCI Rockview

                                           Re:    DC-ADM 804 - Final Review
                                                     Grievance No. ROC-0347-00

Dear Mr. Jordan:

       This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

       In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

       Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

       I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

                                                      Sincerely,

                                                      Robert S. Bitner
                                                      Chief Hearing Examiner

RSB:bjk

pc:    Superintendent Meyers