# JUDGE'S COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JORDAN, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-1387 |
| | : (Judge Caldwell) |
| DAVID J. WAKEFIELD, et al., | : |
| Defendants | : |

FILED HARRISBURG
SEP 06 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

## ANSWER

Defendants, Wakefield, Whitman, Yancey, Lidgett, Walls, Rackavan, Bitner, Horn, Beard, and Meyers, by and through their counsel, the Attorney General of Pennsylvania, and pursuant to Federal Rule of Civil Procedure 8, respond to plaintiff's amended complaint as follows.

### FIRST DEFENSE

### IV. STATEMENT OF CLAIM

1. **ADMITTED** in part; **DENIED** in part. It is **ADMITTED** on May 20, 1994, the Department of Corrections issued a Policy Statement, effective August 22, 1994, subject "Smoking In Department Of Corrections Building And Facilities", which permitted smoking in designated areas of the facility. Otherwise, the averments in this paragraph are **DENIED**.

2. The averments in this paragraph are conclusions of law to which **NO RESPONSE** is required. To the extent deemed factual, the averments are **DENIED**.

3. It is **ADMITTED** plaintiff is incarcerated at SCI-Rockview and is currently housed on D-Block. It is **DENIED** that plaintiff is exposed to high levels of environmental tobacco smoke.

4. **DENIED**.

5. **DENIED**.

6. It is **ADMITTED** plaintiff was housed on a Block that permitted smoking. Defendants are without knowledge or information to **ADMIT** or **DENY** the remaining averments in this paragraph and therefore these allegations are **DENIED**.

7. It is **ADMITTED** on May 20, 1994, the Department of Corrections issued a Policy Statement, effective August 22, 1994, subject "Smoking In Department Of Corrections Building And Facilities", which permitted smoking in designated areas of the facility.

8. It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Wakefield seeking to be moved to another cell block. It is **ADMITTED** Wakefield responded on July 24, 2000 that plaintiff could be moved if he had a documented health concern. Additionally, Wakefield suggested plaintiff

discuss these issues with his unit team. The remaining averments in this paragraph are **DENIED**.

9. **DENIED**. After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED**.

10. It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Meyers seeking, inter alia, to be transferred to a non-smoking block. It is **ADMITTED** Meyers responded on July 25, 2000 through Mr. Rackovan. It is **ADMITTED** plaintiff was instructed to see his counselor and unit manager. The remaining averments in this paragraph are **DENIED**.

11. **DENIED**. After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED**.

12. It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Walls. Otherwise, this paragraph is **DENIED**.

13. It is **ADMITTED** on July 22, 2000, plaintiff filed an Inmate Grievance No. ROC-0347-00, Defendant Rackovan. Also, it is **ADMITTED** that by August 24, 2000, a response was due from Defendant Lidgett.

14. **DENIED.** After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED.**

15. **ADMITTED in part; DENIED in part.** Defendants are uncertain as to what plaintiff means by saying "no other action was taken" and therefore, this averment is **DENIED.** The remaining averments are **ADMITTED.**

16. It is **ADMITTED** on August 28, 2000, Defendant Rackovan responded to Grievance No. ROC0347-00. Otherwise the averments in this paragraph are **DENIED.**

17. **ADMITTED.**

18. **ADMITTED.**

19. **ADMITTED.**

20. **ADMITTED.**

21. **DENIED.**

22. **DENIED.**

23. It is **ADMITTED** on January 29, 2001, plaintiff was housed on D-Block at SCI-Rockview. Otherwise this paragraph is **DENIED.**

4

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

At all material times, defendants have acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity therefor.

## FIFTH DEFENSE

Plaintiff is entitled to no relief whether compensatory or equitable.

WHEREFORE, the amended complaint should be dismissed with prejudice.

                                Respectfully submitted,

                                D. MICHAEL FISHER
                                Attorney General

By: _____
       SETH A. MENDELSOHN
       Deputy Attorney General

       SUSAN J. FORNEY
       Chief Deputy Attorney General
       Chief Litigation Section

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-1194
Fax: (717) 772-4526
E-Mail: smendelsohn@attorneygeneral.gov

DATE: September 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN, :
:
Plaintiff :
:
v. : No. 1:CV-00-1387
: (Judge Caldwell)
DAVID J. WAKEFIELD, et al., :
:
Defendants :

## CERTIFICATE OF SERVICE

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Answer, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

_____
for SETH A. MENDELSOHN
DEPUTY ATTORNEY GENERAL

DATE: September 7, 2001