IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN  
    PLAINTIFF,

V.                             CIVIL NO. 1:00-CV-1387

ROBERT W. MEYERS,  
SUPERINTENDENT, ET AL.  
    DEFENDENTS

FILED  
HARRISBURG  
SEP 2 0 2001  
MARY E. D'ANDREA, CLERK  
Per_____  
DEPUTY CLERK

### Plaintiff Responds to Defendant:
### "Answer" to Complaint

#### Defendant Second Defense

In Cruz, the court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". 405 U.S.at 332 quoting from conley V. Gibson, 355 U.S. 41, 45-46 (1957); Cruz V. Beto, 405 U.S. 319 (1972); Haines V. Kerner, 404 U.S. 519 (1972).

#### Defendants Third Defense

Defendants are not immune from damage suits. The courts have given some public officials a special protection against lawsuits for damages. This protection is called "immunity". The courts will not impose a judgment for money damages on a judge, a legislator, or anyone else who was acting "as an integral part of the judicial or legislative process". The U.S. Supreme Court has ruled that prison officials do not have this kind of "absolute immunity". Procunier V. Navarette, 434 U.S. 555 (1978).

#### Defendants Fourth Defense

"Good Faith" means the defendants honestly did not mean to violate plaintiff rights or harm plaintiff in any other way, and defendants was reasonable in believing that his or her actions was permissible.

One way to defeat the defense of "Godd Faith" is to show that

(1) the constitutional or legal rights which defendants violated was clearly established at the time; (2) Defendants knew or should have known of the right (see smoking policy/Cases A,B&D); and (3) Defendants knew or should have known that his or her actions would violate plaintiff rights (see smoking policy/cases (A,B&D). Defendants could not have acted in Good Faith, because of smoking policy defendants have issued to staff and inmates. See: Smoking Policy - (A) 15.3.6 ROC1, (B) 1.1.7.. Also see (D): Donald K. Croweder, et al, V. Sharon Patt Kelly, Nos. Civ. A. 94-702, Civ. A. 94-1603, Civ. A. 94-2269, Civ. A. 942136. Within the U.S. Constitution, the main protection against actions by state officials is found in the Fourteen Amendment: "No state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". Courts have ruled that both clauses protect prisonerSee: Johnson V. Avery, 393 U.S. 483 (1969) Due process; McClelland V. Sigler, 327 F. Supp. 829 (Nebraska 1971), aff'd. 456 F. 1266 (8th Cir. 1972) Equal Protection).

## Defendants Fifth Defense

Plaintiff are most likely to win damages if plaintiff suffered an actual physical injury. The defendants who are responsible should reimburse plaintiff for medical and other expenses, for any wages plaintiff lost, for the value of any part of plaintiff body or physical functioning which cannot be replaced or restored, and for plaintiff "pain and suffering". This is called "Compensatory Damages". If plaintiff have not been physically hurt, a court can still award "nominal damages" for plaintiff mental anguish and for the very fact that plaintiff were deprived of plaintiff rights. See: Marshall V. sawyer, 301 F. 2d. 639, 646 (9th Cir. 1962); Basista V. Weir, 340 F. 2d. 74 (3rd. Cir. 1965). Plaintiff may also recover damages from top officials for acts of subordinates who those officials negligently trained or supervised. See: Carter V. Carlson, 447 F. 2d. 358 (D.C. Cir. 1971) Robert V. Williams, 456 F. 2d. 819, 823 (5th Cir. 1972).

WHEREFORE, plaintiff complaint should be granted without prejudice.

Respectfully Submitted,

*[signature]*
Mr. Shawn Jordan Pro Se

cc: Seth A. Mendelsohn
    Office of Attorney General
    15th Floor, Straqberry Sq.
    Harrisburg, Pa. 17120

Date: