ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,
    Plaintiff

v.                     No. 1:CV-00-1387
                    (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,
    Defendants

Rec'd
FILED
HARRISBURG
DEC 28 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION

By order dated December 11, 2001, the Court directed, inter alia, that defendants file within ten days a brief in opposition to plaintiff's discovery motion "advising the Court whether the issue raised by Jordan has been resolved to the satisfaction of both parties, or the precise nature of the remaining discovery dispute." This brief is being submitted in response to that order.

According to the Court's December 11, 2001 order, Jordan filed a motion to compel discovery with a supporting brief on October 17, 2001. No opposing brief was filed on behalf of the defendants because the defendants did not receive Jordan's motion and supporting brief and so had no notice that a response to the motion was due. See Affidavit of Lois Doudrick, attached as Exhibit 1. To date,

counsel for the defendants has not seen Jordan's discovery motion and supporting brief and has no knowledge of its contents. Defendants are therefore unable to advise the Court of the precise nature of any remaining discovery dispute.

Based upon a review of the files in this case, counsel for the defendants can say that Jordan served requests for admission directed to defendants Rackavan, Meyers, Walls, Wakefield, Bitner and Beard on October 15, 2001. See e.g. Plaintiff's Request for Admission [sic] Under Rule 36, attached as Exhibit 2. Under applicable rules, defendants' responses to those requests were due on November 18, 2001. See Fed.R.Civ.P. 36 and 6(e). However, there is no record that any responses to those requests were ever served. Assuming that the only subject of Jordan's October 17, 2001 discovery motion and supporting brief was his unanswered October 15, 2001 requests for admission, it would appear that there is merit to his motion. Defendants are unable to respond at this time if Jordan's motion includes some issue other than his October 15, 2001 requests for admission.

In any event, it is not necessary for a party who has served requests for admission to move to compel responses if the opposing party has failed to respond within the prescribed time period and the time period has not been amended by the Court. Rule 36(a), in pertinent part, provides: "The matter is admitted unless,

2

within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the requests is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney". Fed.R.Civ.P. 36(a). Under the terms of Rule 36(a), Jordan's requests for admissions were deemed admitted following the expiration of the thirty days after their service without court intervention. The matter would appear to be resolved unless Jordan's discovery motion addresses some issue other than his October 15, 2001 requests for admission.

                                                **Respectfully submitted,**

                                                **D. MICHAEL FISHER**
                                                Attorney General

By: _/s/ Gwendolyn T. Mosley_
        GWENDOLYN T. MOSLEY
        **Senior Deputy Attorney General**

        SUSAN J. FORNEY
        **Chief Deputy Attorney General**
        **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-1180

DATE:. December 28, 2001



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,
     Plaintiff        :
    v.                           :      No. 1:CV-00-1387
                                :      (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,  :
     Defendants    :

### AFFIDAVIT

I, Lois Doudrick, do hereby state that the following is true and correct:

1.     I was Secretary to Seth A. Mendelsohn, former counsel for the Commonwealth defendants in the matter of <u>Jordan Shaw v. David J. Wakefield, et al.</u> No. 1:CV-00-1387, from the date his employment began in the Litigation Section of the Office of Attorney General until the day of his departure from the office on November 30, 2001.

2.     In that capacity, it was until he left the office, one of my responsibilities to receive and record mail addressed to Deputy Attorney General, Seth A. Mendelsohn on my computer mail log.

3.     I have reviewed the computer mail log for Seth A. Mendelsohn and I have no record of receiving a motion to compel or brief from the plaintiff in the matter of <u>Jordan Shaw v. David J. Wakefield, et al.</u> No. 1:CV-00-1387, in October of 2001 or at any other time.

                                                               _____
                                                               Lois Doudrick

Sworn to and subscribed before me
this 28th day of December, 2001.

_____
Notary Public SEAL
VALERIE E.G. CAGGIANO, Notary Public
Harrisburg, Dauphin County
My Commission Expires Jan. 24, 2002



IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN　　　　　　　　　　　　　:
　　　PLAINTIFF,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　V.　　　　　　　　　　　　　　　　　　:　CIVIL NO. 1:00-CV-1387
　　　　　　　　　　　　　　　　　　　　:
ROBERT W. MEYERS,　　　　　　　　　　　:
SUPERINTENDENT, ET AL.　　　　　　　　:
　　　DEFENDENTS　　　　　　　　　　　　:

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendant J.A.Rackavan within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot smoke on a daily bases.
(2) There are staff members who may or maynot use tobacco products/smokeless tobacco products on a daily bases.
(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease) (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01

_Shawn Jordan_
Shawn Jordan
Box-A-BI8942
Bellefonte, Pa. 16823

RECEIVED
Office of Attorney General
OCT 1 6 2001
Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JORDAN, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-1387 |
| | : (Judge Caldwell) |
| DAVID J. WAKEFIELD, et al., | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, **Defendants' Brief in Opposition to Plaintiff's Discovery Motion**, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

_____
GWENDOLYN T. MOSLEY
**Senior Deputy Attorney General**

DATE: December 28, 2001