IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,
      Plaintiff

v.                      No. 1:CV-00-1387
                      (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,
      Defendants

FILED
HARRISBURG, PA
JAN 2 5 2002
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

### DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY MOTION

Plaintiff Shawn Jordan has challenged certain of defendant' responses to his September 10, 2001 document requests. Specifically, Jordan claims that the defendants' responses to his document request numbers 3, 4 and 8 are incomplete or non-responsive. This memorandum is submitted in response to those claims.

Document request number 3 seeks "maintenance records of the window systems on (D and A block)". The defendants' response is as follows: "Plaintiff may inspect work orders to open and close the windows on D and A Blocks from 2000 to 2001". See Defendants' October 15, 2001 Response to Plaintiff's Request for Production of Documents-Under Rule 34, attached as Exhibit 1. The defendants then produced copies of those work orders because they are the only

maintenance records that the prison has concerning the window systems on D and A blocks. This response is neither incomplete nor unresponsive.

Document request number 4 seeks "maintenance records of the ventilation system on (D and A block)". The defendants' response is as follows: "Plaintiff may inspect work order [sic] for recirculation of air on D and A Blocks from 2000 to 2001. See Exhibit 1. The defendants then produced copies of those work orders because they are the only maintenance records that the prison has on the ventilation systems of D and A blocks. This response is neither incomplete nor unresponsive.

Document request number 8 seeks "Rockview [sic] yearly budget [sic] from 1995 to 2001." The defendants' response is as follows: "Plaintiff may inspect copies of SCI-Rockview [sic] yearly budget for maintenance and commissary purchases from 2000 to 2001." See Exhibit 1. It appears that this response is incomplete. The General Assembly does not appropriate funds in line items to each of the state correctional institutions, therefore, there is no document which gives the amount of funds that the General Assembly intends to be given to SCI-Rockview during any given year. However, counsel believes that there may be a document which gives the total amount of funding that the prison requested through the Department of Corrections for each of the years 1995 to 2001 which

-2-

may roughly correspond to the amount that the Department has made available to the prison for each of those years. Defendants will produce the totals for the years 1995 to 2001 from those documents.

                                        Respectfully submitted,

                                        **D. MICHAEL FISHER**
                                        Attorney General

By: _____
            **GWENDOLYN T. MOSLEY**
            Senior Deputy Attorney General

            **SUSAN J. FORNEY**
            Chief Deputy Attorney General
            Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-1180


**DATE:**     January 25, 2002

-3-



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                :
                             :
    Plaintiff                :
                             :
v.                           :    No. 1:CV-00-1387
                             :    (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,  :
                             :
    Defendants               :

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS - UNDER RULE 34

Defendants hereby respond to plaintiff's request for production of documents. Plaintiff may photocopy of the produced document at his own expense at the normal institution rate. Plaintiff may inspect and photocopy the documents upon written request to Jeffrey Rackovan, Assistant to the Superintendent.

1.   A complete copy of all medical records of plaintiff.

**Response:** Plaintiff may inspect a copy of his medical records.

2.   Smoking policy - 16.3.6. and 1.1.7, any other policy.

**Response:** Plaintiff may inspect Policy Statement No. 1.1.7, Smoking in the Department of Corrections and Policy Statement No. 15.3.6, Smoking in Department of Corrections Buildings and Facilities.

3. Maintenance records of the window systems on (D and A Block).

**Response:** Plaintiff may inspect work orders to open and close the windows on D and A Blocks from 2000 to 2001.

4. Maintenance records of the ventilation systems on (D and A Block).

**Response:** Plaintiff may inspect work order for recirculation of air on D and A Blocks from 2000 to 2001.

5. A complete copy of Commissary inventory records of all tobacco/any related tobacco products, from 1995 to 2001.

**Response:** **OBJECTION** to producing commissary records of other inmates. Without waiting this objection, plaintiff may inspect his commissary records from 200 to 2001

6. A complete copy of records of all tobacco/related tobacco products, from 1995 to 2001 that has been sold to inmates at S.C. I. Rockview.

**Response:** **OBJECTION** to producing commissary records of other inmates. Without waiting this objection, plaintiff may inspect his commissary records from 2000 to 2001.

7. Pact. System Package.

**Response:** **OBJECTION.** This request is vague. Defendants are uncertain what plaintiff is requesting.

2

8. Rockview yearly bugget (sic) from 1995 to 2001.

**Response:** Plaintiff may inspect copies of SCI-Rockview yearly budget for maintenance and commissary purchases from 2000 to 2001.

9. Official inmate grievance #ROC-0518-01, ROC-0248-00, and related responds.

**Response:** Plaintiff may inspect inmate Grievances Nos. ROC-0518-01 and ROC-0248-00.

Responses and objections to plaintiff's request for production of documents submitted by:

                                **Respectfully submitted,**

                                **D. MICHAEL FISHER**
                                Attorney General

By: _Seth A. Mendelsohn_
       SETH A. MENDELSOHN
       Deputy Attorney General

       SUSAN J. FORNEY
       Chief Deputy Attorney General
       Chief Litigation Section

**Office of Attorney General**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA 17120**
**Direct Dial: (717) 787-1194**
**Fax: (717) 772-4526**
**DATE: October 15, 2001**

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JORDAN, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-1387 |
| | : (Judge Caldwell) |
| DAVID J. WAKEFIELD, et al., | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Responses to Plaintiff's Request for Production of Documents under Rule 34, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

*Seth A. Mendelsohn*
SETH A. MENDELSOHN
DEPUTY ATTORNEY GENERAL

DATE: October 15, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN, :
:
Plaintiff :
:
v. : No. 1:CV-00-1387
: (Judge Caldwell)
DAVID J. WAKEFIELD, et al., :
:
Defendants :

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, **Defendants' Response to Plaintiff's Discovery Motions** by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

for: _____
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**

DATE: **January 25, 2002**