

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                    :
                                :
            Plaintiff           :
                                :
        v.                      :    CIVIL NO. 1:00-CV-1387
                                :
ROBERT W. MEYERS,               :    (Judge Caldwell)
Superintendent, et al.,         :
                                :
            Defendants          :

M E M O R A N D U M

I.  Background.

    Presently before the court is plaintiff Jordan's motion to
compel discovery.  Jordan contends that defendants failed to
properly respond to his September 10, 2001 Request for Production
of Documents.  Specifically, Jordan takes issue with defendants'
responses to requests 3, 4 and 8, alleging they are incomplete or
nonresponsive.  In response, defendants have addressed each
response in question and have submitted a copy of the response they
made to Jordan's request for discovery.  Jordan has not filed a
reply brief.

    For the reasons that follow we will deny Jordan's motion to
compel.


II.  Discussion.

    Initially it must be noted that defendants have not raised
objections to Jordan's request for production of documents numbers
3, 4, and 8.  Secondly, in each instance, defendants did identify

specific documents responding to Jordan's request, and offered them to Jordan for inspection and copying in compliance with Fed. R. Civ. P. 34. Therefore, in order to resolve this discovery dispute we must examine each request and the response to the request.

A.    Request for Production of Document #3

This request seeks "[m]aintenance records of th window systems on (D and A Block)." Defendants responded that Jordan "may inspect copies of work orders to open and close the windows on D and A Blocks from 2000 to 2001." (Doc. 28). Jordan suggests this response is inadequate as defendants produced for his viewing "only two reports for the year 2000." (Plaintiff's Response to Defendants' Brief in Opposition to Plaintiff's Discovery Motion, Doc. 33). However, defendants state that the copies produced "are the only maintenance records that the prison has concerning the window systems on D and A blocks." (Defendants' Response to Plaintiff's Discovery Motion, Doc. 38, p. 2). At this point, we must take defense counsel at their word. To the extent that they have only produced limited documents, Jordan is free to use this alleged lack of maintenance records in support of his claims. If, however, there are other relevant maintenance records discovered that have not been produced, defendants will be subject to sanctions.

B.    Request for Production of Documents #4.

This request seeks "[m]aintenance records of the ventilation systems on (D and A Block)." (Doc. 28). Defendants responded to this request by offering for Jordan's inspection and copying, "work

order for recirculation of air on D and A Blocks from 2000 to 2001." (Doc. 38, Exhibit 1) Again, Jordan challenges the completeness of the response noting that defendants "only gave 'one work report each', for the year 2000 on the window and ventilation systems." (Doc. 33). Defendants contend they produced all relevant documents, and that there are no other responding maintenance records available. If there are no other documents responding to this request, they certainly cannot be produced. Again, Jordan may use this perceived lack of documentation in his efforts to advance his theory of the case, and defendants will be penalized for any concealment of relevant discovery.

    C.   <u>Request for Production of Documents #8</u>.

Request for production of document number 8 seeks "Rockview yearly budget (sic) from 1995 to 2001." (Doc. 28). Defendants initially responded to this request by making copies of "SCI-Rockview's yearly budget for maintenance and commissary purchases from 2000 to 2001" available to Jordan. (<u>Id</u>.) In responding to Jordan's motion to compel, defendants reviewed their response to this request, found it incomplete and have supplemented it. Defendants have identified alternative documents that may contain the requested information, albeit not in the General Assembly's institutional budget. Defendants also state they will produce the requested totals sought by Jordan for the years 1995 to 2001. Since Jordan's time to file a reply brief has long passed, and he has not advised the Court of defendants' failure to produce this information, we will deem this issue resolved.

Accordingly, because defendants have provided Jordan with adequate and complete responses to his request for production of documents 3 and 4, and additional information relative to request number 8, Jordan's motion to compel discovery (Doc. 28) will be denied.

We will issue an appropriate order.

WILLIAM W. CALDWELL
United States District Judge

Date: March 12 , 2002