IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN
    PLAINTIFF,

V.    CIVIL NO. 1:00-CV-1387

ROBERT W. MEYERS,
SUPERINTENDENT, ET AL.
    DEFENDENTS

### Brief in Support of Plaintiff's Motion for Partail Summary Judgment

#### Statement of Case

This is a Civil Action for Physical and Mental Pain and Suffering, Due Process of Law, brought by an inmate of a Pennsylvania Department of Corrections, under the Civil Right Act of 42 U.S.C. §1983.

Plaintiff Shawn Jordan is incarcerated at S.C.I Rockview, Defendants are various officials and employees at S.C.I. Rockview, including the former secretary of the Pennsylvania (D.O.C) Department of Corrections, Martion F. Horn.

Plaintiff allege that he being exposted to secondhand smoke; and or high levels of "E.T.S" Environmental Tobacco Smoke, and many other hazards elements by defendants. By defendants ignoring plaintiff pleas, requests, and grievances, not to be housed were inmates smokes and or to remove plaintiff from housing unit, were plaintiff health and or asthma would be effected by the secondhand smoke and other elements in the air.

Plaintiff allege that defendants have smoking polices in place and/or had that tells them of the hazards of Cigarette Smoke and provides that non-smoking inmates are not to be housed or subjected to smoke without the consent of the non-smoker.

## Statement of Issues

(1) High Levels of "E.T.S." (Environmental Tobacco Smoke), which is submitted by the Smoking on the Housing Units (D and A) by the inmates and staff members.

(2) Inadequate Ventilation/Exhaust Systems, in areas where smoking is permitted in housing units (A and D).

(3) Inoperable Window Systems in housing units (A and D) where smoking is permitted by inmates and staff members.

(4) Denied, and Disregarding plaintiff request, to be housed on a non-smoking housing unit.

## Statement of Facts

There is a genuine issue of material facts, plaintiff respectfully refer the court to the statement of undisputed facts, were plaintiff will cite pertinent facts from the statement in the argument section of this brief.

## Argument

Plaintiff is entitled to Summary Judgment because there is evidence that plaintiff was exposed to unreasonable high levels of "E.T.S." (Environmental Tobacco Smoke) and/or has suffered definable injury therefrom, and in any event, were defendants deliberate indifference to plaintiff housing situation, and health.

The applicable (8th) eighth amendment principles, as demonstrated below, as cited in Beeson V. Johnson, 688 F. Supp. 498 (E.D.N.C. 1987); A pro-se complaint must be liberally construed - it is well established that there may be a violation of a prisoner's eighth amendment rights were, in view of the totality of the circumstances at a prison, there is an unreasonable threat to the prisoner's mental or physical health - A motion for Summary Judgment should be granted.

It is particularly important to observe that the law does change, not only because of different interpretation by appellate courts, but also because of advancement of knowledge which cast new light on known legal standards. The eighth amendment "must draw its meaning from the evolving standards of decency that mark the progress of maturing society".

For example, a particular food additive which had been marketed for years under the sincere belief that it was harmless, and it was discovered to be poisonous, no one would doubt that one who sold the product to the consuming public, knowing it to be poisonous, would be liable both civil and criminally for injuries caused by the consumption of the product. Wereas before the discovery of toxicity, the sales of the product was legal, after discovery, the sales would be illegal. In that case, the law did not change, but only scientific knowledge did.

We live in a time in which knowledge about the hazards of tobacco smoke is developing at a rapid rate, some facts in the area are known to everyone. When Tobacco is smoked, (2) two kinds of smoke is emitted : Mainstream smoke, which is drawn through the cigarette or cigar, and sidestream smoke, which is emitted from the burning end directly into the air.

Both Mainstream and sidestream smoke contain hundreds of chemicals and hazardous compounds, including Tar, Nicotine, Carbon Monoxide, Cadmium, Nitrogen Dioxide, Ammonia, Benzene, Formaldehyde, and Hydroogen Sulphide.

When a smoker inhales, the temperature of the fire on the cigarette is much higher because oxygen is drawn in. The higher temperature causes more complete combustion so that fewer dangerous chemicals are fund in mainstream smoke then in sidestream smoke. Put another way, because of the lower temperature of combustion producing it, sidestream smoke to which non-smokers are primarily exposed - contains for more dangerous chemicals then mainstream smoke.

First, the plaintiff just like the inmate in Beeson V. Johnson, I.D. has established by his own testimony and can established by his medical records that he suffers from a medical condition (asthma), which is aggravated by inhalation of tobacco smoke.

Second, plaintiff can and/or has shown the defendants were deliberately indifferent to his housing situation, were: (1) defendants had in place D.O.C. Policy 15.3.6., "Smoking in department of corrections buildings and facilities" (5/20/94), "S.C.I. Rockview smoking policy" (9/22/94) and management directive 205.19", Smoking in commonwealth buildings/facilities (7/1/97), advising defandants of the dangers and significant risk to the health of the smoker and non-smoker, of the health risk involved in celling non-smoking inmates with inmates who smoke, without the non-smoker consent, where defendants recklessly disregarded their own polices and (2) where plaintiff was more then once, without his permission, housed him with inmates who were heavy smokers, where plaintiff each time talked to, sent "request to staff", and filed grievance to prison officials, telling them that he was a non-smoker and had a medical condition (asthma) that was irritated by cigarette smoke, and that defendants recklessly disregarded plaintiffs complaint. Were pro-se plaintiff can produce at trial "D.O.C" policy statement and/or articles from D.C.O., that show such smoke is hazardous to the health of anyone, much less persons who have some heightened danger from it.

In Helling V. Mckinney, 112 s. ct. 291 (1991), inmates was assigned to a cell with another inmate who smoke heavily, and it was held: that it would not be improper for the courts to add a claim against defendants based on possible future effects of E.T.S. and request this court do so.

In Mckinney V. Anderson, 959 F. 2d. 853 (9th cir. 1992), it was held: to be cruel and unusual punishment to house a prisoner in an environment that exposes him to levels of E.S.T that pose an unreasonable risk of harming his health constitutes the objective component of this instant action.

In crowder V. Kelly, Nos. Civ. A. 94-702, Civ. A. 94-1603, Civ. A. 94-2269, Civ. A. 94-2136, U.S. District Court, District of Colombia , has held: (1) that even short-term exposure to enviromental Tobacco smoke (E.T.S) causes non-smoking prisoner "Irreparable Injury", including "Elevated risk of Lung Cancer and heart disease"; (2) A prison's refusal to protect the prisoner's like the plaintiff is "reckless Indifference for the health of that inmate"; (3) That forcing a prisoner to beathe "E.T.S" from his cellmates smoking may constitute "cruel and unusual punishment", (4) that a prisoner need not show that the smoke has created or is creating a current health problem, but rather can rely upon evidence based upon "possible future effects" of the smoke; and (5) that in determining weather the plaintiff can show that he has been exposed to an unreasonable level of "E.T.S", the courts must "assess weather society considers the risk that the prisoner complains of to be so grave, that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.

### Ponit-2

Several Courts have held that inadequate ventilation violates the eight amendment or contributes to an unconstitutional combination of conditions.

Defendants have admitted that the ventilation systems on housing unit (D and A) is inadequate and do not have or use a filtration system. The currect systems is inadequate to filter out any kind of hazards element from the air in these housing units, which is a health hazard to those who are housed on the units.

Defendants have also admitted, that the current ventilation systems have not be cleaned out in over (11) years, the (D.O.C) also don't have any regulations which prescribe when filters must be changed or when filtration systems must be installed. S.C.I. Rockview maintenace dept., has inadequate maintenace records, of the windows/ ventilation systems on (D and A) housing units. show or contributes to unconstitutional conditions.

See: Williams V. White, 897 F. 2d. 942, 944-45 (8th Cir. 1990); Gillespie V. Crawford, 833 F. 2d. 47, 50 (5th Cir. 1987)-858 F. 2d. 1101 (5th Cir. 1988) ; French V. Owens, 777 F. 2d. 1250, 1252-53 (7th Cir. 1985)-479 U.S. 817 (186); Hoptowit V. Spellman, 753 F. 2d. 779, 784 (9th Cir. 1985); Tillery V. Owens, 719 F. Supp. 1256, 1271 (W.D. Pa. 1989) Aff'd, 907 F. 2d. 418 (3rd Cir. 1990). Madison County Jail Inmates V. Thompson, 773 F. 2d. 834, 839 (7th Cir. 1985); Carver V. Knox County, Tenn., 753 F. Supp. 1370, 1393 (E.D. Tenn. 1989), remanded for reconsideration, 887 F. 2d 1287 (6th Cir. 1989), adhered to on remand, 753 F. Supp. 1398 (E.D. Tenn. 1990).

### Piont 3

Even if prison officils don't know about the risk to a particular prisoner, they can be held liable for policies or conditions that are dangerous to all prisoners or to an identifiable group of prisoner. In such cases, lower courts have held that deliberate indifference may be shown by "a series of incidents closely related in time" or by systematic deficiencies in staffing, facilities or procedures (that) make suffering inevitable. See: Farmer V. Brennan, U.S. 114 S. ct. 1970, 1982, (1994); LaMarca V. Turner, 995 F. 2d. 1526, 1535 (11th Cir. 1993)-114 S. Ct. 1189 (1994); Fisher V. Koehler, 692 F. Supp. 1519, 1561 (S.D.N.Y. 1988)-902 F. 2d. 2 (2d. Cir. 1990); Villant V. Dept. of Corrections of city of New York, 786 F. 2d. 516, 519 (2d Cir. 1986); Gilland V. Owens, 718 F. Supp. 665, 687 (W.D. Tenn. 1989).

### Point 4

Plaintiff wrote request slips, to staff members, filed grievances on the window systems, and the ventilation system, making prison officils aware of the living conditions that prisoners/plaintiff are under, and yet none of the prison officils did anything to correct the issues raised by plaintiff and/or prisoners. Allowing the inmates to remain in that same living conditions for years. Giving notice to any prison staff, did not help at all. See: Conley V. Gibson, 355 U.S. 41, 47, (1957); Mitchell V. Untreiner, 421 F. Supp 886, 898 (N.D. Fla 1976); Occoquan V. Barry, 717 F. Supp. 854, 866-67, (D.D.C. 1989).

Point 5

Prison Personal may be held liable for their failure to act if it causes a contitution violation. Official or Employees who know, or reasonalbly should known, of a constitutional violation may be held liable if they fail to do anything about it.

Prison personnel, and the (D.C.C) Department of Corrections was aware of the living conditions, and of plaintiff health condition (Asthma) and yet fail to move plaintiff to a non-smoking housing unit. Prisonnel, and the (D.C.O.) Department of Corrections knew of the ventilation, window systems and knew what kind of conditions they were in and yet fail to do anything about the conditions plaintiff and other inmates were living under. See: Greason V. Kemp, 891 F. 2d. 829, 839-40 (11th Cir. 1990); Bolin V. Black, 875 F. 2d. 1343, 1347-48, (8th Cir. 1989); William V. Smith, 781 F. 2d. 319, 323-24 (2d Cir. 1986); Smith V. Rowe, 761 F. 2d. 360, 369, (7th Cir. 1985).

Point-6

Defendants are liable under "State Created Danger" Theory see: Mark V. Borough of Hatboro, 51 F. 3d. 1137, 1153 (3d Cir. 1995), Cer. denied, --U.S.--, 116 S.ct. 165, 133 L. Ed.2d 107 (1195). In reaching this conclusion - Plaintiff must show that (1) The harm ultimately caused was fore-seeable and fairly dircet; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the "state and plaintiff"; (4) the state actors used their authority to create an opportunity that otherwise would not existed.

FACTS: (1) Defendants has or had smoking polices in place, that told or tells of the dangerous hazard of "Environment Tobacco Smoke" (E.T.S) and how it can be hazardous to non-smkoers.

FACT: (2) When plaintiff made/or gave notice of his medical conditions, defendants still refused to move plaintiff to a non-smoking housing unit; (2) when plaintiff filed a "Inmate Grievence" to the (D.O.C) Department of Corrections - Inmates Grievence Review Committee, defendants still refused to take any further actions on the issues plaintiff seeks relief.

FACT: (3) Plaintiff is a Inmate at (S.C.I. Rockview) and/or in the Care of the Department of Corrections. Therefore, exist some relationship between the State and Plaintiff.

Point 6 Cont.

FACTS: (4) If the (D.O.C) Department of Corrections would have fixed and/or corrected the problems of plaintiff living conditions. The relief plaintiff seeks is due to the failure to act, or the lack of actions by the defendants, which cause the opportunity to creat dangerous conditions. (Some of the problems are: Poor Ventilation/exhaust, Broken Windows, smoking on the housing units, which effects plaintiff asthma).

In Doe V. Methacton Sch. Dist., 880 F. Supp. 380, 386 (E.D.Pa. 1995), Aff'd, 124 F. 3d 185 (3d Cir. 1997), which held that the State-Created Danger Theory would only affix liability if the victim of the resulting harm is "Known and Identified", and Mark V. Borough of Hatboro, 51 F. 3d 1137, 1153 (3d Cir. 1995), cert. dinied, -U.S.- 116 S.ct. 165, 133 L. Ed. 2d 107 (1995), where courts held that "cases where the State-Created Danger Theory" was applied were based on discrete, grossly reckless acts committed by the state or state actors...leaving a discrete plaintiff Vulnerable of foreseeable injury".

Several Courts of appeals have allowed claims under section 1983, on the "State-Created Danger" theory, See: Dwares V. City of New York, 985 F. 2d. 94, 99 (2d. Cir. 1993); Reed V. Gardner, 986 F. 2d. 1122, 1125 (7th Cir. 1993), cert. denied, 510 U.S. 947, 114 S.ct. 389, 126 L.Ed. 2d. 337 (1993); Freeman V. Ferguson, 911 F. 2d. 52, 55 (8th Cir. 1990); Cornelius V. Town of Highlanf Lake, 880 f. 2d 348 (11th Cir. 1989), Cert. denied, 494 U.S. 1066, 110 S.ct. 1784, 108 L.Ed. 2d 785 (1990); Wood V. Ostrander, 879 F. 2d 583 (9th Cir. 1989), Cert. denied, 498 U.S. 938, 111 S.Ct. 341, 112 L. Ed. 2d 305 (1990).

<u>POINT-7</u>

Plaintiff arrived at S.C.I Rockview in 1991, which defendants have admitted to. Defendants have also admitted that, plaintiff was diagnose with a respiratory disease (asthma) in 1994. Defendants have admitted, that before 1994 plaintiff medical records do not show or state any claims of plaintiff being and/or having a respiratory disease (asthma). When ask have plaintiff asthma has gotten and/or became worse, defendants responed "No and/or Denied". (See: exhibit F, Section A, No. D)

Plaintiff health has gotten worse, since 1991 to 1994 which now plaintiff is taking or on two types of inhalers "a regular inhaler and a steroid inhaler" to control his asthma. Three years before plaintiff was diagnose with asthma, plaintiff was not taking any

kind of medication for a respiratory disease, so plaintiff health has deteriorated over three years and beyond, when he arrived at the S.C.I. Rockview. Defendants would like this court to believe, that plaintiff health condition is not due to their negligence, when in-fact it is due to the living conditions plaintiff was under.

6/0/02

Shawn Jordan
Box-A-BI8942
Bellefonte, PA. 16823



SUMMARY OF DOCUMENTS/INDEX OF EXHIBITS

SECTION-A:

(1) COMPLAINT
(2) ADMISSIONS/DEFENDANTS RESPONSE
(3) COURT ORDER/MEMORANDUM

SECTION-B:

(1) REQUEST FOR PRODUCTION OF DOCUMENTS
(2) INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS/DEFNDANTS RESPONSE.

SECTION-C:

(1) INATE REQUESTSLIP, LETTER TO STAFF
(2) INMATE GRIEVANCE
(3) INMATE APPEAL TO GRIEVANCES

SECTION-D:

(1) INMATES REQUEST-SLIPS
(2) S.C.I.-ROCKVIEW CONTRACT OF NON-SMOKING UNIT
(3) S.C.I. ROCKVIEW SMOKING POLICIES

SECTION-E:
(1) AFFIDAVITS BY INMATES

SECTION-F:

(1) EMERGENCY EVACVATION ROUTES DIAGRAM
(2) WORK ORDERS FOR WINDOWS/VENTILATION SYSTEMS

SECTION-G:

(1) ADMISSIONS/DEFENDANTS RESPONSE
(2) ANSWER TO PLAINTIFF COMPLAINT
(3) PLAINTIFF RESPONDS TO DEFENDANTS "ANSWER" TO COMPLAINT.