JUDGE'S COPY

FILED
HARRISBURG, PA

JUN 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# Part 1

## of
# Part 2

Civil # 1:00-CV-1387

# Summary Judgment

# Section

---

# A

Civil Action
1:CV-00-1387

## INDEX OF EXHIBITS

SECTION A:

TT,QQ,NN-1,A,C,D,E,

F,G,H,J,K,GX,,I,T,R,

W,L,S&S2,A1-2,F&F2,M&M2,

SECTION B:

CO,LL&LL2,

SECTION C:

SS,PP,PP2,PP3,PP4,PP5,

PP6,PP7 ZB,AA-1,

SECTION D:

CC-1,Z,

SECTION E:

YY,

SECTION F:

RR,ZZ,

SECTION G:

DDD,A1, B1,

CIVIL ACTION:  1:CV-00-1387

Exhibit - TT

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :

    PLAINTIFF,                        :              Affidavit

                                  :

       V.                            :         CIVIL NO. 1:00-CV-1387

                                  :

ROBERT W. MEYERS,                     :

SUPERINTENDENT, ET AL.                :

      DEFENDENTS                       :

---

I, Shawn Jordan - Plaintiff, hereby declare:

    On May 8th, 2002 at 7:00 am, Ms. Margie Miller - Health Care Administration called plaintiff to review his Medical Records. As of May 8th, 2002 plaintiff has submitted admissions on the facts, he reclled reading from his Medical Records.


**I declare under penalty of perjury that the above statement is true and correct.**


City: Bellefonte, Pa. Date: 5/29/02

_Mr. Shawn Jordan_

Mr.Shawn Jordan - Plaintiff

Exhibit - QQ

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                       :

    PLAINTIFF,                    :

                    :

    V.                            :    CIVIL NO. 1:00-CV-1387

                    :

ROBERT W. MEYERS,                  :

SUPERINTENDENT, ET AL.             :

    DEFENDENTS                    :

### Plaintiff Reply to Defendants Brief

As of May 8, 2002 at 7:00 am, Ms. Margie Miller - Health Care Administration called plaintiff to review his Medical Records. Plaintiff has requested copies of certain documents, she informed plaintiff that she will have them copied by Monday. As of this date plaintiff has submitted admissions on facts, he recalled reading from his medical records.

As of May 8, 2002, plaintiff have also withdraw his Motion "Failure to Comply with Court Order", dated: May 6, 2002. Plaintiff will give notice or submitt a motion if matters changes.

Date: May 8, 2002

Shawn Jordan - Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                            :
     PLAINTIFF,                        :
                            :
      V.                             :        CIVIL NO. 1:00-CV-1387
                            :
ROBERT W. MEYERS,                       :
SUPERINTENDENT, ET AL.                  :
       DEFENDENTS                     :

### CERTIFICATE OF SERVICE

    I, Shawn Jordan, Plaintiff, hereby certify that on this date I caused to be served the foregoing, Reply Brief by depositing a copy of the same in the United States Mail, postage prepaid, in Bellefonte, Pa., addressed to the following:

United States District Court
Middle District of Pennsylvania
228 Walnut St.
Harrisburgh, Pa. 17108

Date: May 8, 2002

Box A - BI8942
Bellefonte, Pa. 16823
Plaintiff

Exhibit - NN-1

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BI-8942<br>(Inmate Number) | : | |
| | : | AMENDED COMPLAINT |
| SHAWN JORDAN<br>(Name of Plaintiff) | : | 1:CV-00-1387 |
| | : | (Case Number) |
| Box A, Bellefonte, PA 16823-0820<br>(Address of Plaintiff) | : | |
| | : | |
| vs. | : | |
| | : | |
| David J. Wakefield, Terry L. Whitman, | : | |
| Harvey E. Yancy, Larry L. Lidgett, | : | |
| Denniel J. Walls, Jeffrey A. Rackavan, | : | |
| Robert S. Bitner, Martin F. Horn, and | : | |
| Jeffery A. Beard, Robert W. Meyers | : | |
| (Names of Defendants) | : | |

### TO BE FILED UNDER: 42 U.S.C. §1983 - STATE OFFICIALS

I.  Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while
   a prisoner please list the caption and case number including
   year, as well as the name of the judicial officer to whom it
   was assigned: <u>NONE</u>.

II  Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
   <u>Yes</u>.

   B. Have you filed a grievance concerning the facts relating
   to this complaint? <u>Yes</u>.

   C. Is the grievance process completed? <u>Yes</u>.

## III. Defendants

(In Item A below, place the full name of the defendant in the
first blank, his/her official position in the second blank,
and his/her place of employment in the third blank. Use Item
B for the names, positions and places of employment of any
additional defedndats.)

A. Defendant Robert W. Meyers is employed as the Superintendent
at S.C.I. Rockview, he is sued in his individual and official
capacity.

B. Defendant David J. Wakefield is employed as the Deputy
Superintendent/Facilities Management at S.C.I. Rockview, he is sued
in his individual and official capacity.

C. Defendant Terry L. Whitman is employed as the Deputy
Superintendent/Centralized Services at S.C.I. Rockview, he is sued
in his individual and official capacity.

D. Defendant Harvey E. Yancey is employed as a Major of the
Guards at S.C.I. Rockview, he is sued in his individual and official
capacity.

E. Defendant Larry L. Lidgeet is employed as the Health Care
Administrator at S.C.I. Rockview, he is sued in his individual and
official capacity.

F. Defendant Denniel J. Walls is employed as the Unit Manager
of D-Block at S.C.I. Rockview, he is sued in his individual and
official capacity.

G. Defendant Jeffrey A. Rackavan is employed as the Grievance
Coordinator at S.C.I. Rockview, he is sued in his individual and
official capacity.

H. Defendant Robert S. Bitner is employed as the Chief Hearing
Examiner at S.C.I. Rockview, he is sued in his individual and official
capacity.

I. Defendant Martin F. Horn is employed as the Commissioner
at the Pennsylvania Department of Corrections at S.C.I. Rockview,
he is sued in his individual and official capacity.

J. Defendant Jeffery A Beard Ph.D is employed as the Acting
Secretary at the Pennsylvania Department of Corrections at S.C.I.
Rockview, he is sued in his individual and official capacity.

K. All the defendants have acted, and continue to act, under
color of state law at all times relevant to this complaint.

## IV.   Statement of Claim

(State here as briefly as possible the facts of your case.
Describe how each defendant is involved, including dates and
places. Do not give any legal arguments or cite any cases or
statutes.  Attach extra sheets if necessary.)

1. The Department of Corrections issued a policy on 5/20/94,
effective 8/22/94, with regard to smoking in prison buildings,
including the housing areas, that allows smoking in prison facilities.

2. State and Federal Law currently forbids smoking in all state
and Federal Buildings because of secondhand smoke and high levels
of "E.T.S."

3. Plaintiff is an inmate incarcerated at S.C.I. Rockview on
D-Block, plaintiff does not smoke and never has, as a result of the
Department's policy, he is being exposed to high levels of
environmental tobacco smoke, "E.T.S."

4. Plaintiff has developed asthma from the secondhand smoke
he has been forced to breath and now uses an inhaler.

5. D-Block where Plaintiff is housed has poor ventilation which
adds to the high levels of "E.T.S." and an excessive and unreasonable
risk to plaintiff's health and safety.

6. Since plaintiff has been incarcerated in the D.O.C. of
Pennsylvania defendants ~~have assigned him to cellmates who smoke,~~
have placed him in housing areas where smoking is permitted and are
selling tobacco products at the prison.

7. On 5/20/94, D.O.C. issued a Policy statment, Subject: Smoking
in Buildings as well as Housing Facilities, effective: 8/22/94, which
allows smoking in prison facilities

8. On 7/22/00, I wrote a Request Slip to Mr. Wakefield, telling
him that I have Asthma and second hand smoke affects my Asthma, could
I be moved to a non-smoking Block and Mr. Wakefield responded on
7/24/00, stating that I could be moved to another housing unit -
to see Mr. Walls - Unit Manager, But no other action was taken.
See Exhibit "A".

9. On 7/22/00, I wrote a Request Slip to Mr. Whitman, telling
him that I have Asthma, and secondhand smoke affects Asthma, could
I be moved to a non-smoking Block, Mr. Whitman responded on 7/30/00,
stating its not necessity to be house on a non-smoker Block, but
no other action was taken.  See Exhibit "B".

10. On 7/22/00 I wrote a Request Slip to Mr. Meyers telling
him that I have Asthma and secondhand smoke affects my Asthma, Could
I be moved to a non-smoking Block, Mr. Meyers responded on 7/25/00
to see my unit manager, but no other actions was taken.  See Exhibit
"C".

11. On 7/22/00 I wrote a Request Slip to Mr. Yancey teling him that I have Asthma and secondhand smoke affects my Asthma, could I be moved to a non-smoking Block, he never responded and no other action was taken. See Exhibit "D".

12. On 7/22/00 I wrote a Request Slip to Mr. Walls the Unit Manager, telling him that I have Astma and secondhand smoke affects my asthma, could I be moved to a non-smoking Block, but Mr. walls never responded and no other action was takent. See Exhibit "E".

13. On 7/22/00, plaintiff filed an "Official Inmate Grievance," #ROC-0347-00, stating that I have asthma and secondhand affects my asthma, which was accepted by Mr. Rackovan, and Mr. Rackovan submitted this Grievance for a response from Mr. Lidgett - Due on 8/24. See Exhibit "F".

14. On or about 7/26/00 plaintiff spoke to Mr. Walls about the "Request Slip" and plaintiff being moved to a non-smoking Block, Mr. Walls told plaintiff that he didn't see any reason for plaintiff to be moved to a non-smoking Block.

15. On 8/28/00, Mr. Rackavan responded with an "Official Inmate Grievance Initial Review Response" stating that "A review of your medical record does not indicate a <u>necessity</u> for you to be housed in a non-smoking unit or with a non-smoking cellmate. The record indicates you use an inhaler intermittently. It is also documented you were a smoker in the recent past which certainly contributed to you asthmatic condition.
    If you wish to be housed with a non-smoker or in a non-smoking unit, these are matters you must refer to you unit manager who will explain the procedures necessary for you to follow," no other action was taken. See Exhibit "G".

16. Mr. Rackavan responded on the "Official Inmate Grievance Initial Review Response" was perpared with the help and/or response from Mr. Lidgett who read and falsely interpreted plaintiff's medical record, where plaintiff asserts and the medical records should show that plaintiff did not have Asthma until after a time of incarceration at S.C.I. Rockview, that plaintiff uses his inhaler when needed to like anyone with Asthma, and that plaintiff never was a smoker.

17. On 7/28/00 plaintiff submitted a Appeal to the "Official Inmate Grievance Initial Review Response." See Exhibit "H".

18. On 8/30/00, Mr. Meyers responded to plaintiff's "Appeal to Grievance" that the initial review response is sustained. See Exhibit "I".

19. On about 8/30/00, plaintiff filed a "Appeal to Final Review" to the Department of Corrections, Office of the Chief Hearing Examiner. See Exhibit "J".

20. On 9/14/00, Mr. Robert S. Bitner responded that "Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied." See Exhibit "K".

21. Defendants Martin F. Horn made or failed make Policy to stop smoking in prison buildings, including the housing areas, that allows smoking in prison facilities.

22. Defendants Mr. Horn and Mr. Beard directed, or knew of and acquiesced in the fact that ~~inmates who didn't smoke, and inmates~~ who didn't smoke and have respiratory illnesses are being subjected to second hand smoke with high levels of "E.T.S."

23. 1/29/01, Plaintiff is still housed on D-Block living under the same aforesaid conditions.

V.   Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff is entitled to relief, the actions and/or inactions of defendants Wakefield, Whitman, Yancey, Larry L. Lidgett, Walls, Rackavan, Bitner, Horn, and Beard constitutes cruel and unusual punishment with deliberate indifference by way of reckless disregard to an excessive/unreasonable risk to plaintiff's health and safety to environmental hazards and plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

WHEREFORE, plaintiff seeks declaratory judgment, an Order to be moved to a non-smoking Block, an Order to stop smoking in all buildings, an Order stop the sell of smoking products, an award of monetary damages in excess $1,000,000 for physical and mental pain and suffering, monetary coverage for future medical needs, and any other damages this Court may see as being appropriate, including an injuction to move plaintiff to a non-smoking block until the end of this action.

2/4/01
_____
(Date)

_____
(Signature of Plaintiff)


I declare under penalty of perjury that the foregoing is true and correct.

2/4/01
_____
(Date)

_____
(Signature of Plaintiff)

Deputy Superintendent
for Facility Management

JUL 2 4 2000

1

DC-135A

State Corr. Inst. at Rockview

**INMATE'S REQUEST TO STAFF MEMBER**

Exhibit #A

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Deputy Superintendant David J. Wakefield | 2. DATE 7/22/00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shiawn Jordan - BI 8942 | 4. COUNSELOR'S NAME Matsick. |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Wakefield,

Rockview has sold tobacco products to the inmate for over 12 years now, with in that time Rockview has exposed inmates to Levels of environmental tobacco smoke, that pose an unreasonable risk of serious damage to the inmates futur healths states. As you know I have a respiratory disease" (Asthmas). I would like to know when will Rockview stop selling tobacco products to the inmates. The second hand Affects my Asthmas, I would Like to be moved to a smoke nonesmoker block.

Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Jordan,

We have non-smoking housing Units to accommodate many of our non-smokers. If you have a documented health concern, I suggest you discuss such with your unit team. If you are appropriately classified, you may be able to move to either EA or CB.

CC: Mr. Wald
File

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE 7/24/00 |
|---|---|

*Exhibit # 1C*

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

RECEIVED
JUL 24 2000
at Rockview
Superintendent's Office

**INSTRUCTIONS**

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) Superintendent: Robert W. Meyers | 2. DATE 7-22-00 |
| --- | --- |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan BI 8942 | 4. COUNSELOR'S NAME Matsick |
| 5. WORK ASSIGNMENT Laundry | 6. QUARTERS ASSIGNMENT DA 3050 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Meyers,
Rockview has sold tobacco product to the inmates for over 12 years. With in that time Rockview has exposed inmate to levels of environmental tobacco smoke, that pose an unreasonable risk of serious damage to the inmates futur health states. As you know I have a respiratory disease" (Asthmas), I would Like to know when will Rockview stop selling tobacco products to the inmates. The secondhand smoke affects my asthmas. I would Like to be move to a non-smoker block.                    Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Jordan,
          SCI-Rockview has taken steps to deal with the tobacco issue.
          Two general population units, the RHU, and A.C. are no tobacco units. Staff areas where smoking/chewing is permitted have also been reduced.
          There is no time frame for a completely tobacco-free institution. This will be achieved gradually.
          In the meantime you may address your personal concerns through your counselor and unit manager by seeking placement in the "tobacco-free" section of your unit.

| ☐ TO DC-14 CAR ONLY | ☐ TO DC-14 CAR AND DC-15 IRS |
| --- | --- |

| STAFF MEMBER   J. Rackovan   Supts Asst. | DATE 7/25/00 |
| --- | --- |

**DC-135A**

*Exhibit # D*

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Major - Harvey E. Yancey | 2. DATE 7/22/00 |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) S. Jordan - BI 8942 | 4. COUNSELOR'S NAME |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Yancey,
        I have Asthmas, And secondhand Smoke Affects
my Asthma. And would like to move to A non-smoker
Block, I have sporing with Walls, But did not get a
Respond.

                                        Thank you
                                        Jordan

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

No Respond
SJ

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |

*Exhibit #5E*

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Denniel J. Walls - unit manager of DA. | 2. DATE 7/22/00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BI8942 | 4. COUNSELOR'S NAME Materck. |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA. |

**7. SUBJECT:** STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Walls,

Rockview has sold tobacco products to the inmate for over 12 years now, with in that time Rockview has exposed inmates to Levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to the inmates futur health states. As you know I have a "respiratory disease" (asthmas), I would like to know when will Rockview stop selling tobacco products to the inmates. The secondhand smoke affects my asthmas. I would like to be moved to a non-smoker block.

Thank you.
Shawn Jordan

**8. DISPOSITION:** (DO NOT WRITE IN THIS SPACE)

When the whole D.O.C stop selling tobacco Products.

His statement.
7/25/00

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

State of Particular Institution:

**DC-804
PART 1**

RECEIVED

AUG 1 7 2000

at Rockview

**OFFICIAL INMATE GRIEVANCE**

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598**

*Exhibit #F*

GRIEVANCE NO. | ROC-0347-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Rockview | S.C.I. Rockview | 7/22/00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Shawn Jordan - BT 8942 | *Shawn Jordan* | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| | DA | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I don't smoke, and have A respiratory disease (asthmas) because of the second hand smoke, and uses An inhaler which is part of my medical treatment here at "Rockview", I have been personally affected by the second hand smoke, I have also contacted Mr. Larry L. Lidgett Health Care Administrator on this Issue on 7/19/00 At 12:00 o'clock. I have also contacted Wakefield Deputy superintendent, Major yancey, and meyers superintendent, they stated they have No plans to stop the selling of tobacco products. And I contacted the Administration on this Issue also on 7/19/00. I have also stated, before I came to Rockview; my health was in perfect condition, and Rockview Health Care administrator has diagnose me with A respiratory disease. (asthmas).

B. Actions taken and staff you have contacted before submitting this grievance:

David I. wakefield Deputy superintendent, Harley E. yancey Major of the Guards, Robert w. meyers superintendent, Larry L. Lidgett, D. walls unite manager.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

*Jeffrey Rackovan*
Signature of Grievance Coordinator

Medical

Mr. Lidgett - Due 8/24

8/17/00
Date
Due 8/31

DC-804
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

Exhibit G

| GRIEVANCE NO. | #ROC0347-00 |
|---|---|

| TO: (Name & DC NO.)<br>Shawn Jordan, BI-8942 | INSTITUTION<br>SCIR | QUARTERS<br>Bldg D/A | GRIEVANCE DATE      07/22/00<br>Received  08/17/00 |
|---|---|---|---|

The following is a summary of my findings regarding your grievance:

A review of your medical record does not indicate a **necessity** for you to be housed in a non-smoking unit or with a non-smoking cellmate. The record indicates you use an inhaler intermittently. It is also documented you were a smoker in the recent past which certainly contributed to your asthmatic condition.

If you wish to be housed with a non-smoker or in a non-smoking unit, these are matters you must refer to your unit manager who will explain the procedures necessary for you to follow.

JAR:hae

c:     Deputy Wakefield
       Deputy Whitman
       Mr. Lidgett
       Ms. Rossetti
       Case Record
       Mr. Rackovan

| Refer to DC-ADM 804, Section VIII,<br>for instructions on grievance<br>system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR<br>Jeffrey Rackovan | DATE<br>8/28/00 |
|---|---|---|

*Exhibit #84*

## APPEAL OF GRIEVANCE #ROC0347-00

I never stated or indicated that I was a "Smoker", but indicated that the secondhand smoke do affect me.

Mr.Rackovan also stated that my medical records dose not indicate a "necessity" for me to be housed in a non-smoking unit or with a non-smoking cellmate. Anyone who has been diagnose wiht a respiratory disease (Asthmas) are not suppose to be in a unit with smokers or a unit were secondhand smoke will affect anyone with "Asthmas".

The selling of tobacco products to inmates dose not help the issue at hand, which cause secondhand smoke or (ETS). Another issue is Building-D is a non-smoking block, that inmates are not allowed to smoke in that blockout area. When a inmate smoke in his cell, there are no way to ventilate the air which cause respiratory illness to other inmates.

cc: Mr.Robert W. Meyers
    Superintendent
    Date: Mon. Aug. 28, 2000
    Time: 3:30 Pm.

Shawn Jordan
BI-8942
Housing unit - D

STATE CORRECTIONAL INSTITUTION

ROCKVIEW

MR. SHAW JORDAN

BI 8942

BOX-A

BELLEFONTE, PA. 16823

*Exhibit #6 I*

To: Central Office Medical Review Committee

PA DEPARTMENT OF CORRECTIONS

CENTRAL OFFICE REVIEW COMMITTEE

P.O.BOX-598/2520 LISBURN ROAD

CAMP HILL, PA. 17001-0598

*8/31/00*

Re: Secondhand Smoke/Selling of

Tobacco products.

Whom it my concern:

Enclosed you'll fine a copy of my grievance and their responds. I'm dissatisfied with the dispostion of the appeal from the initial review decision, now I'm requesting a final review on my grievance #ROC0347-00 which I have enclosed.

cc: Shawn Jordan
    BI-8942

Respectfully yours,

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA 17022**

OFFICE OF THE
CHIEF HEARING EXAMINER

*Exhibit #* ~~EF~~ K

September 14, 2000

Shawn Jordan, BI-8942
SCI Rockview

Re:   DC-ADM 804 - Final Review
      Grievance No. ROC-0347-00

Dear Mr. Jordan:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:bjk

pc:   Superintendent Meyers

Exhibit - GX

SHAWN JORDAN
BOX-A-BI8942
BELLEFONTE, PA. 16823
PLAINTIFF
4/28/02


TO: MR. G.T. MOSLEY
    ATTORNEY GENERAL OFFICE
    STRAWBERRY SQ.
    HARRISBURG, PA. 17120


SUBJECT: ADMISSIONS FILED
         ON 4/27/02.

CIVIL ACTION NO. 1:00-CV-1387


Dear Mr. Mosley,

     I apologize for the mix up, please disregard the set of amissions
dated for 4/27/02. The courts have already rule on those issues,
and I will be going with the court ruling.




                              Mr.Shawn Jordan - Plaintiff

Exhibit - I

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
        Plaintiff                     :
                                      :
                                      :
        v.                            : Civil No. 1:00-CV-1387
                                      :
Robert W. Meyers,                     :
Superintendent, ET AL.                :
        Defendants                    :

-------------------------------------------------------
Request for Admission Under Rule 36
-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent L.L. Lidgett within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.


1. Plaintiff was diagnose with asthma in 1994.
2. Before 1994 plaintiff medical records do not show or state any claims of plaintiff being and/or having a respiratory disease (asthma).


DATE: 5/8/02

Shawn Jordan - Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

Exhibit - T

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
     Plaintiff                      :
                                :

     V.                             : Civil No. 1:00-CV-1387
                                  :

Robert W. Meyers,                     :
Superintendent, ET AL.                :
         Defendants                 :

------------------------------------------------------
### Request for Admission Under Rule 36
------------------------------------------------------

Plaintiff Shawn Jordan requests defendent R.W.Meyers within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:
1. That each of the following statements is true.


1. Plaintiff arrived at S.C.I. Rockview in 1991.




Date: 5/8/02

                             Shawn Jordan - Plaintiff
                                   Box-A-BI8942
                                   Bellefonte, Pa. 16823

*Exhibit-R*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
     Plaintiff                      :
                                          :

     V.                             : Civil No. 1:00-CV-1387
                                           :

Robert W. Meyers,                     :
Superintendent, ET AL.                :
     Defendants                     :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent D.J. WAKEFILED within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year – due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

    Plaintiff                      :

                                   :

    V.                             : Civil No. 1:00-CV-1387

                                   :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

    Defendants                     :

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendent T.L. WHITMAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine
(9) months out of a year.

Date: 1/27/02

Shawn Jordan-Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

     Plaintiff                      :

                                                :

     V.                              : Civil No. 1:00-CV-1387

                                                :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

     Defendants                     :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent T.L. WHITMAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                         :
    Plaintiff                    :
                                 :
    V.                           : Civil No. 1:00-CV-1387
                                 :
Robert W. Meyers,                    :
Superintendent, ET AL.               :
    Defendants                   :

-------------------------------------------------------
Request for Admission Under Rule 36
-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. BEARD within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine
    (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                            :
     Plaintiff                      :
                                     :

     V.                             : Civil No. 1:00-CV-1387
                                       :

Robert W. Meyers,                       :
Superintendent, ET AL.                  :
     Defendants                     :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent R.S. BITNER within 30 days
after service of this request to make the following admissions for
the purpose of this action only and subject to all pertinent objections
to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

   1). The Window systems in (D and A Housing Units) need to be
      replaced with a new window system.

   2). The Window Systems on (D and A Housing Unit) has been in
      a non-working condition for ten (10) years or more.

   3). Plaintiff, and other inmates has filed grievances about the
      window system on (D and A Housing Unit) over the past 10
      years.

   4). The maintenace dept. has to open and close the windows on
      (D and A Housing Unit) every year - due to the condition
      they are in.

   5). The housing units (A and D) no longer could open and close
      the windows from the control center on the housing unit,
      due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine
(9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
    Plaintiff                     :
                                :
    V.                            : Civil No. 1:00-CV-1387
                                  :
Robert W. Meyers,                     :
Superintendent, ET AL.                :
      Defendants                  :

----------------------------------------------------

Request for Admission Under Rule 36

----------------------------------------------------

Plaintiff Shawn Jordan requests defendent H.E. YENCEY within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                            :

     Plaintiff                       :

                                     :

     V.                              : Civil No. 1:00-CV-1387

                                     :

Robert W. Meyers,                       :

Superintendent, ET AL.                  :

       Defendants                     :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. RACKOVAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
     Plaintiff                    :
                              :

     V.                           : Civil No. 1:00-CV-1387
                              :

Robert W. Meyers,                     :
Superintendent, ET AL.                :
       Defendants                 :

---------------------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------------------

Plaintiff Shawn Jordan requests defendent D.J. WALLS within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year - due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit) are closed for nine
    (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                              :

     Plaintiff                        :

                                  :

     V.                               : Civil No. 1:00-CV-1387

                                    :

Robert W. Meyers,                         :

Superintendent, ET AL.                    :

       Defendants                    :

---

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent T.L. WHITMAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year – due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine
(9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
        Plaintiff                     :
                                      :
        V.                            :  Civil No. 1:00-CV-1387
                                      :
Robert W. Meyers,                     :
Superintendent, ET AL.                :
        Defendants                    :

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent R.W. MEYERS within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1). The Window systems in (D and A Housing Units) need to be replaced with a new window system.

    2). The Window Systems on (D and A Housing Unit) has been in a non-working condition for ten (10) years or more.

    3). Plaintiff, and other inmates has filed grievances about the window system on (D and A Housing Unit) over the past 10 years.

    4). The maintenace dept. has to open and close the windows on (D and A Housing Unit) every year – due to the condition they are in.

    5). The housing units (A and D) no longer could open and close the windows from the control center on the housing unit, due to the poor condition they are in.

6). The windows on (D and A Housing Unit)are closed for nine
   (9) months out of a year.

Date: 1/22/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823

*Exhibit - w.*

(41

3|12|0

18M

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                       :
                                    :
            Plaintiff               :
                                    :
      v.                            :        CIVIL NO. 1:00-CV-1387
                                    :
ROBERT W. MEYERS,                   :        (Judge Caldwell)
Superintendent, et al.,             :
                                    :
            Defendants              :

**M E M O R A N D U M**

FILED

MAR 1 2 2002

18M

HARRISBURG PA.    DEPUTY CL

I.    Background.

      Presently before the court is plaintiff Jordan's motion to
compel discovery.  Jordan contends that defendants failed to
properly respond to his September 10, 2001 Request for Production
of Documents.  Specifically, Jordan takes issue with defendants'
responses to requests 3, 4 and 8, alleging they are incomplete or
nonresponsive.  In response, defendants have addressed each
response in question and have submitted a copy of the response they
made to Jordan's request for discovery.  Jordan has not filed a
reply brief.

      For the reasons that follow we will deny Jordan's motion to
compel.


II.   Discussion.

      Initially it must be noted that defendants have not raised
objections to Jordan's request for production of documents numbers
3, 4, and 8.  Secondly, in each instance, defendants did identify

specific documents responding to Jordan's request, and offered them
to Jordan for inspection and copying in compliance with Fed. R.
Civ. P. 34.   Therefore, in order to resolve this discovery dispute
we must examine each request and the response to the request.

A.   Request for Production of Document #3

This request seeks "[m]aintenance records of th window systems
on (D and A Block)."  Defendants responded that Jordan "may inspect
copies of work orders to open and close the windows on D and A
Blocks from 2000 to 2001."  (Doc. 28).  Jordan suggests this
response is inadequate as defendants produced for his viewing "only
two reports for the year 2000."  (Plaintiff's Response to
Defendants' Brief in Opposition to Plaintiff's Discovery Motion,
Doc. 33).  However, defendants state that the copies produced "are
the only maintenance records that the prison has concerning the
window systems on D and A blocks."  (Defendants' Response to
Plaintiff's Discovery Motion, Doc. 38, p. 2).  At this point, we
must take defense counsel at their word.  To the extent that they
have only produced limited documents, Jordan is free to use this
alleged lack of maintenance records in support of his claims.  If,
however, there are other relevant maintenance records discovered
that have not been produced, defendants will be subject to
sanctions.

B.   Request for Production of Documents #4.

This request seeks "[m]aintenance records of the ventilation
systems on (D and A Block)."  (Doc. 28).  Defendants responded to
this request by offering for Jordan's inspection and copying, "work

order for recirculation of air on D and A Blocks from 2000 to
2001." (Doc. 38, Exhibit 1)  Again, Jordan challenges the
completeness of the response noting that defendants "only gave 'one
work report each', for the year 2000 on the window and ventilation
systems." (Doc. 33).  Defendants contend they produced all
relevant documents, and that there are no other responding
maintenance records available.  If there are no other documents
responding to this request, they certainly cannot be produced.
Again, Jordan may use this perceived lack of documentation in his
efforts to advance his theory of the case, and defendants will be
penalized for any concealment of relevant discovery.

    C.   Request for Production of Documents #8.

Request for production of document number 8 seeks "Rockview
yearly budget (sic) from 1995 to 2001." (Doc. 28).  Defendants
initially responded to this request by making copies of "SCI-
Rockview's yearly budget for maintenance and commissary purchases
from 2000 to 2001" available to Jordan.  (Id.)  In responding to
Jordan's motion to compel, defendants reviewed their response to
this request, found it incomplete and have supplemented it.
Defendants have identified alternative documents that may contain
the requested information, albeit not in the General Assembly's
institutional budget.  Defendants also state they will produce the
requested totals sought by Jordan for the years 1995 to 2001.
Since Jordan's time to file a reply brief has long passed, and he
has not advised the Court of defendants' failure to produce this
information, we will deem this issue resolved.

Accordingly, because defendants have provided Jordan with adequate and complete responses to his request for production of documents 3 and 4, and additional information relative to request number 8, Jordan's motion to compel discovery (Doc. 28) will be denied.

We will issue an appropriate order.

WILLIAM W. CALDWELL
United States District Judge

Date: March 12 , 2002

(42
3/12/02
wtm

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :
                                       :
              Plaintiff                :
         v.                            :      CIVIL NO. 1:00-CV-1387
                                       :
ROBERT W. MEYERS,                      :      (Judge Caldwell)
Superintendent, et al.,                :
                                       :
              Defendants               :

O R D E R

        AND NOW, this *12th* day of March, 2002, it is ordered that

Plaintiff's motion to compel discovery (doc. 28) is denied.


_William W. Caldwell_
WILLIAM W. CALDWELL
United States District Judge



FILED

MAR 1 2 2002

PER
HARRISBURG, PA.                    DEPUTY CLERK

*Exhibit - L*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                                    :
      Plaintiff                             :
                                            :

      V.                                    : Civil No. 1:00-CV-1387
                                            :

Robert W. Meyers,                               :
Superintendent, ET AL.                          :
      Defendants                            :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent T.L. WHITMAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)     The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)     Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)     The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)     The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

                                     Shawn Jordan-Plaintiff
                                        Box-A-BI8942
                                      Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                                :
     Plaintiff                         :
                                 :
     V.                                :  Civil No. 1:00-CV-1387
                                 :
Robert W. Meyers,                           :
Superintendent, ET AL.                      :
     Defendants                        :

---------------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------------

Plaintiff Shawn Jordan requests defendent D.J WAKEFIELD within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)    The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)    Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)    The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)    The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

Shawn Jordan-Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

     Plaintiff                     :

                                :

     V.                            : Civil No. 1:00-CV-1387

                                :

Robert W. Meyers,                     :

Superintendent, ET AL.               :

     Defendants                    :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent D.J.WALLS within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)     The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)     Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)     The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)     The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

                                      Shawn Jordan-Plaintiff

                                          Box-A-BI8942

                                        Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

     Plaintiff                   :

                                 :

     v.                          : Civil No. 1:00-CV-1387

                                 :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

     Defendants                  :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. BEARD within 30 days
after service of this request to make the following admissions for
the purpose of this action only and subject to all pertinent objections
to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)     The ventilation system has not been cleaned-out or replaced
      with a new system for the last (11) years or more.

2)     Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of
      the known particles to be build-up in the ventilation systems
      in (D and A) housing units.

3)     The ventilation system in (D and A) housing units would need
      to be cleaned every (2) two years or less.

4)     The ventitation systems in the individual cells are inoperable,
      and has been for 11 years or more.

Date: 1/23/02

                                Shawn Jordan-Plaintiff

                                      Box-A-BI8942

                                 Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                              :
     Plaintiff                         :
                                :
     V.                                :  Civil No. 1:00-CV-1387
                                :
Robert W. Meyers,                         :
Superintendent, ET AL.                    :
        Defendants                    :

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendent R.W.MEYERS within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.


1)    The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)    Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)    The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)    The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.


Date: 1/23/02

                               Shawn Jordan-Plaintiff
                                     Box-A-BI8942
                            Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
      Plaintiff                    :
                                             :
      V.                           : Civil No. 1:00-CV-1387
                                             :
Robert W. Meyers,                     :
Superintendent, ET AL.                :
        Defendants                   :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent R.S. BITNER within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)     The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)     Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)     The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)     The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

                                           Shawn Jordan-Plaintiff
                                              Box-A-BI8942
                                          Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                            :
     Plaintiff                        :
                             :
     V.                              : Civil No. 1:00-CV-1387
                             :
Robert W. Meyers,                       :
Superintendent, ET AL.                  :
       Defendants                   :

---------------------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------------------

Plaintiff Shawn Jordan requests defendent H.E. YENCEY within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1)    The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)    Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)    The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)    The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

_Shawn Jordan_

Shawn Jordan-Plaintiff

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                              :
     Plaintiff                        :
                                      :
     V.                               : Civil No. 1:00-CV-1387
                                      :
Robert W. Meyers,                         :
Superintendent, ET AL.                    :
     Defendants                       :

-------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. RACKOVAN within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:
1. That each of the following statements is true.

1)    The ventilation system has not been cleaned-out or replaced with a new system for the last (11) years or more.

2)    Dust, Pollen, Tobacco Smoke, Animal Hair, Grass, are some of the known particles to be build-up in the ventilation systems in (D and A) housing units.

3)    The ventilation system in (D and A) housing units would need to be cleaned every (2) two years or less.

4)    The ventitation systems in the individual cells are inoperable, and has been for 11 years or more.

Date: 1/23/02

                             Shawn Jordan-Plaintiff
                             Box-A-BI8942
                             Bellefonte, Pa. 16823

*Exhibit-5*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
     Plaintiff                    :
                                  :
     V.                           : Civil No. 1:00-CV-1387
                                    :
Robert W. Meyers,                     :
Superintendent, ET AL.                :
     Defendants                   :

---------------------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------------------

Plaintiff Shawn Jordan requests defendent Larry L. Lidgett within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

1.    Plaintiff was <u>"Diagnose with asthma in 1995"</u>.
2.    Plaintiff use's (2) Two types of Inhalers, <u>"Albuterol and Venceril"</u> to control his asthma.
3.    Before 1995 plaintiff was not diagnose with asthma, and plaintiff health was in perfect condition.

Date: 1/7/02

Shawn Jordan

Shawn Jordan
Box-A-BI8942
Bellefonte, Pa. 16823

Exhibit - 5(2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                     :
                                  :
     Plaintiff          :
                                  :
v.                                :          No. 1:CV-00-1387
                                  :          (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,       :
                                  :
     Defendants         :

### DEFENDANTS RESPONSE TO PLAINTIFF'S
### REQUEST FOR ADMISSIONS

Defendants, by their attorneys hereby respond to plaintiff's requests for admissions in the above-captioned case as follows:

    1.    **DENIED.**

    2.    **ADMITTED.**

    3.    **DENIED.**

Respectfully submitted,

D. MICHAEL FISHER
Attorney General


By:  _Gwendolyn T. Mosley_
GWENDOLYN T. MOSLEY
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA  17120
717-787-1180
DATE:  February 11, 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                        :

    Plaintiff                       :

                         :

    V.                              : Civil No. 1:00-CV-1387

                         :

Robert W. Meyers,                   :

Superintendent, ET AL.              :

        Defendants                  :

--------------------------------------------------------

Request for Admission Under Rule 36

--------------------------------------------------------

Plaintiff Shawn Jordan requests defendent Larry L. Lidgett within
30 days after service of this request to make the following admissions
for the purpose of this action only and subject to all pertinent
objections to admissibility which may be interposed at the trial:
1. That each of the following statements is true.

1.     Plaintiff was "Diagnose with asthma in 1995".

2.     Plaintiff use's (2) Two types of Inhalers, "Albuterol and
      Venceril" to control his asthma.

3.     Before 1995 plaintiff was not diagnose with asthma, and plaintiff
      health was in perfect condition.

Date: 1/7/02

                                Shawn Jordan

                                Box-A-BI8942

                         Bellefonte, Pa. 16823

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                    :
                                 :
    Plaintiff               :
                                 :
    v.                      :        No. 1:CV-00-1387
                                 :        (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,      :
                                 :
    Defendants               :

## CERTIFICATE OF SERVICE

    I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that

on this date I caused to be served the foregoing, **Defendants Responses to**

**Plaintiff's Request for Admissions,** by depositing a copy of the same in the United

States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820


                               **GWENDOLYN T. MOSLEY**
                               **Senior Deputy Attorney General**

**DATE:  February 11,2002**

*exhibit - H1 -*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                         :

    Plaintiff                        :

                      :

    V.                               : Civil No. 1:00-CV-1387

                      :

Robert W. Meyers,                    :

Superintendent, ET AL.               :

    Defendants                       :

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendent D.J. Walls within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessary procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                         :
    Plaintiff                    :
                              :
    V.                           : Civil No. 1:00-CV-1387
                              :
Robert W. Meyers,                    :
Superintendent, ET AL.               :
    Defendants                   :

------------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. Rackavan within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessany procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

    Plaintiff                     :

                         :

    V.                            : Civil No. 1:00-CV-1387

                         :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

      Defendants                :

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent R.S. Bitner within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessary procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                              :
        Plaintiff                         :
                                          :
        V.                                : Civil No. 1:00-CV-1387
                                          :
Robert W. Meyers,                         :
Superintendent, ET AL.                    :
        Defendants                        :

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent M.F. Horn within 30 days after service of this request to make the following admissions for the purpose of this action only, and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessany procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3)     All     work-orders     must     be     approved     by     the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :
     Plaintiff                     :
                          :
     V.                            : Civil No. 1:00-CV-1387
                          :
Robert W. Meyers,                     :
Superintendent, ET AL.               :
       Defendants                  :

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent J.A. Beard within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessany procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                         :
    Plaintiff                    :
                      :

    V.                           : Civil No. 1:00-CV-1387
                      :

Robert W. Meyers,                    :
Superintendent, ET AL.              :
    Defendants                   :

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendent R.W. Mayers within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessany procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3)    All    work-orders    must    be    approved    by    the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

     Plaintiff                       :

                                  :

     V.                              : Civil No. 1:00-CV-1387

                                  :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

     Defendants                      :

--------------------------------------------------------

Request for Admission Under Rule 36

--------------------------------------------------------

Plaintiff Shawn Jordan requests defendent H.E. Yancy within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessary procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                           :

     Plaintiff                   :

                                        :

     V.                          : Civil No. 1:00-CV-1387

                                          :

Robert W. Meyers,                      :

Superintendent, ET AL.                 :

     Defendants                  :

---

Request for Admission Under Rule 36

---

Plaintiff Shawn Jordan requests defendent T.L Whitman within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

    1) It is the responsibility of those individuals receiving Polices and procedures, as indicated in the "General Distributuin" to ensure that each employee expected or requeired to perform the necessary procedures and duties is issued a copy of the policy and procedures.

    2) It is the facility maintenance manager duty to ensure that there is adequate exhaust and ventilation in area's where smoking is permitted. fans shall be regulary maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S", which would be compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

    3) All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's officer, before any work can be done. Theses are the procedures that all employee in the maintenance department must follow.

    4) The Ventilation/Exhaust system on "D and A Housing Units" do not use or have a filtration system.

Date: 12/26/01

*Exhibit-F*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Jordan                          :

     Plaintiff                       :

                          :

     V.                              : Civil No. 1:00-CV-1387

                          :

Robert W. Meyers,                     :

Superintendent, ET AL.                :

       Defendants                    :

-------------------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------------------

Plaintiff Shawn Jordan requests defendent Larry Lidgett within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(A)    As the Health Care Administration, you have access to plaintiff Medical Records.

(B)    Plaintiff has a respiratory disease (Asthma) and uses an inhaler which he gets as part of his Medical treatment.

(C)    Since Plaintiff has been at S.C.I. Rockview he has been given a steroid inhaler and a regular inhaler for his Asthma.

(D)    Since 1995 Plaintiff asthma has gotten and/or became worse.

Mr. Shawn Jordan

Box-A-BI8942

Bellefonte, Pa. 16823

Date: 9/11/01

*my copy*

Exhibit-F(2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,          :
                          :

    **Plaintiff**        :
                          :

    **v.**             :    **No. 1:CV-00-1387**
                          :    **(Judge Caldwell)**

DAVID J. WAKEFIELD, <u>et al.</u>,  :
                          :

    **Defendants**     :

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## <u>REQUEST FOR ADMISSIONS - UNDER RULE 36</u>

Defendants response to plaintiff's request for admissions as follows:

    A.    As the Health Care Administration, you have access to plaintiff Medical Records.

**RESPONSE:**

It is **ADMITTED** Margie Miller the Health Care Administrator at SCI-Rockview has access to plaintiff's medical records.

    B.    Plaintiff has a respiratory disease (Asthma) and uses an inhaler which he gets as part of his Medical treatment.

**RESPONSE:**

**ADMITTED.**

C.    Since Plaintiff has been at S.C.I. Rockview he has been given a steroid inhaler for his Asthma.

**RESPONSE:**

**ADMITTED.**

D.    Since 1995 Plaintiff asthma has gotten and/or became worse.

**RESPONSE:**

**DENIED.**

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,          :
                         :
    **Plaintiff**         :
                         :
**v.**                :     No. 1:CV-00-1387
                         :     (Judge Caldwell)
DAVID J. WAKEFIELD, <u>et</u> <u>al.</u>,  :
                         :
    **Defendants**     :

## CERTIFICATE OF SERVICE

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Responses to Plaintiff's Request for Admissions under Rule 36, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

*Seth A. Mendelsohn*
**SETH A. MENDELSOHN**
**DEPUTY ATTORNEY GENERAL**

**DATE:  October 15, 2001**

Exhibit - M

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :

     PLAINTIFF,                       :

                             :

     V.                               :    CIVIL NO. 1:00-CV-1387

                             :

ROBERT W. MEYERS,                     :

SUPERINTENDENT, ET AL.                :

       DEFENDENTS                     :

-----------------------------------------------

Request for Admission Under Rule 36

-----------------------------------------------

Plaintiff Shawn Jordan requests defendant R.S.Bitner within 30 days
after service of this request to make the following admissions for
the purpose of this action only and subject to all pertinent objections
to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot
    smoke on a daily bases.

(2) There are staff members who may or maynot use tobacco
    products/smokeless tobacco products on a daily bases.

(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease)
    (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01

                                 Shawn Jordan

                                 Box-A-BI8942

                         Bellefonte, Pa. 16823

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :
     PLAINTIFF,                     :
                             :
     V.                             :        CIVIL NO. 1:00-CV-1387
                             :
ROBERT W. MEYERS,                     :
SUPERINTENDENT, ET AL.               :
        DEFENDENTS                    :
-------------------------------------------

Request for Admission Under Rule 36

-------------------------------------------

Plaintiff Shawn Jordan requests defendant J.A.Beard within 30 days
after service of this request to make the following admissions for
the purpose of this action only and subject to all pertinent objections
to admissibility which may be interposed at the trial:
1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot
    smoke on a daily bases.

(2) There are staff members who may or maynot use tobacco
    products/smokeless tobacco products on a daily bases.

(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease)
    (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01

                          Shawn Jordan
                          Box-A-BI8942
                    Bellefonte, Pa. 16823

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                     :

    PLAINTIFF,                   :

                    :

     V.                         :          CIVIL NO. 1:00-CV-1387

                    :

ROBERT W. MEYERS,                :

SUPERINTENDENT, ET AL.           :

    DEFENDENTS                   :

---------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------

Plaintiff Shawn Jordan requests defendant J.A.Rackavan within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot smoke on a daily bases.

(2) There are staff members who may or maynot use tobacco products/smokeless tobacco products on a daily bases.

(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease) (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01

_____

Shawn Jordan

Box-A-BI8942

Bellefonte, Pa. 16823

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :

     PLAINTIFF,                        :

                                  :

     V.                                :     CIVIL NO. 1:00-CV-1387

                                    :

ROBERT W. MEYERS,                     :

SUPERINTENDENT, ET AL.                :

          DEFENDENTS                   :

------------------------------------------------

Request for Admission Under Rule 36

------------------------------------------------

Plaintiff Shawn Jordan requests defendant R.W.Meyers within 30 days
after service of this request to make the following admissions for
the purpose of this action only and subject to all pertinent objections

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :

     PLAINTIFF,                      :

                            :

     V.                              :          CIVIL NO. 1:00-CV-1387

                            :

ROBERT W. MEYERS,                     :

SUPERINTENDENT, ET AL.                :

       DEFENDENTS                     :

---------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------

Plaintiff Shawn Jordan requests defendant D.Walls within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot smoke on a daily bases.

(2) There are staff members who may or maynot use tobacco products/smokeless tobacco products on a daily bases.

(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease) (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01·

                                   Shawn Jordan

                                   Box-A-BI8942

                        Bellefonte, Pa. 16823

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                     :

     PLAINTIFF,           :

                          :

     V.                   :      CIVIL NO. 1:00-CV-1387

                          :

ROBERT W. MEYERS,          :

SUPERINTENDENT, ET AL.    :

     DEFENDENTS         :

---------------------------------------------

Request for Admission Under Rule 36

---------------------------------------------

Plaintiff Shawn Jordan requests defendant D.J.Wakefield within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true.

(1) There are inmates on (D-Block), who are smokers and may or maynot smoke on a daily bases.

(2) There are staff members who may or maynot use tobacco products/smokeless tobacco products on a daily bases.

(3) Plaintiff Shawn Jordan made you aware of his (respiratory disease) (Asthma) and that second-hand smoke affect his asthma.

Date: 10/15/01

                                    Shawn Jordan

                                    Box-A-BI8942

                            Bellefonte, Pa. 16823

Exhibit - m(z)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,          :

         :

     Plaintiff      :

         :

     v.         :    No. 1:CV-00-1387

         :    (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,  :

         :

     Defendants   :

## ADMISSIONS

Defendant, Jeff Rackovan, responds to plaintiff's request for admissions as follows:

1.    **ADMITTED.**

2.    Defendant is without knowledge as to what plaintiff is specifically asking here and therefore the request for admission is **DENIED.** To the extent plaintiff seeks to learn whether the institution permits staff members to smoke, it does permit smoking in designated areas of the institution.

3.    Defendant does not recall and therefore this request for admission is **DENIED.**

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: *Seth A. Mendelsohn*
             **SETH A. MENDELSOHN**
             **Deputy Attorney General**

             **SUSAN J. FORNEY**
             **Chief Deputy Attorney General**
             **Chief Litigation Section**

**Office of Attorney General**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA  17120**
**Direct Dial:  (717) 787-1194**
**Fax:  (717) 772-4526**
**E-Mail:  smendelsohn@attorneygeneral.gov**

**DATE:  November 8, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :
                                       :
        Plaintiff                      :
                                       :
v.                                     :        No. 1:CV-00-1387
                                       :        (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,            :
                                       :
        Defendants                     :

## CERTIFICATE OF SERVICE

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this

date I caused to be served the foregoing Admissions, by depositing a copy of the

same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the

following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

_____
SETH A. MENDELSOHN
DEPUTY ATTORNEY GENERAL

DATE:  November 8, 2001

# Section

# B

Civil Action
1:CV-00-1387

Exhibit - 00

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    PLAINTIFF                         :

                                       :

        V.                                :    CIVIL NO. 1:00-CV-1387

                                         :

ROBERT W. MEYERS,                      :

SUPERINTENDENT, ET AL.                 :

    DEFENDANTES                       :

---------------------------------------------------

REQUEST FOR PRODUCTION OF DOCUMENTS-UNDER RULE 34

---------------------------------------------------

PLAINTIFF SHAWN JORDAN REQUESTS DEFENDENT R.W. MEYERS TO RESPOND WITHIN 30 DAYS TO THE FOLLOWING REQUEST:

THAT DEFENDENT PRODUCE AND PERMITT PLAINTIFF TO INSPECT AND TO COPY EACH OF THE FOLLOWING DOCUMENTS:

    (1) A COMPLETE COPY OF ALL MEDICAL RECORDS OF PLAINTIFF.

    (2) SMOKING POLICY - 16.3.6. and 1.1.7, ANY OTHER POLICY.

    (3) MAINTENANCE RECORDS OF THE WINDOW SYSTEMS ON (D AND A BLOCK).

    (4) MAINTENANCE RECORDS OF THE VENTILATION SYSTEMS ON (D AND A BLOCK).

    (5) A COMPLETE COPY OF COMMISSARY INVENTORY RECORDS OF ALL TOBACCO/ANY RELATED TOBACCO PRODUCTS, FROM 1995 TO 2001.

    (6) A COMPLETE COPY OF RECORDS OF ALL TOBACCO/RELATED TOBACCO PRODUCTS, FROM 1995 TO 2001 THAT HAS BEEN SOLD TO INMATES AT S.C.I. ROCKVIEW.

    (7) PACT. SYSTEM PACKAGE.

    (8) ROCKVIEW YEARLY BUGGET FROM 1995 TO 2001.

    (9) OFFICAL INMATE GRIEVANCE #ROC-0518-01, ROC-0248-00, ANY RELATED RESPONDS.

SHAWN JORDAN

BOX-A-BI8942

BELLEFONTE, PA. 16823

DATE: 9/10/01

cc:

ClerK Of Court,
Seth A. Mendelsohn
Attorney General
15th Flr., Strawberry Sq.
Harrisburg, pa. 17120

my
copy.

Exhibit-LL

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :

     PLAINTIFF,                       :

                     :

       V.                            :        CIVIL NO. 1:00-CV-1387

                     :

ROBERT W. MEYERS,                     :

SUPERINTENDENT, ET AL.                :

     DEFENDENTS                       :

---

Interrogatories and Request For Production Of
Documents

---

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the Plaintiff submits the
following interrogatories and requests for documents to the defendants.
You are directed to answer each of the interrogatories in writing
under Oath, and produce each of the requested documents for inspec-
tion and copying within 30 days of service.

1.     What year, month, and day was plaintiff first dianosed with
a respiratory disease (asthma), produce any and all documents of
plaintiff medical records related to his respiratory disease (asthma).
2.     what kind of condition was plaintiff health was in before,
plaintiff was dianosed with a respiratory disease. Produce any and
all documents of plaintiff medical records related to plaintiff health
condition.

Date: 2/20/02

Shawn Jordan-Plaintiff
Box-A-BI8942
Bellefonte, Pa. 16823-0820

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                              :

     PLAINTIFF,                          :

                              :

      V.                                 :        CIVIL NO. 1:00-CV-1387

                             :

ROBERT W. MEYERS,                         :

SUPERINTENDENT, ET AL.                    :

        DEFENDENTS                       :

## CERTIFICATE OF SERVICE

    I, Shawn Jordan, Plaintiff, hereby certify that on this date
I caused to be served the foregoing, Interrogatories/Production of
Document by depositing a copy of the same in the United States Mail,
postage prepaid, in Bellefonte, Pa., addressed to the following:


G.T. Mosley
Office Of Attorney General
Commonwealth Of Pennsylvania
Harrisburg, Pa. 17120

Date: 2/20/02

                                  Mr. Shawn Jordan - Plaintiff

                                          Box-A-BI-8942

                                 Bellefonte, Pa. 16823

exhibit-UE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,              :
                               :

       Plaintiff          :
                               :

       v.                 :     **No. 1:CV-00-1387**
                               :     **(Judge Caldwell)**

DAVID J. WAKEFIELD, <u>et al.,</u>  :
                               :

       Defendants     :

### DEFENDANTS' ANSWERS TO PLAINTIFF'S
### INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

"1.    What year, month, and day was plaintiff first dianosed [sic] with a respiratory disease (asthma), produce any and all documents of plaintiff medical records related to his respiratory disease (asthma)."

**ANSWER:** The information responsive to this interrogatory is contained in plaintiff's medical records which will be produced for inspection and copying at SCI-Rockview. Plaintiff must photocopy the documents he wishes at his own expense at the normal institution rate.

"2.    What kind of condition was plaintiff health was in before, plaintiff was dianosed [sic] with a respiratory disease. Produce any and all documents of plaintiff medical records related to plaintiff health condition."

**ANSWER:** The information responsive to this interrogatory is contained in plaintiff's medical records which will be produced for inspection and copying at SCI-Rockview. Plaintiff must photocopy the documents he wishes at his own expense at the normal institution rate.

By: **GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-1180

**DATE: May 6, 2002**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN JORDAN,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 1:CV-00-1387** |
| | : | **(Judge Caldwell)** |
| **DAVID J. WAKEFIELD, <u>et al.</u>,** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify

that on this date I caused to be served the foregoing, **Defendants' Answers to**

**Interrogatories and Request for Production of Documents** by depositing a copy

of the same in the United States mail, postage prepaid, in Harrisburg, PA.,

addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820


**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**

**DATE:  May 6, 2002**