

JUDGE'S COPY

FILED
HARRISBURG, PA

JUN 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# PART-2

## of

## PART-1

Civil # 1:00-CV-1387

SUMMARY Judgment

# Section

# C

Civil Action
1:CV-00-1387

Exhitbit -SS

To: Mr.D.Walls
    Unit Manager
    D-Block

Mr.Shawn Jordan
#BI-8942 (Cell: 350)
(Work Assignment: Tin Shop)
(Housing Assignment: D )
(Date: 10/22/2001)
(Counselor Name: Matsick)

FILED
HARRISBURG, PA

JUN 0 4 2002

MARY E. D'ANDREA, CLERK
Per_____
        Deputy Clerk

Dear Mr.Walls,

     I would like to be moved to another Housing Unit, I would like
to be housed on a smaller Housing Unit. I put in for the non-smoking
block, but never received any information from you or my counselor
on when I'll be moving. My environment has taking a tolled on me,
as well as other aliments (Smoking on the Housing Unit). I respectly
request to be moved to a smaller Housing Unit.

My Copy                                    Exhibit — PP

| | |
|---|---|
| **Form DC-135A**<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | **Commonwealth of Pennsylvania**<br>**Department of Corrections**<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | | | |
|---|---|---|---|
| 1. | To: (Name and Title of Officer)<br>Mr. H.F. Bower | 2. | Date: 7/8/01 |
| 3. | By: (Print Inmate Name and Number)<br>Shawn Jordan BI 8942<br>_Shawn Jordan_<br><center>Inmate Signature</center> | 4. | Counselor's Name |
| | | 5. | Unit Manager's Name<br>D. Walls |
| 6. | Work Assignment | 7. | Housing Assignment<br>D-Block. |

8. Subject: State your request completely but briefly. Give details.

Mr. Bower,
     As you know, the window system needs to be replace with a new window system. I would like to know how much would it cost the state to replace the window system on D & A Block.
     I would also like to know why the windows on D & A Block can not be closed / by the Block Control Center.
     I would allso like to know how long have the window system be in the condition they are in, I have been here at Rockview for 13 years I would you agree that the window system has been in the same condition for 13 years.

9. Response: (This Section for Staff Response Only)

| | |
|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / _____    Date _____
<center>Print                              Sign</center>

Revised July 2000

Exhibit-PP2

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| | DEPARTMENT OF CORRECTIONS |
| **INMATE'S REQUEST TO STAFF MEMBER** | INSTRUCTIONS |
| | Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

1. TO: (NAME AND TITLE OF OFFICER) Mr. Walls

2. DATE 3/24/00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BI 8942

4. COUNSELOR'S NAME

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT DA - #350

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Mr. Walls this request slip is to make you of the ventilation System is filthy And needs to be Cleaned. The ventilation System is blowing out dust. Which is a health hazard to the inmates. Please get back with me on this matter, And please print clearly. also the dust affects my asthma.

Thank you.

S. Jordan

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

The maint. dept. has been advised of this situation. Thank you for your concern.

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER R. Walls

DATE 3-27-00

Exhibit - PP3

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Mr. Walls unite manager | 2. DATE 5/16/00 |
| --- | --- |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BI 8942 | 4. COUNSELOR'S NAME |
| --- | --- |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA |
| --- | --- |

7. SUBJECT:  STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

Mr. Walls

Can you please tell me why the window system has not yet been Replace? For Seven years the window system has been the Same And have not been fits, The weather drops At night and we the inmates Are not giving Any kind of warmer clothing, it be really cold at Night.

Please Print clearly when responding.

Thank you
Shawn Jordan

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

1.   No, I can't tell you why.

2.   It was my recommendation that the windows remain closed until the end of this month because I know how Mays' weather varies from day to day. Inmates complained to the Deputies that it was too hot, so they had the windows opened. (Be careful of what you ask for.)

3.   I write how I write, like it or not!

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER D. Walls Cem | DATE 5-17-00 |
| --- | --- |

*Exhibit - PP 4*

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Terry L. Whitman - Depty Super - Centralized Services | 2. DATE 5/16/00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shaun Jordan - BT 8942 | 4. COUNSELOR'S NAME |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Mr. Whitman,

Can you please tell me why the window system has not yet been replace with a new system. For seven years the windows has been in the same condition, And has not been fit or replace. the weather drops at night, we the inmates has to sleep in the cold weather. we are not given any warmer clothing. The ventilation system is blowing out dust and affects my Asthma, also.

Please print clearly when responding back.

Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr Jordan: You need to Address this with the proper staff! Either C. M. Walls, Major Youcey, or Dep Wakefield. I do not supervise the units nor the maint staff!

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE 5/1/00 |
|---|---|

Exihibit - PPS

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
| --- | --- |
| | DEPARTMENT OF CORRECTIONS |
| INMATE'S REQUEST TO STAFF MEMBER | INSTRUCTIONS |
| | Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

| 1. TO: (NAME AND TITLE OF OFFICER) David J. Wakefield - Deputy Super. for facilities | 2. DATE 5/16/00 |
| --- | --- |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BI842 | 4. COUNSELOR'S NAME |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT DA |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Wakefield,
        Can you please tell me why the window system has not been replace yet? For seven years the window system has been in the same condition, and has not been fits. The weather drops at night and we the inmates are not been given any kind of warmmer clothing, it be really cold at night.

Please Print Clearly
when responding.

Thank you
S. Jordan

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Jordan,
The windows are scheduled for a complete rennovation. When? I'm not exactly sure. We will do our best to judge when to open and close them until then.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE 5/17 |
| --- | --- |

Exhibit - PP6

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | **DEPARTMENT OF CORRECTIONS** |
| | INSTRUCTIONS |
| | *Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |

1. TO: (NAME AND TITLE OF OFFICER) Harry F. Bower facilities Maintenance ~~Dept~~    2. DATE 3/24/00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Shawn Jordan - BT8942    4. COUNSELOR'S NAME

5. WORK ASSIGNMENT    6. QUARTERS ASSIGNMENT DA - #260

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Mr. Bower, The reason that I'm writing to you is, The ventlation system on DA is filthy and needs to be clean. The venlation system is blowing out dust, that can be hazard to the inmate health. Please get back with me on this matter. And when you respond back, please print clearly.
   Also please note, I have Asthma an the dust affects with my Asthma.    Thank you.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

The ventilation system in D-Bldg will be cleaned as time and workloads permit.    Harry Bower CRMM I

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                                          DATE

Exhitbit-PP 7

**Commonwealth of Pennsylvania**
**Department of Corrections**

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

2. Date: 7/8/01

1. To: (Name and Title of Officer)
H.F. Bower

4. Counselor's Name

3. By: (Print Inmate Name and Number)
Shaun Jordan - BI 8942

_Shaun Jordan_
Inmate Signature

5. Unit Manager's Name
D. Walls.

7. Housing Assignment
D - Block

6. Work Assignment

8. Subject: State your request completely but briefly. Give details.

mr. Bower,
      As you know, the window system Needs to be Replace with a New window system. I would like to know How much would it cost the state to Replace the window system on D & A Block.
      I would Also like to know why the window system on D & A Block can't be closed by the Block Control Center.
      I would also like to know how long have the window system be in the condition they are in, I have been here at Rockview for 13 years, would you agree that the window system has been in the same condition For 13 years.

9. Response: (This Section for Staff Response Only)

A Project is in the planning stages For upgrading/repairing the window operating system for these blocks (A + D) it will be in progress (construction) during the next 2 years.

To DC-14 CAR and DC-15 IRS ☐

To DC-14 CAR only ☐

Staff Member Name  _Harry Bower_   _Harry Bower_   Date 7-16-0
                        Print              Sign

State Correctional Institution

**RECEIVED**

DC-804
PART 1

SEP 12 2000

at Rockview
Superintendent's Office

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

OFFICIAL INMATE GRIEVANCE

*Exhibit - 2B*

1 of 3

| | GRIEVANCE NO. | ROC-0402-00 |
|---|---|---|

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Rackavan | S.C.I. Rockview | 9/11/00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Shawn Jordan - BI8941 | Shawn Jordan | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| | DA | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

"I have gotten colds from the cold weather", and yes Rain do comes into my cell as well as other Inmates cells. For the past (6)six years work order has been put in, and the window systems has been in the same condition that they are in now. And the heat system dose not be on this time of year, and the heat system is not control by the control desk. on the blocks, I have as well as other Inmate has told walls about the window system and there's nothing he could do about the conditions of the windows system. The window system needs to be replace with A new window system, I have been personally affected by the Cold, Hot, wetness or stormy weather - that have been entering the holden. My and other Inmates cells are only 6 feet away

B. Actions taken and staff you have contacted before submitting this grievance:

R.W. Meyers - Superintendent, D.J Wakefield, J.L. Whitman, L.H. Maa,'ll, D.J walls.

---

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Jeffrey Rackovan   Conditions
Signature of Grievance Coordinator

Mr. McGill   9/22

9/15/00
Date
9/29

**DC-804**
**PART 1**

### COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
### P.O. BOX 598
### CAMP HILL, PA. 17001-0598

Exhitbit- *00*
ZB

**OFFICIAL INMATE GRIEVANCE**

2 of 3

GRIEVANCE NO. ROC-0402-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Rackovan | S.C.I. Rockview | 9/11/00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Shawn Jordan- BI 8942 | Shawn Jord. | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| | D.A. | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

from the windows. The conditions that the windows are in, are of very poor condition. The windows can't be open and closed from the control desk on the blocks, the maintenace Dept. must come and open & closed the window system. I and other inmates have to sleep in the: Hot, cold, wetness or Stormy weather at night time. In the winter time, the circulation on D & A Blocks are of very poor conditions. The ventilation System needs to be clean, because dust come out of them. The windows are the only way clean air can come in when Needed, only if the window system would work the right way. The only way the window system can work is by Replacing the window system. These conditions don't help any one with

B. Actions taken and staff you have contacted before submitting this grievance:

R.W. Meyers- Superintendent, D.J. wakefield- Deputy superintendent, T.L. whitmon, L.H. McGill facilities maintenaces, walls, D.J.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Jeffrey Rackovan
Signature of Grievance Coordinator

9/15/00
Date

WHITE—File Copy    PINK—Action Return Copy    GOLDENROD—Inmate Copy

**DC-804**
**PART 1**

Exhibit 2B

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**        3 of 3        GRIEVANCE NO. | ROC-0402-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Rackovan | S.C.I. Rockview | 9/11/00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Shawn Jordan - BI 8747 | Shawn Jordan | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| | DA | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A. Brief, clear statement of grievance:**

A respiratory disease. or non-smokers. If you ~~and~~ would refer to S.C.I. Rockview smoking Policy # 15.3.6. Roc 1 & 4 ect. it will also tell you what or how Smoking is a hezard. Mr. Rackovan this is why we Need a New window System on D & A block.

**B. Actions taken and staff you have contacted before submitting this grievance:**

R.W. Meyers, D.T. Wakefield, T.L. Whitman, L.H. Morill, D.T. Walls.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Jeffrey Rackovan_
Signature of Grievance Coordinator

9/15/00
Date

CANARY—File Copy    PINK—Action Return Copy    GOLDENROD—Inmate Copy

DC-804
PART II

*Exhibit - 2B*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.    #ROC0402-00

| TO: (Name & DC NO.) Shawn Jordan, BI-8942 | INSTITUTION SCIR | QUARTERS Bldg D/A | GRIEVANCE DATE    09/11/00 Received  09/15/00 |
|---|---|---|---|

The following is a summary of my findings regarding your grievance:

This grievance was reviewed with Mr. McGill, Facility Maintenance Manager.  Recently, a non-recurring maintenance project has been funded for repair and/or replacement of the windows in the Main Cellblocks A and D.  We are well aware of the condition of the existing windows, and the Maintenance Department intends to respond to the opening and closing of these windows as quickly as possible.  The time frames for the project have not been set, but should be in the very near future.

In the interim, we appreciate your patience.

JAR:hae

c:    Deputy Wakefield
      Deputy Whitman
      Mr. McGill
      Case Record
      Mr. Rackovan

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR *Jeffrey Rackovan* | DATE 9/25/00 |
|---|---|---|

Grievance Appeal To Superintendant

Exhibit - 2B

To: Superintendant Myers.                                    9/27/00

From: Shawn Jordan - BI8942

Subject: Grievance Appeal - ROC0402-00


The condition of the windows, has been in the Same
Poor conditions for (9) Years. How Long has this Project been
going on to replace the window System, S.C.I. Rockview
has been Saying the Samething about the windows for
(9) Year. The well being of the Inmates health has been
Neglected for many years, and yet nothing gets done.
The reply I recieved concerning my Grievance Gave
Insufficeint Information concerning the replacement
of the window System.



Repectfully yours.

Exhibit - 215

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI-Rockview
September 28, 2000

SUBJECT:    Appeal to Grievance #ROC-0402-00

TO:    Shawn Jordan, BI-8942
        Building D/A

FROM:    R. W. Meyers
          Superintendent

There is not time nor necessity to fully explain the procedures we must follow to initiate, research, fund, and complete a maintenance project. Suffice it to say, a project has been funded to repair and/or replace the windows in A and D Buildings. The time frames are in the hands of the Department of General Services, not SCI-Rockview.

At times we must all cope with less than ideal work and/or living conditions. We acknowledge the windows in these units need repaired, however, we do not agree the inmates' health is being neglected. These units have a heating system, and have successfully completed various safety and environmental inspections each year. Medical attention is, of course, also available. The project has been funded and, hopefully, shall begin in the near future. Again, however, the time frames are not within institution control.

The Initial Review is sustained.

RWM:tlk

c:    Deputy Wakefield
      Deputy Whitman
      Mr. McGill
      Case Record
      Mr. Rackovan

*Exhibit-2B*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA 17022**

OFFICE OF THE
CHIEF HEARING EXAMINER

October 20, 2000

Shawn Jordon, BI-8942
SCI Rockview

Re:    DC-ADM 804 - Final Review
       Grievance No. ROC-0402-00

Dear Mr. Jordan:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance, including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:bjk

pc:    Superintendent Meyers

*Exhibit - A A - 1*

State Correctional Institution

RECEIVED

JUL 0 9 2001

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

| FOR OFFICIAL USE ONLY |
| --- |
| RCC-0518-01 |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

Supt's Assistant

| TO: FACILITY GRIEVANCE COORDINATOR RACKAVAN | FACILITY: ROCKVIEW | DATE: 7/8/01 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) Shawn Jordan (BI-8942) | SIGNATURE of INMATE: *Shawn Jordan* | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D-Block | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

   I have gotten colds from the cold weather, and yes rain do come into my cell. For the past (7½) years work orders has been put in by the (BCC) Block control center about the window system. The window system is controled by the (BCC), which now can not be control by the (BCC) because of the poor condition they are in.

   The widow system needs to be replaced with a new window system, I have been personally affected by the cold, hot and stormy weather. The maintenace dept. have to open and close the windows on D&A Block, the Winter time - the circulation on D&A Block are very poor, due to E.T.S. (environmental tobacco smoke) levels and the ventilation system that needs cleaning.

   When the ventilation system is turn on at a high speed, dust, mold, pollen, and other unknown mix dust comes out.

B. List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

R.W. Meyers supt., D.J. Wakefild, T.L. witman, L.H McGill.

Your grievance has been received and will be processed in accordance with DC-ADM 804. *Mr. McGill 7/16*

| *Jeffrey Rackovan* Conditions | 7/9/01 |
| --- | --- |
| Signature of Facility Grievance Coordinator | Date *Aug 7/23* |

WHITE - Facility Grievance Coordinator Copy    CANARY - File Copy    PINK - Action Return Copy    GOLDENROD - inmate Copy

Revised
July 2000

Exhibit- AA-1

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

Revised
December 2000

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.    #ROC-0518-01

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE 07/08/01 |
|---|---|---|---|
| Shawn Jordan, BI-8942 | SCIR | Bldg D | Received  07/09/01 |

The following is a summary of my findings regarding your grievance:

Mr. Jordan, Please be advised that funding is being appropriated through a non-recurring maintenance project to repair the windows in A & D Buildings.  Those funds should be available some time this summer.  Once materials are obtained work will begin.  Thank you for your concern.

JAR:tlk

c:    Deputy Tennis
      Deputy Whitman
      Mr. McGill
      Case Record
      Mr. Rackovan

| Print Name & Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| LEWIS H. McGILL JR. CFMM3 | Lewis H. McGill | 7.18.01 |

*Exhibit - AA - 1*

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
State Correctional Institution at Rockview
(814) 355-4874
July 25, 2001

SUBJECT:   Appeal to Grievance #ROC-0518-01

TO:        Shawn Jordan, BI-8942
           Building D

FROM:      R. W. Meyers
           Superintendent

You state in your appeal that all of your issues have not been addressed, however you fail to specify those that have not.  In reviewing your grievance you are complaining about the window system in Building D and state you have been "personally affected" by the weather, temperature, and particles that allegedly are circulated by the ventilation system.

The Initial Review response indicates the steps being taken to repair the windows on this unit.  We are aware the system is aged and in need of repair and have a plan to correct the situation.  The problem is not and has not been ignored and your grievance has been appropriately addressed.

The "personal affects" you indicate may or may not have been related to the window system.  They are medical issues and based on the number of inmates housed on this unit and the minimal grievances of this type received from D Building inmates over the years, it is obvious other inmates have been able to deal with the window system quite satisfactorily.

The Initial Review is sustained.

RWM:tlk

c:    Deputy Tennis
      Deputy Whitman
      Mr. McGill
      Case Record
      Mr. Rackovan

Exhitbit-AA-1

To: Mr. R.W. Meyers
    Supt. Rockview
    7/24/01  5:45 Pm.

Ref: Appeal of Grievance
     #ROC-0518-01



State Correctional Institution
RECEIVED
JUL 25 2001
at Rockview
Supt's Assistant's Office

        Enclosed you will fine a copy of my Grievance
and the Respond to it. I'm dissatisfied with the
disposition of ~~this~~ my Grievance. I'm Requesting a
Review on my Grievance. All of my Issues has
not been Address.

                                Thank You.
                                S. Jone

# Section

# D

Civil Action
1:CV-00-1387

Exhibit -CC-1

# SCI ROCKVIEW
## CONTRACT FOR RESIDENCE ON SMOKE FREE UNIT



I, _____, currently residing on _____ at SCI Rockview
   **(Inmate Name & DOC #)**                                      **(Block)**
request to live in the smoke free housing unit (BA) at SCI Rockview.

I agree to fully cooperate and adhere to the posted regulations/procedures, which include the following:

1.   No smoking tobacco products will be allowed in any area of the unit, including cells.

2.   Inmates residing on the smoke free unit will not be permitted to possess any smoking products on their person or in their cell. These items will be considered contraband.

3.   Once assigned to the smoke free unit, the inmate will **not** voluntarily be transferred off the unit for at least six (6) months.

4.   Violations of the above regulations will result in the issuing of misconducts, and removal from the unit.

5.   Inmates removed from the smoke-free unit for violations will be returned to their pervious unit unless determined otherwise by the unit team.

6.   Inmates housed on the smoke free unit agree that smoking tobacco will not be purchased from the institution commissary.

I further understand and agree that <u>all department and institution policies and procedures will remain in effect on the smoke-free unit.</u>


_____        _____
Inmate Name & Number (PRINT)            Inmate Signature & Date


_____        _____
Counselor Name (PRINT)                  Counselor Signature & Date

**POLICY STATEMENT**

Commonwealth of Pennsylvania ✳ Department of Corrections

| Policy Subject: | Policy Number: |
|---|---|
| SCI-ROCKVIEW SMOKING POLICY *Exhibit-2* | 15.3.6 ROC 1 |

| Date of Issue: July 28, 1994 Reissue October 1, 1998 | Authority: *R. W. Meyers* | Effective Date: 8/22/94 New Effective Date:10/1/98 |
|---|---|---|

## I. AUTHORITY

This policy is developed under the authority of the Secretary of Corrections delegated to the Superintendent for the issuance of this local policy.

## II. PURPOSE

To establish a SCI-Rockview smoking policy consistent with Department of Corrections Policy 15.3.6, "Smoking in Department of Corrections Building and Facilities" (5/20/94) and Management Directive 205.19, Smoking in Commonwealth Buildings/Facilities (7/01/97). This policy is designed to foster the health, safety and personal preference of all. It is not intended to totally prohibit smoking in SCI-Rockview buildings and structures, but does restrict it to specified areas and under certain criteria.

Smoking poses a significant risk to the health of the smoker and non-smoker. It can damage sensitive technical equipment and can be a safety hazard. In sufficient concentration, Environment Tobacco Smoke (ETS) can be hazardous to non-smokers in the work environment and may be harmful to individuals with heart and respiratory diseases or allergies related to tobacco smoke. Environment Tobacco Smoke (ETS) or exposure to secondhand smoke is expected to cause an additional 53,000 deaths annually in the United States, primarily due to lung cancer and heart disease.

Smoking accounts for over 400,000 deaths annually in the United States, and this policy is provided to assist employees, the public and inmates in finding a reasonable accommodation between those who do not smoke and those who do. It demonstrates the institution's desire to improve the health of all employees and inmates.

The purpose of this policy is to promote a safe and healthful environment for inmates, employees and the public associated with this institution. It is intended to reduce the health risks associated with exposure to Environment Tobacco Smoke while minimizing the inconvenience to individuals who smoke.

## III. APPLICABILITY

This policy applies to all employees, guests, contractors, vendors, public visitors and inmates who enter or work within SCI-Rockview buildings and other enclosed structures owned or leased by the institution. This includes but is not limited to this facility, administrative offices, state vehicles and adjoining property. It does not include state-owned residences that serve as the private/primary place of residence for state employees.

<u>Smoking</u> - Defined as a lighted cigar, cigarette, pipe or any other lit tobacco product. The act of emitting or exhaling smoke from a cigarette, cigar, pipe or other tobacco product.

<u>Environment Tobacco Smoke (ETS)</u> - Secondhand smoke, involuntarily inhaled, passive smoking of cigarette/cigar smoke.

<u>Smoke Free</u> - Prohibited from the use of smoking tobacco products, a no smoking area.

<u>Housing Area</u> - Inmate living quarters (i.e. cells, dormitories, rooms or other resident occupancy areas).

<u>Smokeless Tobacco</u> - Tobacco that is not lit but chewed or introduced into the mouth.

<u>Non-smoker Preference</u> - When a conflict exists between the preferences of smoker and nonsmoker, the non-smoker's preference shall prevail.

## V.    **POLICY**

It is the policy of SCI-Rockview to respect the preferences of both the non-smoker and the smoker in all of the institution buildings. This shall be interpreted to also include Commonwealth vehicles. When these preferences conflict, the preferences of the non-smoker shall prevail. The right of an individual to protect his or her health shall take precedence over an individual's desire to smoke. Smoking shall be permitted/prohibited as specified herein.

The policy shall be consistent with the Commonwealth of Pennsylvania regulations covering smoke in buildings and facilities (Management Directive 205.19 dated 7/01/97 and Administrative Circular 97-14 dated 4/18/97). It is the policy of the SCI-Rockview to provide and maintain a smoke free workplace. It is also recognized that implementing a smoke free policy on the inmate population may have negative ramifications. Therefore, Facility Managers may create and maintain non-smoking inmate housing units and or celling arrangements.

## VI.   **PROCEDURE**

A.    The following areas and/or buildings will be considered as **NON-SMOKING**.

1.    Armory
2.    Activities Trailer - to include Weight Room
3.    Chapel

4.    Correctional Industries:
      a.    Apple Storage Building
      b.    Cannery - **to include smokeless tobacco products**
      c.    Office Area
      d.    Barns
      e.    Tractor Shop
      f.    Warehouse

5.    DW Control Building
6.    Commissary

2

        a.   Auditorium
        b.   Boxing Room
        c.   Dining Halls - **to include smokeless tobacco products**
        d.   Food Preparation Area - **to include smokeless tobacco products**
        e.   Music Room
        f.   Staff Dining Hall - **to include smokeless tobacco products**

    8.   Commissioned Officer's Locker Room
    9.   Education Building
    10.  Forestry Offices
    11.  Laundry - Inmates and staff may <u>only</u> smoke in the outer area of the officer's desk on the north side or the outside of the northside exit.  Staff may only smoke during their designated break periods while assigned in the Laundry building area.

    12.  Mailroom

    13.  Maintenance Department:
        a.   All Shops
        b.   Boilerhouse
        c.   Greenhouse
        d.   Lawn Shop
        e.   Office
        f.   State Garage
        g.   Water Filtration Plant

    14.  Property Trailer
    15.  Rotunda - All Floors
    16.  Storeroom
    17.  Telephone Room - to include PBX Room

    18.  Treatment Building - All Floors
        a.   Staff wishing to smoke outside of the Treatment Building must only use the compound exit for this purpose during their designated break periods.

        b.   Visiting Room - Guests and inmates may only smoke in the outside visiting yard area when the visiting yard is open.

B.   The following areas will be considered as areas authorized for smoking provided that the preference of a non-smoker would prevail.

    1.   Vending Room <u>only</u> of the non-commissioned officers' locker room.

    2.   Commonwealth vehicles - provided there is no occupant(s) as a non-smoker as preference would prevail.  Any employee who wishes to smoke must first announce his/her intention and seek consent from the other occupants prior to the initiation of smoking.

**BULLETIN**
**Commonwealth of Pennsylvania • Department of Corrections**

| TO: | Policy Subject: |
|---|---|
| Executive Staff Superintendents CCC Regional Directors | **SMOKING IN DEPARTMENT OF CORRECTIONS BUILDINGS AND FACILITIES** **SCI-ROCKVIEW SMOKING POLICY** |
| | Policy Number: **15.3.6 ROC 1-2** |
| | Policy Issue Date: **10/01/98** |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **4/17/00** | | **4/17/00** |

The purpose of this bulletin is to formally delete the use of all tobacco products, including smoking from the local smoking policy of SCI-Rockview that was effective 10/01/98. VI. Procedures, Part C4 and C7 will be changed as follows:

> **#4 D Building (specifically AC unit) –** Inmates housed in administrative custody status in the AC unit of D building will no longer be permitted to purchase and/or use tobacco products.

> **#7 G Building (RHU) –** Inmates in disciplinary custody are prohibited from using, purchasing or possessing any tobacco products while confined to the RHU of G building. The pantry area of G building will also be considered a nonsmoking area. The control booth area, however, will be authorized as a smoking area as long as the preference of the nonsmoker prevails.

Dist:  Department Heads
       Unit Managers
       Captains
       Mr. Sager
       Employee Bulletin Boards



**BULLETIN**
**Commonwealth of Pennsylvania • Department of Corrections**

| TO: | Policy Subject: |
|---|---|
| Executive Staff<br>Superintendents<br>CCC Regional Directors | **SMOKING IN DEPARTMENT OF CORRECTIONS BUILDINGS AND FACILITIES**<br><br>**SCI-ROCKVIEW SMOKING POLICY** |

| | Policy Number:   **15.3.6 ROC 1-3** |
| | Policy Issue Date:   **10/01/98** |

| Date of Issue:<br><br>**5/15/00** | Authority:<br><br>*[signature]* | Effective Date:<br><br>**7/31/00** |
|---|---|---|

The purpose of this bulletin is to formally include housing unit C Building, B Section as a non-smoking unit effective July 31, 2000. There will be no smoking permitted in this housing and treatment unit on and after the above noted date.

Distribution:
Department Heads
Unit Managers
Captains
Mr. Sager
Employee Bulletin Boards

cigars and/or pipes may only leave their assigned areas and/or office for this purpose during their assigned breaks.

C.    Inmate Housing Areas

    1.    A Building - Smoking is permitted in cell areas and in blockout areas from Cell #13 to the end of the level excluding the Counselors/Unit Manager's area during work hours and from Cell #25 to Cell #31 to include the far west end.  There is no smoking in telephone areas.

    2.    B Building

        a.    B-A will be a non-smoking unit.

        b.    B-B - Smoking will be permitted in cells only.  There is no smoking in the blockout area, levels or officer's desk area.

        c.    B-C - Smoking will be permitted in cells and the TV section from Level 1 cells 19/20 to cells 9/30.  Smoking will not be permitted in the Group Room, telephone areas, upper level, stairs, clothing room, showers or officer's desk area.

    3.    C Building

        a.    C-A - Smoking is permitted in cell areas and will only be permitted on Level 1 of the blockout from the front entrance of the unit to the steps toward the office.  There will be no smoking in telephone areas.

        b.    C-B - Smoking is permitted in cell areas and will only be permitted on Level 1 of the blockout from cells 9/50 to 20/35.  There will be no smoking in telephone areas.

    4.    D Building - Smoking is permitted in cells and blockout areas except the front half of Level 1 (Cell 1-13).  Inmates in the AC Unit of D Building may smoke as noted in Administrative Directive 802.  There will be no smoking in telephone areas of the unit.

    5.    E Building - A Section will be non-smoking while B Section will be smoking.  Smoking is not permitted in the Day Room.

    6.    F Building - B Section will be non-smoking while A Section will be smoking.  Smoking is not permitted in the Day Room.

    7.    G Building (RHU) - Smoking is permitted in cells only and as established in Administrative Directive 801 and the Operating Procedures and Regulations of the RHU.  The pantry area of G Building will be non-smoking as is the office area.

    8.    Forestry Unit and Area - All trailers housing inmates and offices at the Forestry Unit are designated as non-smoking.  Inmates will be permitted to smoke in the TV Room

Obviously, the kitchen and dining room areas that are housed in trailers will be designated as non-smoking. Also, the garage and saw shop are non-smoking.

D.   Inmates who are non-smokers shall be housed in a cell with another non-smoking inmate if they request to do so. In the event the non-smoking inmate requests to be assigned with a specific inmate who is a smoker, his request may be honored provided there are no overriding security concerns. This request shall be documented in the DC-15, waiving his rights to cell/room with a non-smoker.

E.   Non-smoking inmates currently assigned to a cell with a smoking inmate may request to be reassigned to another cell/room. The Unit Manager or staff responsible for assignment will establish a waiting list for these moves. Actual cell reassignments shall be based on availability, appropriateness of cell/cellmates, an inmate's health condition which may be aggravated by ETS and the inmate's position on the list.

F.   The Facility Manager may make exception to the above depending on space availability and security requirements of his/her facility.

G.   Designated outdoor areas will have appropriate receptacles available.

H.   <u>Education and Smoking Cessation</u> - New employees and inmates will be oriented regarding the smoking policy. Literature on the hazards of smoking will be provided to all employees and inmates on an annual basis, and smoking cessation videos will be presented over the inmate channel on a quarterly basis. In addition, anti-smoking classes for employees will be held on training day.

I.   <u>Staff, Public and Inmate Notification</u>
     Throughout the buildings, there are numerous areas where smoking shall be prohibited and shall be posted with appropriate signs.

     1.   Signs displaying the following statement shall be permanently posted at the entrance to buildings and SCI-Rockview: "SMOKING IS PROHIBITED EXCEPT IN DESIGNATED AREAS."

     2.   Smoking and non-smoking signs shall be prominently displayed.

     3.   A copy of this local directive, Management Directive 205.19 and Administrative Circular 97-14 shall be posted on employee bulletin boards.

I.   Where local ordinances on smoking are more restrictive than this policy, compliance with local ordinances shall prevail.

J.   <u>Institutional Maintenance Department Responsibilities</u>
     The Facility Maintenance Manager shall ensure that there is adequate exhaust/ventilation in areas where smoking is permitted. Fans shall be regularly maintained. Filters shall be changed at regular intervals to prevent build-up of ETS which would compromise the rights of non-smokers. Where feasible, filtration systems may be installed in authorized smoking areas.

In an emergency situation or extended disruption of normal institutional operation, any provision or section of this policy may be suspended by the Secretary or his/her designee for a specific period of time.

## VIII.  RIGHTS UNDER THIS POLICY

A.    This policy does not create rights in any person, nor should it be interpreted or applied in such a manner as to abridge the rights of an individual.  This policy should be interpreted to have sufficient flexibility so as to be consistent with law and to permit the accomplishment of the purpose of the policies of the Department of Corrections.

B.    Nothing contained herein shall be construed to impair or diminish or otherwise affect any contractual agreement, collective bargaining agreement, collective bargaining rights or collective bargaining procedures.

## IX.   SUPERSEDED POLICY AND CROSS REFERENCE

This policy supersedes any previous policy on this subject.

Administrative Manual Cross References:    Management Directive 205.19 (7/01/97) and Administrative Circular 97-14

ACA Cross References:  3 - 4363

TLW:deh
c: Superintendent, Deputies (2), Department Heads, Unit Managers, Captains/Shift Commanders, Employee Bulletin Boards, Mr. Sager



**POLICY STATEMENT**
**Commonwealth of Pennsylvania • Department of Corrections**

| Policy Subject: | Policy Number: |
|---|---|
| **Smoking in the Department of Corrections** | 1.1.7 |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **November 6, 2000** | *Martin F. Horn* (signature)<br>**Martin F. Horn** | **December 4, 2000** |

## I.  AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206 and 506 and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186 and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II.  PURPOSE

The purpose of this document is to establish policy and procedure for the smoking of tobacco products in the Department of Corrections.

## III.  APPLICABILITY

This policy applies at all Department of Corrections facilities.

## IV.  DEFINITIONS

### A. Environmental Tobacco Smoke (ETS)

Secondhand tobacco smoke, involuntarily inhaled, passive smoke of a cigarette, cigar and/or pipe.

### B. Housing Area

Inmate living quarters (i.e. cells, dormitories, rooms or other resident occupancy areas).

### C. Nonsmoker Preference

When a conflict exists between the preference of a smoker and a nonsmoker, the nonsmoker's preference shall prevail.

### D. Smoke Free

Prohibited from the use of smoking tobacco products, a no smoking area.

### E. Smoke Less Tobacco

Tobacco that is not lit but chewed or introduced into the mouth.

### F. Smoking

A lighted cigarette, cigar, pipe or any other lit tobacco product. The act of emitting or exhaling smoke from a cigarette, cigar, pipe or any other lit tobacco product.

## V.   POLICY

It is the policy of the Department of Corrections to provide a smoke free environment consistent with the Commonwealth of Pennsylvania Management Directive 205.19 by specifying permitted/prohibited smoking areas in each of its facilities.

## VI.   PROCEDURES

### A. General

1. The Department of Corrections shall respect the preferences of both the nonsmoker and the smoker in buildings and facilities. When these preferences conflict, management and Department employees should endeavor to find a reasonable accommodation. When such an accommodation is not possible, the preferences of the nonsmoker shall prevail.

2. Employees shall be permitted to smoke when riding with nonsmokers In Commonwealth vehicles provided there is no objection from any of the occupants. Nonsmoker option prevails. Any employee wishing to smoke must first announce his/her intention and seek consent from the other occupants prior to initiation of smoking.

3. To further enhance this policy, employees who smoke should be offered information about the dangers involved in smoking and offered opportunities to change to a nonsmoking lifestyle.

4. Smokers seeking assistance should be offered it on a regular basis. The Department's Medical, Personnel, or Training Divisions can arrange education and cessation programs. Additionally, low cost programs are available from several community organizations.

B. **Smoking in Central Office**

1. Smoking is not permitted within the Department of Corrections Central Office Buildings.

2. Smoking shall be limited to designated outside areas adjacent to each building.

C. **Smoking in Department of Corrections Facilities**

1. Each Facility Manager shall negotiate with their respective local bargaining units to develop local smoking procedures that includes authorized/unauthorized smoking areas and the use of smokeless tobacco; except areas specifically identified in Management Directive 205.19.

2. Smoking Permitted Areas

    The following shall be designated as authorized smoking areas as long as the preference of the nonsmoker prevails:

    a. Private enclosed offices provided there are not objections from any visitors, and that doors are kept closed during smoking so as to prevent ETS infiltration into other areas of the facility.

    b. Specifically designated employee lounges/inmate break areas.

    c. Designated outdoor areas, provided proper receptacles are used.

    d. Where local ordinances on smoking are more restrictive than this policy, compliance with local ordinances shall prevail.

3. Smoking Prohibited Areas

    Throughout buildings and facilities there are numerous areas where smoking, and the use of smokeless tobacco, shall be prohibited and shall be posted with appropriate signs.

    a. Smoking is not permitted in common areas such as the following:

        (1)  Visiting room;
        (2)  Lobby area/living room areas;
        (3)  Elevators;
        (4)  Auditoriums;
        (5)  Gymnasiums/weight rooms;
        (6)  Libraries;
        (7)  Chapels/Religious Service Centers;
        (8)  Vocational and Educational classrooms, work and industrial areas;
        (9)  Conference rooms;
        (10) Barbershop/hair salons;

(11)   Hallways, corridors, stairways;
(12)   Inmate dining rooms, food preparation and storage areas;
(13)   Inmate housing dayrooms/common areas, multipurpose rooms;
(14)   Commonwealth vehicles, except as provided in Section A 3;
(15)   At least one (1) housing unit pod in the facility;

When a housing unit pod is being considered for a designation of "no smoking", the air handling system of the area must be taken into account and it must be determined if the air handling system is independent of the rest of the building itself. A housing unit pod may only be designated as "no smoking" if it has an independent air handling system. In the event that a single housing unit pod cannot be designated as "no smoking" because of the air handling system, then the entire housing unit is to be designated as "no smoking".

(16)   Dormitories specifically designated as no smoking. The local Facility Manager may designate smoking and no smoking dormitory areas;
(17)   Commissary;
(18)   Group meeting areas;
(19)   Administration Building, except where designated.

b. Smoking shall not be permitted in any medical infirmary/mental health facility where patient care is provided. In wards/cells/rooms for inpatient care, there shall be no smoking, except as authorized by the Corrections Health Care Administrator/Medical Director.

c. Smoking is prohibited in hazardous areas where combustible fumes can collect or where records and supplies would be exposed to hazards from fire, ash or smoke. These include, but are not limited to, work areas such as vocational shops, laundry, maintenance shops, computer facilities, records rooms, storage rooms, warehouse, photocopy/duplicating rooms, auto shops, near gasoline pumps/fuel storage tanks, etc.

4. Inmate Housing Assignments

a. Unit Managers or staff responsible for the assignment of inmates to cells/rooms shall:

(1)   Make a determination of the inmate's smoking and nonsmoking preference prior to initiating the placement and upon arrival at the facility.
(2)   Every attempt shall be made to honor inmates' smoking preference. Inmates who are nonsmokers may be housed in a cell/room with another nonsmoking inmate. In the event the nonsmoking inmate requests to be assigned with a specific inmate who is a smoker, his/her request may be honored provided there are no overriding security concerns. This request shall be documented in the DC-I 5, waiving his/her rights to cell/room with a nonsmoker.
(3)   Nonsmoking inmates currently assigned to a cell/room with a smoking inmate may request to be reassigned to another cell/room. The Unit Manager or staff

responsible for assignment will establish a waiting list for these moves. Actual cell/room reassignments shall be based on availability, appropriateness of cell/room mates, an inmate's health condition which may be aggravated by ETS and the inmate's position on the list.

(4)  The Facility Manager may make exceptions to the above depending on space availability and security requirements of his/her facility.

5.  Smoking Cessation Programs

Facility Management staff shall encourage smoking cessation programs and may request I.G.W.F. funding for such programs for inmates.

6.  Indigent Inmates

The policy of providing indigent inmate tobacco products, at no cost, is rescinded. Title 61, Sections 123 and 382, allowing for this practices has been repealed and providing inmates tobacco at no cost is an encouragement to continuing the unhealthful practice of smoking.

7.  Education and Smoking Cessation

1.  The provisions of this policy shall be made a part of the orientation for both employees and inmates.

2.  Literature on the health hazards of smoking, including the effects of ETS, shall be provided to all employees and inmates.

3.  In addition to their orientation, employees and inmates should be provided access to educational programs on the hazards of smoking and ETS. Smoking cessation programs may be provided to all inmates and employees on a voluntary basis.

8.  Staff, Public and Inmate Notification

a.  Signs displaying the following statement shall be permanently posted at the entrance to buildings and facilities of the Department of Corrections: "**SMOKING IS PROHIBITED EXCEPT IN DESIGNATED AREAS**"

b.  Smoking and nonsmoking signs shall be prominently displayed.

c.  A copy of this policy and Management Directive 205.19 shall be posted on employee bulletin boards.

9.  Institutional Maintenance Department Responsibilities

The Facility Manager shall ensure that there is adequate exhaust/ventilation in areas where smoking is permitted. Fans shall be regularly maintained. Filters shall be changed at regular intervals to prevent build-up of ETS, which would compromise the rights of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas.

## VII. SUSPENSION DURING EMERGENCY

In an emergency situation or extended disruption of normal institutional operation, any provision or section of this policy may be suspended by the Commissioner or his/her designee for a specific period of time.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility so as to be consistent with law and to permit the accomplishment of the purpose of the policies of the Department of Corrections.

## X. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

#### 1. Policy

This policy document is public information and may be released to members of the public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

#### 2. Procedure Manual (if applicable)

The procedure manual for this policy is not public information and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee.  This manual or parts thereof, may be released to any Department of Corrections employee on an as needed basis.

### B. Distribution of Policy

#### 1. General Distribution

The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

2. **Distribution to Staff**

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X.    SUPERSEDED POLICY and CROSS REFERENCE

### A. Superseded Policy

1. **Department Policy**

This document supersedes the following documents:

   a. 15.3.6, Smoking in Department of Corrections Buildings and Facilities issued November 9, 1998, by Secretary Martin F. Horn
   b. 15.3.7, Central Office Smoking Policy issued May 10, 1995, by Secretary Martin F. Horn

2. **Facility Policy and Procedure**

This document supersedes all facility policy and procedure on this subject.

### B. Cross Reference(s)

1. **Administrative Manuals**

None

2. **Accreditation Standards**

   a. **Administration Of Correctional Agencies:** None

   b. **Adult Correctional Institutions:** None

   c. **Adult Community Residential Services:** None

   d. **Adult Correctional Boot Camp Programs:** None

   e. **Correctional Training Academies:** None



**BULLETIN**
**Commonwealth of Pennsylvania • Department of Corrections**

| TO:<br><br>Executive Staff<br>Superintendents<br>CCC Regional Directors | Policy Subject:<br>**SMOKING IN DEPARTMENT OF CORRECTIONS BUILDINGS AND FACILITIES**<br><br>**SCI-ROCKVIEW SMOKING POLICY** |
|---|---|
| | Policy Number:  **15.3.6 ROC 1-1** |
| | Policy Issue Date:  **10/01/98** |

| Date of Issue:<br><br>**10/22/99** | Authority:<br><br>*[signature]* | Effective Date:<br><br>**10/25/99** |
|---|---|---|

The purpose of this bulletin is to formally amend SCI-Rockview's Smoking Policy (15.3.6 ROC 1) effective 10/01/98 in order to accommodate the agreement between the institution and PSSU.  Therefore, VI. Procedures, A#18 shall read as follows:

**Treatment Building – All Floors excluding PSSU members.**

a. **Staff, excluding PSSU members, wishing to smoke must smoke outside of the Treatment Building by utilizing only the compound exit for this purpose during their designated break periods.**

b. **PSSU members who presently have assigned offices on the second floor of the Treatment Building will be permitted to smoke in the assigned smoke room near the entrance of the Copy Room.  This room will be vented outside.**

   **PSSU members assigned to the Treatment Building will be permitted to smoke at their discretion in this assigned smoke room, BUT not to exceed their allotted break time for their AM and PM break periods or during their assigned lunch period.**

c. **Visiting Room guests and inmates may only smoke in the outside yard area when the Visiting Room is open.**

# Section

# E

Civil Action
1: CV-00-1387

*Exhibits - YY*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                           :

     Plaintiff                    :

                               :    AFFIDAVIT

     v.                           :    CIVIL NO. 1:00-CV-1387

                               :

ROBERT W. MEYERS,                       :

Superintendent, et al.                  :

     Defendantes                  :

I, _Shawn Jordan_ 3I 8742 hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to ~~this~~ these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_    St. _PA_ .

Date: _7/17/01_

                                 Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                           :

     Plaintiff                         :

                              :        AFFIDAVIT

     V.                                :        CIVIL NO. 1:00-CV-1387

                              :

ROBERT W. MEYERS,                       :

Superintendent, et al.                  :

     Defendantes                       :

I, __William Jones CX9341__ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to ~~this~~ these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City __Bellefonte__    St. __PA__  .        __William Jones__

                                             Signature

Date: __7-15-01__

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                         :
    Plaintiff                     :
                                    :         AFFIDAVIT
    V.                            :         CIVIL NO. 1:00-CV-1387
                                      :
ROBERT W. MEYERS,                     :
Superintendent, et al.                :
    Defendantes                   :

---

I, _JAMES J. WALKER AT-2924_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for ~~the~~ 8½ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to ~~this~~ these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_    st. _PA_    .

Date: _7-15-01_

_Mr. J.J. Walker_
Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                    :

    Plaintiff             :

                    :         AFFIDAVIT

    V.                   :         CIVIL NO. 1:00-CV-1387

                    :

ROBERT W. MEYERS,                :

Superintendent, et al.           :

    Defendantes          :

_____

I, Maurice Collins - AS-1394 hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to ~~this~~ these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City BelleFonte        St. PA    .

                                     Maurice Collins AS-1394

                                       Signature

Date: 9-15-01

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

     Plaintiff                       :

                                 :         AFFIDAVIT

     V.                              :         CIVIL NO. 1:00-CV-1387

                                 :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

     Defendantes                     :

_____

CE 9388

I, _Eli JAH LoFToN_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _BelleFonte_ st. _PA_ .

Date: _7/17/2001_

_Elijoh Lofton_
Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

     Plaintiff                      :

                            :        AFFIDAVIT

     V.                             :        CIVIL NO. 1:00-CV-1387

                            :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

     Defendantes                    :

---

I, DARNELL HOLLAND #DE6812    hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City Bellefonte    st. Pa. .

Date: 7/17/01

                                        Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                     :

    Plaintiff                :

                    :         AFFIDAVIT

    V.                       :         CIVIL NO. 1:00-CV-1387

                    :

ROBERT W. MEYERS,                 :

Superintendent, et al.            :

    Defendantes              :

I, *David Snyder #DV-5084* hereby declare:

The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City *Bellefonte* st. *PA* .

Date: *2-17-01*

                              Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                           :
    Plaintiff                       :
                                  :        AFFIDAVIT
    V.                              :        CIVIL NO. 1:00-CV-1387
                                  :
ROBERT W. MEYERS,                       :
Superintendent, et al.                  :
    Defendantes                     :

---

I, _LEROy DAShiELl # AY7628_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

city _Bellefonte_    st. _PA_ .

Date: _7-17-2001_

                                            Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                      :

                                        :        AFFIDAVIT

    V.                            :        CIVIL NO. 1:00-CV-1387

                                        :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                    :

---

I, _Nolan Bizzell AS-3453_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_    st. _PA_ .

Date: _7/17/01_

Signature _Nolan Bizzell_

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                     :

                        :          AFFIDAVIT

    V.                            :          CIVIL NO. 1:00-CV-1387

                        :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                   :

I, _Kenneth Parnell_ AY6632 hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_ st. _PA_ .

                                         Signature

Date: _7/17/01_

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                       :

                           :          AFFIDAVIT

    V.                              :          CIVIL NO. 1:00-CV-1387

                           :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                     :

_____

I, _George Russell CE9407_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte,_    St. _PA._ .

Date: _7/17/01_

_____
Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

     Plaintiff                        :

                                :      AFFIDAVIT

     V.                               :      CIVIL NO. 1:00-CV-1387

                                :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

     Defendantes                      :      EG3988

I, _Carlos Carrion_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte._    st. _PA._           _Carlos Carrion_
                                          Signature

Date: _7/17/01_

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                :

    Plaintiff          :

                        :        AFFIDAVIT

    v.                 :        CIVIL NO. 1:00-CV-1387

                        :

ROBERT W. MEYERS,       :

Superintendent, et al.  :

    Defendantes       :

---

I, _Daniel D. Lessard AP-9101_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_ St. _PA_ .

Date: _7-12-01_

                                       Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                      :

                       :        AFFIDAVIT

    V.                             :        CIVIL NO. 1:00—CV—1387

                       :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                    :

_____

I, _TRAVIS Veal AS-3188_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_    St. _PA_ .

Date: _7/17/01_

_____

Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                      :

                                            :        AFFIDAVIT

    V.                             :        CIVIL NO. 1:00-CV-1387

                                            :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                    :

I, _Jerome C. Bigelow #AS-0491_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for 8½ years, the (BCC) Block Control Center can not open and close the windows – due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed – Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to ~~this~~ these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks – due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_   St. _Pa_ .

Date: _7/17/01_

                                         _Jerome C. Bigelow_
                                                Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

    Plaintiff                     :

                          :          AFFIDAVIT

    V.                            :          CIVIL NO. 1:00-CV-1387

                          :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

    Defendantes                   :

_____

I, ___T. Fugatt___ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellfonte_ St. _PA_ .

Date: _7.15.01_

                                    _____

                                    Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :

     Plaintiff                      :

                           :          AFFIDAVIT

     V.                             :          CIVIL NO. 1:00-CV-1387

                           :

ROBERT W. MEYERS,                      :

Superintendent, et al.                 :

     Defendantes                    :

---

I, _Richard Long BC-1068_ hereby declare:

    The windows system needs to be replaced, inmates are being exposed to the Cold, Hot, and Stormy weather. The Maintenance Dept. open and close the windows, because the window system is not in a working condition. D & A block windows system been in this condition for $8\frac{1}{2}$ years, the (BCC) Block Control Center can not open and close the windows - due to the condition they are in.

    The Ventilation system needs to be cleaned or replace, when it is turned on at a high speed - Dust, Mold, Pollen, and other unknown mixed dust comes out of the ventilation system. Any one with a Respiratory Disease, who is living on D and A Block are being exposed to these living conditions. There are about 200 to 400 inmates on D and A block, who smoke on a daily bases. Winter time, the windows are closed, and the E.T.S. levels are very high on the blocks - due to the very poor ventilation system.

I declare under penalty of perjury that the above statement is true and correct.

City _Bellefonte_ st. _Pa_ .

Date: _7-17-01_

                                               Signature

# Section

# F

Civil Action
1:CV-00-1387

Exhibit - RR



EMERGENCY EVACUATION ROUTES

BUILDING D - Housing Unit

PRIMARY EXIT ⟶

SECONCARY EXIT - - - ⟶

STD—549    REV. 2—79

# WORK ORDER

| ☒ REPAIR   ☐ NEW WORK | REQUESTED BY R. Graxy | DATE 4.5.00 | JOB NO. LA 0224 |

| LOCATION Bld D | CODE NO. | SUPERINTENDENT'S OFFICE |
| | | SUPERINTENDENT/ADMINISTRATOR |

DESCRIPTION OF WORK (IF SHUT-DOWN IS NEEDED, STATE DATE OF AVAILABLE EQUIPMENT)

DATE

Close 2 Windows

ENGINEER'S OFFICE

| APPROVED | DATE |

PRIORITY:
☐ ROUTINE    ☐ URGENT
☐ SEE ENGINEER _____

FOREMAN

REPORT OF COMPLETED WORK

Completed

SHOP

DATE SCHEDULED

50

DATE STARTED    4/5/00

DATE COMPLETED    4/5/00

COMPLETED BY

INSPECTOR    JR

NOTE:  LIST LABOR AND MATERIALS ON REVERSE SIDE

Exhibit - 22

COMMONWEALTH OF PENNSYLVANIA
STD-549
REV. 2-79

# WORK ORDER

①

| ☑ REPAIR ☐ NEW WORK | REQUESTED BY *Jallar* | DATE 5-8-00 | JOB NO. LA 0273 |
|---|---|---|---|

LOCATION  *Bld A*

SUPERINTENDENT'S OFFICE
SUPERINTENDENT/ADMINISTRATOR

DESCRIPTION OF WORK (IF SHUT-DOWN IS NEEDED, STATE DATE OF AVAILABLE EQUIPMENT)

*Open all block windows.*

DATE

ENGINEER'S OFFICE

APPROVED *Stamf*   DATE *5-8-00*

PRIORITY:
☐ ROUTINE    ☐ URGENT
☐ SEE ENGINEER _____

FOREMAN

REPORT OF COMPLETED WORK   *Complete*

SHOP

DATE SCHEDULED

DATE STARTED *5/30/00*

DATE COMPLETED *6/1/00*

COMPLETED BY *Eckl*

INSPECTOR

*16/64*

NOTE:  LIST LABOR AND MATERIALS ON REVERSE SIDE

*Exhibit - 22*

COMMONWEALTH OF PENNSYLVANIA
STD-849    REV. 2-79

# WORK ORDER

1

| ☒ REPAIR  ☐ NEW WORK | REQUESTED BY Col Henry | DATE 1-23-00 | JOB NO. EL 0082 |
|---|---|---|---|

| LOCATION BLDG 0 - Office - Smoke Exhaust AND Ventilation | CODE NO. | SUPERINTENDENT'S OFFICE |
|---|---|---|

SUPERINTENDENT/ADMINISTRATOR

DESCRIPTION OF WORK (IF SHUT-DOWN IS NEEDED, STATE DATE OF AVAILABLE EQUIPMENT)

All lights out AND SEAMS to be shorted out. Can't
Open panel Door to replace bulbs If we had them.

DATE

ENGINEER'S OFFICE

APPROVED *Amg*    DATE 1·24·00

PRIORITY:
☐ ROUTINE    ☐ URGENT
☐ SEE ENGINEER _____

FOREMAN

REPORT OF COMPLETED WORK

SHOP

DATE SCHEDULED

DATE STARTED

30 MIN.   1/5

DATE COMPLETED
1-25-00

COMPLETED BY
*J. Belinda*

INSPECTOR

NOTE: LIST LABOR AND MATERIALS ON REVERSE SIDE

Exhibit-22

Ventilation Report-

# Section



civil Action
1:CV-00-1387

*Exhibit - DDD*

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN                          :
     PLAINTIFF,                      :
                                     :
     V.                              :      CIVIL NO. 1:00-CV-1387
                                       :
ROBERT W. MEYERS,                     :
SUPERINTENDENT, ET AL.                :
            DEFENDENTS               :

### Plaintiff Responds to Defendant:
### "Answer" to Complaint

#### Defendant Second Defense

    In Cruz, the court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". 405 U.S.at 332 quoting from conley V. Gibson, 355 U.S. 41, 45-46 (1957); Cruz V. Beto, 405 U.S. 319 (1972) ; Haines V. Kerner, 404 U.S. 519 (1972).

#### Defendants Third Defense

    Defendants are not immune from damage suits. The courts have given some public officials a special protection against lawsuits for damages. This protection is called "immunity". The courts will not impose a judgment for money damages on a judge, a legislator, or anyone else who was acting "as an integral part of the judicial or legislative process". The U.S. Supreme Court has ruled that prison officials do not have this kind of "absolute immunity". Procunier V. Navarette, 434 U.S. 555 (1978).

#### Defendants Fourth Defense

"Good Faith" means the defendants honestly did not mean to violate plaintiff rights or harm plaintiff in any other way, and defendants was reasonable in believing that his or her actions was permissible.

    One way to defeat the defense of "Godd Faith" is to show that

1) the constitutional or legal rights which defendants violated was clearly established at the time; (2) Defendants knew or should have known of the right (see smoking policy/Cases A,B&D); and (3) Defendants knew or should have known that his or her actions would violate plaintiff rights (see smoking policy/cases (A,B&D). Defendants could not have acted in Good Faith, because of smoking policy defendants have issued to staff and inmates. See: Smoking Policy - (A) 15.3.6 ROC1, (B) 1.1.7.. Also see (D): Donald K. Croweder, et al, V. Sharon Patt Kelly, Nos. Civ. A. 94-702, Civ. A. 94-1603, Civ. A. 94-2269, Civ. A. 942136. Within the U.S. Constitution, the main protection against actions by state officials is found in the <u>Fourteen Amendment:</u> "No state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". Courts have ruled that both clauses protect prisonerSee: Johnson V. Avery, 393 U.S. 483 (1969) Due process; McClelland V. Sigler, 327 F. Supp. 829 (Nebraska 1971), aff'd. 456 F. 1266 (8th Cir. 1972) Equal Protection).

## Defendants Fifth Defense

Plaintiff are most likely to win damages if plaintiff suffered an actual physical injury. The defendants who are responsible should reimburse plaintiff for medical and other expenses, for any wages plaintiff lost, for the value of any part of plaintiff body or physical functioning which cannot be replaced or restored, and for plaintiff "pain and suffering". This is called "Compensatory Damages". If plaintiff have not been physically hurt, a court can still award "nominal damages" for plaintiff mental anguish and for the very fact that plaintiff were deprived of plaintiff rights. See: Marshall V. Sawyer, 301 F. 2d. 639, 646 (9th Cir. 1962); Basista V. Weir, 340 F. 2d. 74 (3rd. Cir. 1965). Plaintiff may also recover damages from top officials for acts of subordinates who those officials negligently trained or supervised. See: Carter V. Carlson, 447 F. 2d. 358 (D.C. Cir. 1971) Robert V. Williams, 456 F. 2d. 819, 823 (5th Cir. 1972).

WHEREFORE, plaintiff complaint should be granted without prejudice.

Respectfully Submitted,

Mr.Shawn Jordan Pro Se

cc: Seth A. Mendelsohn
    Office of Attorney General
    15th Floor, Straqberry Sq.
    Harrisburg, Pa. 17120

Date: 9/16/01

*exhibit - A1*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,               :

                             :

        Plaintiff          :

                             :

        v.              :       No. 1:CV-00-1387

                             :       (Judge Caldwell)

DAVID J. WAKEFIELD, <u>et</u> <u>al.,</u>   :

                             :

        Defendants     :

### <u>DEFENDANTS' ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS</u>

Defendants, M.D. Horn, J.A. Rackovan, H.I. Yancey, R.S. Bitner, J.A. Beard, T.L. Whitman, D.J. Walls, and R. W. Meyers, by their attorneys hereby respond to plaintiff's requests for admissions as follows:

"1.    It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distributuin" [sic] to ensure that each employee expected or requeired [sic] to perform the necessany [sic] procedures and duties is [sic] issued a copy of the policy and procedures."

**<u>RESPONSE</u>**:       ADMITTED that all policies are distributed in accordance with Department of Corrections Policy Management Procedures Manual 1.1.1 which is attached.

"2.    It is the facility maintenance manager [sic] duty to ensure that there is adequate exhaust and ventilation in area's [sic] where smoking is permitted. Fans shall be regulary [sic] maintained. Filters shall be changed at regular intervals to "prevent build-up of E.T.S.", which would be [sic] compromise the right of nonsmokers. Where feasible, filtration systems may be installed in authorized smoking areas."

**RESPONSE**:    ADMITTED that filters are to be changed at regular intervals and that where feasible, filtration systems may be installed in authorized smoking areas. By way of further answer, there are no regulations which prescribe when filters must be changed or when filtration systems must be installed. Each and every remaining averment in this paragraph is DENIED.

"3.    All work-orders must be approved by the superintendent/Administrator before it can be approved by Engineer's [sic] officer, before any work can be done. Theses [sic] are the procedures that all employees in the maintenance department must follow.

**RESPONSE**:    ADMITTED only that the Superintendent must approve all work orders for new construction. Otherwise, the averments in this paragraph are DENIED.

"4.    The Ventilation/Exhaust system [sic] on "D and A Housing Units" do not use or have a filtration system.

**RESPONSE**:    ADMITTED.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**


By:    *Gregory R. Neuhauser*
*Gregory R. Neuhauser*
*Senior Deputy Attorney General for:*
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
**Harrisburg, PA  17120**
**717-787-1180**

**DATE:  January 28, 2002**

*Policy Management Procedures Manual, 1.1.1*                              **Page 4**

   2. **Facility**

   Each Facility Manager shall designate, in writing, a Facility Policy Coordinator for policy management/coordination at the facility level and forward a copy of the designation to the Chief of the Standards and Practices Unit.

B.  **Administrative Manuals**

   1. **Organization**

   The policy manuals shall be organized in a manner consistent with that of the organization of the ACA standards. The complete set of Administrative Manuals shall consist of eighteen (18) volumes with each volume containing topically related chapters. Each chapter will consist of the actual policy documents that are referred to as the sections. The Volumes and Chapters shall be as follows:

   | | | |
   |---|---|---|
   | a. | **Volume 1-** | Administration |
   | b. | **Volume 2-** | Research, Facilities Audits, Accreditation and Automotive Maintenance |
   | c. | **Volume 3-** | Fiscal and Automated Technology |
   | d. | **Volume 4-** | Human Resources |
   | e. | **Volume 5-** | Staff Development and Training |
   | f. | **Volume 6-** | Security |
   | g. | **Volume 7-** | Programs |
   | h. | **Volume 8-** | Community Corrections |
   | i. | **Volume 9-** | Correctional Industries |
   | j. | **Volume 10-** | Facility Maintenance |
   | k. | **Volume 11-** | Inmate Classification |
   | l. | **Volume 12-** | Labor Relations |
   | m. | **Volume 13-** | Health Care |
   | n. | **Volume 14-** | Food Service |
   | o. | **Volume 15-** | Safety and Environmental Protection |
   | p. | **Volume 16-** | Professional Responsibility |
   | q. | **Volume 17-** | Victim Advocate |
   | r. | **No Number-** | Confidential Policies |

   2. **Distribution**

   a) **Central Office**

   The Standards and Practices Unit shall be responsible for:

   (1) Distributing a complete set of Administrative Volumes, or parts thereof, to each member of the Executive Staff at Central Office and to all Facility Managers;
   (2) The quarterly distribution of the Master Index to all Facility Policy Coordinators

01/25/02  10:31 FAX 97317114                STANDARDS & PRACTICES                        ☑ 017

### b) Facility

The Facility Policy Coordinator shall be responsible for distributing a complete set of Administrative Volumes, or parts thereof, to each Department Head and any other staff member approved for receipt by the Facility Manager.[1]

## 3. Maintenance

Each individual issued an Administrative Manual(s) is responsible for the updating of the contents on an as needed basis.

## 4. Filing Of Documents

### a) General Procedures

All policies, bulletins, and manuals shall be filed together by number for easy access and cross-referencing. The order of filing for each section shall be in a reverse chronological order:

(1) Department bulletin(s) (most current first);
(2) Department policy; followed by the
(3) Department procedure manual (if applicable); followed by the
(4) Facility procedure manual.

### b) Archive Files

#### (1) Central Office

The Standards and Practices Unit is responsible for establishing and maintaining an archive file of all rescinded and/or superseded department policies, bulletins and manuals.

#### (2) Facility

Each Facility Policy Coordinator is responsible for establishing and maintaining an archive file of all rescinded and/or superseded facility policies, bulletins and manuals.

## C. Needs Assessments

### 1. General Procedures

It is the responsibility of each employee to participate in the assessing of the appropriateness and effectiveness of policies/procedures and assisting in identifying the need for new policy development and/or revision of existing policy. This

---

[1] 3-4014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :
                                       :
        Plaintiff                      :
                                       :
        v.                             :        No. 1:CV-00-1387
                                       :        (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,            :
                                       :
        Defendants                     :

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify

that on this date I caused to be served the foregoing, **Defendants' Answer to**

**Plaintiff's Requests for Admissions** by depositing a copy of the same in the

United States mail, postage prepaid, in Harrisburg, PA., addressed to the

following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

_____
Gregory R. Neuhauser
**Senior Deputy Attorney General for:**
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**

DATE:  January 28, 2002

Exhibit-B1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                          :
                                       :
      Plaintiff              :
                                       :
v.                                     :       No. 1:CV-00-1387
                                       :       (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,            :
                                       :
      Defendants             :

## ANSWER

Defendants, Wakefield, Whitman, Yancey, Lidgett, Walls, Rackavan, Bitner, Horn, Beard, and Meyers, by and through their counsel, the Attorney General of Pennsylvania, and pursuant to Federal Rule of Civil Procedure 8, respond to plaintiff's amended complaint as follows.

## FIRST DEFENSE

## IV. STATEMENT OF CLAIM

1.    **ADMITTED** in part; **DENIED** in part.  It is **ADMITTED** on May 20, 1994, the Department of Corrections issued a Policy Statement, effective August 22, 1994, subject "Smoking In Department Of Corrections Building And Facilities", which permitted smoking in designated areas of the facility.  Otherwise, the averments in this paragraph are **DENIED**.

2.      The averments in this paragraph are conclusions of law to which **NO RESPONSE** is required.  To the extent deemed factual, the averments are **DENIED**.

3.      It is **ADMITTED** plaintiff is incarcerated at SCI-Rockview and is currently housed on D-Block. It is **DENIED** that plaintiff is exposed to high levels of environmental tobacco smoke.

4.      **DENIED**.

5.      **DENIED**.

6.      It is **ADMITTED** plaintiff was housed on a Block that permitted smoking.  Defendants are without knowledge or information to **ADMIT** or **DENY** the remaining averments in this paragraph and therefore these allegations are **DENIED**.

7.      It is **ADMITTED** on May 20, 1994,  the Department of Corrections issued a Policy Statement, effective August 22, 1994, subject "Smoking In Department Of Corrections Building And Facilities", which permitted smoking in designated areas of the facility.

8.      It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Wakefield seeking to be moved to another cell block.   It is **ADMITTED** Wakefield responded on July 24, 2000 that plaintiff could be moved if he had a documented health concern.  Additionally, Wakefield suggested plaintiff

2

discuss these issues with his unit team.  The remaining averments in this paragraph are **DENIED**.

9.    **DENIED**.   After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED**.

10.    It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Meyers seeking, inter alia, to be transferred to a non-smoking block. It is **ADMITTED** Meyers responded on July 25, 2000 through Mr. Rackovan.  It is **ADMITTED** plaintiff was instructed to see his counselor and unit manager.  The remaining averments in this paragraph are **DENIED**.

11.    **DENIED**.   After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED**.

12.    It is **ADMITTED** on July 22, 2000, plaintiff wrote an Inmate Request to Defendant Walls.  Otherwise, this paragraph is **DENIED**.

13.    It is **ADMITTED** on July 22, 2000, plaintiff filed an Inmate Grievance No. ROC-0347-00, Defendant Rackovan.  Also, it is **ADMITTED** that by August 24, 2000, a response was due from Defendant Lidgett.

3

14.    **DENIED**.    After reasonable investigation, defendants are without knowledge or information sufficient to **ADMIT** or **DENY** the allegations contained in this paragraph and therefore these allegations are **DENIED**.

15.    **ADMITTED in part; DENIED in part.**  Defendants are uncertain as to what plaintiff means by saying "no other action was taken" and therefore, this averment is **DENIED**.  The remaining averments are **ADMITTED**.

16.    It is **ADMITTED** on August 28, 2000, Defendant Rackovan responded to Grievance No. ROC0347-00.  Otherwise the averments in this paragraph are **DENIED**.

17.    **ADMITTED**.

18.    **ADMITTED**.

19.    **ADMITTED**.

20.    **ADMITTED**.

21.    **DENIED**.

22.    **DENIED**.

23.    It is **ADMITTED** on January 29, 2001, plaintiff was housed on D-Block at SCI-Rockview.  Otherwise this paragraph is **DENIED**.

4

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

At all material times, defendants have acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity therefor.

## FIFTH DEFENSE

Plaintiff is entitled to no relief whether compensatory or equitable.

5

**WHEREFORE**, the amended complaint should be dismissed with prejudice.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: _____
SETH A. MENDELSOHN
Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-1194
Fax: (717) 772-4526
E-Mail: smendelsohn@attorneygeneral.gov

DATE: September 7, 2001

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                    :
                                 :
    Plaintiff           :
                                 :
    v.                  :       No. 1:CV-00-1387
                                 :       (Judge Caldwell)
DAVID J. WAKEFIELD, <u>et al.</u>,    :
                                 :
    Defendants           :

## <u>CERTIFICATE OF SERVICE</u>

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Answer, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

**SETH A. MENDELSOHN**
**DEPUTY ATTORNEY GENERAL**

DATE:  September 7, 2001