ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,            :
                         :
    Plaintiff            :
                         :
    v.                   :    No. 1:CV-00-1387
                         :    (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,   :
                         :
    Defendants           :

FILED
HARRISBURG, PA
JUL 2 2 2002
MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants, through their attorneys, hereby submit pursuant to Fed.R.Civ.P. 56 and L.R.M.D.56.1 the following material facts as to which there is no genuine issue to be tried.

1. Plaintiff Shawn Jordan has been diagnosed with asthma. Declaration of Dr. Symons, ¶ 4.

2. Jordan was identified on documents completed upon his reception at SCI-Rockview in January of 1991 as suffering from asthma. Declaration of

Richard Ellers, ¶ 4.

3. Jordan has been prescribed two inhalers: Albutirol and Vanceril which he takes on an as needed basis. Declaration of Dr. Symons, ¶4.

4. Jordan is not considered to be a problematic asthmatic. Declaration of Dr. Symons, ¶ 5.

5. Jordan's condition is not considered to be life-threatening or severe. Declaration of Dr. Symons, ¶ 5

6. Jordan's asthma does not require his confinement in a non-smoking environment. Declaration of Dr. Symons, ¶ 6.

7. There is no entry in his records which directs his placement in a non-smoking environment. Declaration of Dr. Symons, ¶ 6.

8. It cannot be said with a reasonable degree of medical certainty that Jordan's asthma was caused by exposure to second-hand smoke. Declaration of Dr. Symons, ¶ 7.

9. I cannot be said with a reasonable degree of medical certainty that Jordan has suffered an increased risk that his asthma condition will worsen or that he will suffer a significant medical condition or ailment as a result of his exposure to second-hand smoke. Declaration of Dr. Symons, ¶ 8.

10. Jordan was housed in D Building from December 22, 2001 until his transfer to BB Block in May of 2002. Before December 22, 2001, he was in

Administrative Custody and then in the restricted Housing Unit. Declaration of Daniel Walls, ¶ 2

11. Jordan is classified as Z-Code which means that he must be single-celled. By single-celled, it means that he does not have a cell-mate. Jordan was single-celled the entire time he was in D. Building. Declaration of Daniel Walls, ¶ 3.

12. The windows in Jordan's cell could be opened manually. Declaration of Daniel Walls, ¶ 4.

13. For ventilation purposes in the building, there are three large free-standing fans and four very large ceiling fans in operation daily to circulate the air. Declaration of Daniel Walls, ¶ 5.

14. While Jordan was housed in D Building, Walls was never told that he had a medical condition which required his placement in a non-smoking environment. Declaration of Daniel Walls, ¶7.

15. BB Block is the cell block designated for the confinement of prisoners who are participating in the Sex Offenders Program. Declaration of Robert Kerstetter, ¶ 1.

16. Jordan is participating in the Sex Offenders Program and was assigned to BB Block on May 16, 2002. He remains on the block today. Declaration of Robert Kerstetter, ¶ 2.

25.     Jordan's medical records show that at the time of his most recent visit to the asthma clinic, he reported that he was not using one of his inhalers. Declaration of Richard Ellers, ¶ 7.

26.     Jordan's medical records do not show that he complained of breathing difficulties. Declaration of Richard Ellers, ¶ 8.

27.     Entries in Jordan's medical records show that he shows up when he is scheduled for the asthma clinic. Declaration of Richard Ellers, ¶ 9.

28.     Jordan's medical records do not reveal any complaints over the past two years which were serious enough to precipitate a sick call visit by him. Declaration of Richard Ellers, ¶ 10.

29.     Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that he was or is need os a smoke-free environment. Declaration of Richard Ellers, ¶ 11.

30.     Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that his asthma condition was caused by second-hand smoke. Declaration of Richard Ellers, ¶ 12.

31. Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that he faces an increased rick that his asthma will worsen as a result of his exposure to second-hand smoke. Declaration of Richard Ellers, ¶ 13.

                                                     **Respectfully submitted,**

                                                     **D. MICHAEL FISHER**
                                                   **Attorney General**

By: _____
                                               **GWENDOLYN T. MOSLEY**
                                               **Senior Deputy Attorney General**

                                               **SUSAN J. FORNEY**
                                               **Chief Deputy Attorney General**
                                               **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
717-787-1180

**DATE: July 22, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,

    Plaintiff

    v.                                                No. 1:CV-00-1387
                                                     (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,

    Defendants

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, **Defendants' Statement of Undisputed Material Facts** by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

                                                              _____
                                                               GWENDOLYN T. MOSLEY
                                                               **Senior Deputy Attorney General**

**DATE:  July 22, 2002**