ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,

    Plaintiff

v.      No. 1:CV-00-1387
    (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,

    Defendants

FILED
HARRISBURG, PA
JUL 22 2002
MARY E. D'ANDREA, CLERK
Deputy Clerk

## DOCUMENTS IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1. Declaration of Richard Ellers . . . . . . . . . . . . . . . . . . . . . . . . . Attachment A

2. Declaration of Daniel Walls . . . . . . . . . . . . . . . . . . . . . . . . . Attachment B

3. Declaration of John Symons, M.D. . . . . . . . . . . . . . . . . . . . . . Attachment C

4. Declaration of Robert Kerstetter . . . . . . . . . . . . . . . . . . . . . . Attachment D

                         D. MICHAEL FISHER
                         Attorney General

            By:    GWENDOLYN T. MOSLEY
                    Senior Deputy Attorney General

                    SUSAN J. FORNEY
                    Chief Deputy Attorney General
                    Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-1180

DATE: July 22, 2002

A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN, :
:
    Plaintiff :
:
v. : No. 1:CV-00-1387
: (Judge Caldwell)
DAVID J. WAKEFIELD, et al., :
:
    Defendants :

### DECLARATION OF RICHARD ELLERS

I, Richard Ellers, do hereby state under penalty of perjury that the following is true and correct and based upon my personal knowledge:

1. I am employed by the Department of Corrections at the State Correctional Institution at Rockview ("SCI-Rockview") as Health Care Administrator.

2. In that capacity, I have custody of the medical records maintained by the Department of Corrections of prisoners confined at SCI-Rockview.

3. I have reviewed the medical records concerning Shawn Jordan, #BI-8942.

4. My review revealed that Jordan was identified on documents completed upon his reception at SCI-Rockview in January of 1991 as suffering from asthma.

5. Because of his diagnosis, Mr. Jordan is enrolled in the prison's asthma clinic and is seen at the clinic every three months. Jordan's last clinic visit was on June 13, 2002.

6. Mr. Jordan has been prescribed two inhalers to be used by him on an " as needed" basis.

7. The medical records concerning Jordan show the at the time of his visit to the

asthma clinic on June 13, 2002, he reported that he was not using one of his inhalers.

8. Jordan's medical records do not show any complaints of breathing difficulties by Jordan.

9. Entries in Jordan's medical records show that he shows up when he is scheduled to show up for the asthma clinic.

10. Jordan's medical records do not reveal any complaints by Jordan over the past two years which were serious enough to precipitate a sick call visit by him.

11. Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that he was or is in need of a smoke-free environment.

12. Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that his asthma condition was caused by second-hand smoke.

13. Jordan's medical records contain no entries by a physician or other medical provider which state or indicate that he faces an increased risk that his asthma condition will worsen as a result of his exposure to second-hand smoke.

Date: _____        _____
                                    **Richard Ellers**
                                    **Health Care Administrator**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,

    Plaintiff

    v.       No. 1:CV-00-1387
    (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,

    Defendants

### DECLARATION OF DANIEL WALLS

I, Daniel Walls, do hereby state under penalty of perjury that the following is true and correct and based upon my personal knowledge:

1. I am employed by the Department of Corrections at SCI-Rockview as a Unit Manager in D Building.

2. Shawn Jordan was housed in D Building from December 22, 2001 until his transfer to BB Block in May of 2002. Before December 22, 2001, Jordan was in Administrative Custody and then in the Restricted Housing Unit.

3. Jordan is classified as Z-code which means that he must be single-celled. By single-celled it means that he does not have a cell-mate. Jordan was single-celled the entire time that he was in D Building.

4. The windows in Jordan's cell could be opened manually.

5. For ventilation purposes in the building, there are three large free-standing fans and four very large ceiling fans in operation daily to circulate the air.

6. While Jordan was housed in D Building, I was never told that he had a medical

condition which required his placement in a non-smoking environment.

7. Effective November 1, 2002, prisoners will not be able to smoke or purchase tobacco products at the prison.


Date:_____                        _____
                                                    **Daniel Walls**
                                                    **Unit Manager**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN, :
:
    Plaintiff :
:
v. : No. 1:CV-00-1387
: (Judge Caldwell)
DAVID J. WAKEFIELD, et al., :
:
    Defendants :

### DECLARATION OF JOHN SYMONS, M.D.

I, John Symons, M.D. do hereby state under penalty of perjury that the following is true and correct and based upon my personal knowledge:

1. I am a licensed physician who is employed at the State Correctional Institution at Rockview ("SCI-Rockview") as the Medical Director.

2. In my capacity as Medical Director, I am familiar with the various medical records concerning prisoners which are maintained at SCI-Rockview and am often called upon to review and interpret entries made in those records.

3. I reviewed the medical records concerning Shawn Jordan.

4. Jordan's medical records show that he has been diagnosed with asthma and has been prescribed two inhalers: Albutirol and Vanceril, which he takes on an as needed basis.

5. Based upon his medical records, Jordan is not considered to be a problematic asthmatic. His condition is not considered to be life-threatening or severe.

6. Jordan's asthma does not require his confinement in a non-smoking environment and there is no entry in his records which directs his placement in a non-smoking environment.

7. Based upon his medical records, it cannot be said that Jordan's asthma was caused by his exposure to second-hand smoke.

8. Based upon his medical records, it cannot be said that Jordan has suffered an increased risk that his asthma condition will worsen or that he will suffer a significant medical condition or ailment in the future as a result of his exposure to second-hand smoke.

Date:_____                    _____
                                         **John Symons, M.D.**
                                         **Medical Director**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JORDAN, : | |
| Plaintiff : | |
| v. : | No. 1:CV-00-1387 |
| : | (Judge Caldwell) |
| DAVID J. WAKEFIELD, et al., : | |
| Defendants : | |

## DECLARATION OF ROBERT KERSTETTER

I, Robert Kerstetter, do hereby state under penalty of perjury that the following is true and correct and based upon my personal knowledge:

1.    I am employed by the Pennsylvania Department of Corrections at the State Correctional Institution at Rockview ("SCI-Rockview") as Unit Manager on BB Block. BB Block is the cell block designated for the confinement of prisoners who are participating in the Sex Offenders Program.

2.    Shawn Jordan is participating in the Sex Offenders Program and was assigned to BB Block on May 16, 2002 and remains on the block today.

3.    Shawn Jordan is assigned to cell #116 which is a single cell on BB Block and has always been housed in a single cell since his transfer to the block. Jordan has no cell-mate and has never had a cell-mate.

4.    There are no plans of which I am aware to assign Shawn Jordan to a double cell on BB Block or to assign a cell-mate to him.

5.    The windows inside cell #116 are functional and can be opened.

6. Ventilation on BB Block is accomplished by two large floor fans and exhaust fans affixed to the ceiling which are in operation at all times.

7. No smoking is authorized in the common areas in BB Block.

8. Beginning on November 1, 2002, neither smoking nor the purchase of tobacco products by prisoners will be permitted at SCI- Rockview.


Date:_____                                   _____
                                                        **Robert Kerstetter**
                                                        **Unit Manager**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,             :
                          :
    Plaintiff             :
                          :
    v.                    :    No. 1:CV-00-1387
                          :    (Judge Caldwell)
DAVID J. WAKEFIELD, et al., :
                          :
    Defendants            :

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, **Documents in Support of Defendants' Motion for Summary Judgment** by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

_____
GWENDOLYN T. MOSLEY
**Senior Deputy Attorney General**

**DATE:  July 22, 2002**