JUDGE'S COPY

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUL 31 2002
MARY E. D'ANDREA, CL
Per _____
Deputy Clerk

SHAWN JORDAN :
    PLAINTIFF, :
     :
V. : CIVIL NO. 1:00-CV-1387
     :
ROBERT W. MEYERS, :
SUPERINTENDENT, ET AL. :
    DEFENDENTS :

### Plaintiff Reply Motion to Defendants Motion for Summary Judgment

    1. Defendants submits no evidence to support any of their facts in their "Undisputed Material Facts". Defendants submits no supporting "Admissions, Depositions, Production of Documents, or Interrogatories in support of their claims.

    2. Defendants brief in support of summary judgment, defendants arguments to plaintiff current housing unit, are non-related issues to this case. Therefore plaintiff request that those issues be dismissed.

    3. Defendants alleges they moved plaintiff to current housing unit BB, on their own free will or doing. If plaintiff did not have to attend to this program or participate in the "Sex Offenders Program" to make parole, Plaintiff would still be housed on housing unit D. Housing Unit BB, is a subsection of Housing Unit BA, which is a non-smoking unit, but on housing unit BB - Smoking is permitted.

    4. Defendants have not stated that, plaintiff has been housed on Housing Unit A, which smoking is permitted. Plaintiff was housed on housing unit A, from 1993 to 1997 before moving to housing unit D.

5. Defendants "Documents in Support" defendants motion for summary judgment, are not signed by defendants them-selfs or by their attorney. By Fed. R. Civ. P 11(a) and local rules, all documents must be sign or shall be inadmissible and dismissed.

6. Defendants have not submitted any evidence to support any allegations in their motion for summary judgment or undisputed facts. Therefore Plaintiff request this court to deny defendants motion for summary judgment.

6a. **Plaintiff do not wish for a "Jury Trial"!**

7. Defendants are using John Symons, MD. as a expert to testify to plaintiff medical condition. Defendants know that plaintiff dose not have the means to obtain a medical expert to testify on his behalf. (2) John Symons, MD. also is employed at the Department of corrections as the Medical Director. (3) All and/or physicians working for the D.O.C - Department of Correction should not be allowed to testify to any issues related to any documents or file that are the property of Department Of Corrections or controled by the D.O.C., all and any testimony by any employee as experts would be prejudice to plaintiff - for reasons that they are employed by the D.O.C., and that they can be told to testify to alter documents, and/or to certain claims, which by Federal Rules of Evidence 403, 402, would be prejudice as evidence, but also to plaintiff.

8. By Fed. R, Civ P. 12(f) Motion to strike and Federal Rules of Evidence 402, Plainitiff moves to have all and/or any statements made by ROBERT KERSTETTER to be remove from the record. Robert Kerstetter is not a Defendant in this action nor a expert. any and all statements, testimony is irrelevant evidence and inadmissible.

Date: 7/25/02

_[signature: Shawn Jordan]_
Shawn Jordan-plaintiff

**Brief in Support**
Fed. R. Civ. P. Proved for this Motion

7/25/02

_[signature: Shawn Jordan]_