ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,                    :
                                 :
    Plaintiff                    :
                                 :
    v.                           :   No. 1:CV-00-1387
                                 :   (Judge Caldwell)
DAVID J. WAKEFIELD, et al.,      :
                                 :
    Defendants                   :

**DEFENDANTS' AMENDED BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

STATEMENT OF THE CASE

**NATURE OF THE CASE AND PARTIES**

This is a civil rights action by a state prisoner who alleges that his asthma condition was caused and aggravated by second-hand smoke to which he was exposed in his cell-block.

Plaintiff is Shawn Jordan, a pro se prisoner who is confined at the State Correctional Institution at Rockview ("SCI-Rockview"). Defendants are the former Secretary of the Department of Corrections, Martin Horn; the current Secretary, Jeffery Beard; the Superintendent at SCI-Rockview, Robert Meyers; and seven of the prison officials who work at SCI-Rockview.

The complaint is premised upon the Eighth and Fourteenth Amendments

and is brought pursuant to 42 U.S.C. Section 1983. The complaint alleged that plaintiff Shawn Jordan is a non-smoker who suffers from asthma which was caused and aggravated by his exposure to second-hand smoke in his cell-block. The complaint also alleged that Jordan filed a grievance through the prison grievance procedures and complained seeking a transfer to a non-smoking cell-block but his requests were denied. The complaint requests injunctive relief and damages. A jury trial has also been requested.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff filed a motion for partial summary judgement limited to his present claim for asthma which he says resulted from his exposure to second-hand smoke. Defendants oppose plaintiff's motion and are themselves moving for summary judgment on plaintiff's claims both for present and future injuries. This is the defendants' brief.

**FACTS**

Shawn Jordan has asthma. Symons Decl., ¶4. He was identified in documents completed upon his reception at SCI- Rockview in January of 1991 as suffering from asthma. Id. Jordan has been prescribed two inhalers: Albutirol and Vanceril which he takes as directed. Id. He is enrolled in the prison's asthma clinic and is seen at the clinic every three months. Ellers Decl., ¶5. Jordan was

last seen at the asthma clinic on June 13, 2002. Id. At the time of his last visit, Jordan reported that he was not using one of his inhalers. Id. At ¶ 7.

Jordan is not considered to be a problematic asthmatic. Symons Decl., ¶5. His condition is not considered to be life-threatening or severe. Id. Jordan's asthma does not require his confinement in a non-smoking environment. Symons Decl., ¶6. His medical records do not reveal any complaints concerning asthma over the past two years which were serious enough to precipitate a sick call by Jordan. Ellers Decl., ¶9.

It cannot be said with a reasonable degree of medical certainty that Jordan's asthma was caused by second-hand smoke and there are no entries in his medical records which state that it was. Symons Decl., ¶7; Ellers Decl., ¶10.

Jordan was housed in D Building from July 12, 1999 until his transfer to BB Block in May of 2002. Walls Decl., ¶2. From October 24, 2001 to December 21, 2001, Jordan was in Administrative Custody and then in the Restricted Housing Unit. Id.,¶2.

Jordan is classified as a Z-Code which means that he must be single-celled. Walls Decl., ¶ 3. By single-celled, it means that he does not have a cell-mate. Id. Jordan was single-celled the entire time that he was in D Building. Id.

While housed in D Building, the windows in his cell could be opened

-3-

manually. Walls Decl, ¶ 4. For ventilation purposes in D Building, there are three large free-standing fans and four very large ceiling fans in operation daily to circulate the air. Id. At 5. While Jordan was housed in D Building, Walls was never told that Jordan had a medical problem which required his placement in a non-smoking environment. Id. At 7.

Jordan is a participant in the Sex Offenders Program and was assigned to BB Block on May 16, 2002. Kerstetter Decl. ¶2. He remains on BB Block today. Id. Jordan is housed in cell #116, which is a single cell on BB Block. Id. At ¶3. Jordan has always been housed in a single-cell since his transfer to BB Block. Id. Jordan has no cell-mate in BB Block and never had a cell-mate in BB Block. Id. There are no plans to assign Jordan to a double cell on BB Block or to assign him a cell-mate. Id., ¶4.

The windows inside Jordan's cell are operational and can be opened. Kerstetter Decl., ¶5. Ventilation on BB Block is accomplished by two large floor fans and exhaust fans which are in operation at all times. Id. At 6. Smoking is not permitted in the common areas in BB Block. Id. at ¶7.

Beginning on November 1, 2002, neither smoking nor the purchase of tobacco product by prisoners will be permitted at SCI-Rockview. Kerstetter Decl, ¶8; Walls Decl., ¶ 7.

STATEMENT OF ISSUE PRESENTED

Whether defendants are entitled to summary judgment in that the facts do not show that Jordan presently suffers or will suffer serious health problems as a result of second-hand smoke?

ARGUMENT

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT BECAUSE THE FACTS DO NOT SHOW THAT JORDAN PRESENTLY SUFFERS OR WILL SUFFER SERIOUS HEALTH PROBLEMS AS A RESULT OF SECOND-HAND SMOKE**

Plaintiff seeks the entry of summary judgment in his favor because he says that he has been subjected to second-hand smoke during his confinement on D Building at SCI-Rockview which caused him to suffer asthma and that the defendants knew of this condition and failed to take action to provide him with relief. Defendants disagree. The facts of record do not show either that plaintiff has present serious injuries or that there is a risk that he will suffer serious injuries in the future as a result of second-hand smoke. Therefore, plaintiff's motion for partial summary judgment should be denied and defendants' motion for summary judgment should be granted.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon state officials the duty to "provide humane conditions of

confinement" for prisoners. *Farmer v. Brennan,* 511 U.S. 825,832 (1994) This duty includes the obligation to make sure that inmates receive adequate food, clothing, shelter, protection and medical care. *Id.* However, not every injury or deprivation suffered by a prisoner translates into constitutional liability for prison officials responsible for the prisoner's health and well-being. *Id. At 834.* Instead, only a prison official's "deliberate indifference to a prisoner's serious illness or injury states a cause of action under the Eighth Amendment. *Estelle v. Gamble,* 429, U.S. 97, 105 (1976)

A viable Eighth Amendment claim must contain both an objective and subjective component. *Farmer,* 511 U.S. at 834. To satisfy the objective component, "the deprivation alleged must be objectively, 'sufficiently serious'" *Id.* As the Supreme Court explained in *Farmer,* to be sufficiently serious to trigger liability under the Eighth Amendment, a "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim" *Hudson v. McMillian,* 503 U.S. 1,9 (1992)

The subjective component requires a plaintiff to establish that the prison officials knew of a substantial risk of serious injury to the prisoner but nevertheless failed to take reasonable measures to prevent that harm from

occurring. *Farmer,* 511 U.S. at 837.

To establish a claim under the Eighth Amendment for present injuries sustained as a result of excessive exposure to second-hand smoke, Jordan must prove that second-hand smoke caused him to suffer "serious" existing health problems and that the defendants were deliberately indifferent to his situation.

A claim for future harm caused by exposure to second-hand smoke requires proof of the objective and subjective elements necessary for an Eighth Amendment violation, with only a slight variation from the present injury context. *Helling v. McKinney,* 509 U.S. 25, 35-36 (1993). With respect to the objective component of a future injury claim, a plaintiff "must show that he himself is being to unreasonably high levels of ETS ["Environmental Tobacco Smoke" or Second-Hand Smoke"]" *Id. at* 35. This objective inquiry requires more than just a "scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS." *Id. at* 35 It also requires a plaintiff to show "that the risk of which he complains is not is not one that today's society chooses to tolerate." *Id.* With respect to the subjective factor, a plaintiff must prove that prison officials were deliberately indifferent to his plight as a non-smoker placed in a smoking environment. *Id.*

In support of his claim for present injuries, Jordan has not established that

-7-

he suffers from a serious medical condition. He has presented no evidence that a physician either diagnosed him as having a medical condition that necessitated a smoke-free environment or treated him for any condition brought about his exposure to second-hand smoke.

Rather, Jordan alleges that he suffers from asthma, that the condition of the windows and ventilation on Block D is not good, and the defendants failed to transfer him to a smoke-free cellblock despite his requests. Jordan's proof is insufficient as a matter of law to sustain his burden of proof. This is particularly so in light of defendants' evidence that Jordan's asthma predated his confinement at SCI-Rockview and is neither "serious" nor "life-threatening." See Ellers Decl., ¶4; Symons Decl. ¶5. Based upon the record, Jordan's claim for present injuries must fail because he has not proven that he is suffering from a serious medical condition. In the absence of such proof, it is not necessary to determine whether the defendants were deliberately indifferent to his medical condition. *See Oliver v. Dean*, 77 F.3d 156,158-61(7th Cir. 1996) (Without expert evidence, asthmatic prisoner failed to demonstrate that he had a serious medical need for a non-smoking environment even though his exposure to second-hand smoke aggravated his asthmatic condition causing him to suffer chest pains, difficulty in breathing, dizziness, nausea and other signs of discomfort.)

Any attempt by Jordan to recover for future injuries allegedly caused by second-hand smoke must also fail. To withstand defendants' motion for summary judgment, Jordan must come forward with competent and reliable expert medical testimony that there is a reasonable medical certainty that he faces some defined level of increased risk of developing a serious medical condition and that this increased risk was proximately caused by his exposure to second-hand smoke while confined in D Block. No such testimony is possible. Because he cannot satisfy the objective prong of the claim for future injuries, defendants are entitled to summary judgment in their favor on this claim as well.

## CONCLUSION

For the forgoing reasons, defendants ask the Court to grant defendants' motion for summary judgment on Jordan's claims for present and future injuries and deny his motion for partial summary judgment for present injuries.

> Respectfully submitted,
>
> D. MICHAEL FISHER
> Attorney General
>
> By: *[signature]*
> GWENDOLYN T. MOSLEY
> Senior Deputy Attorney General
>
> SUSAN J. FORNEY
> Chief Deputy Attorney General
> Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-1180


DATE: August 20, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,

    Plaintiff

    v.                                         No. 1:CV-00-1387
                                            (Judge Caldwell)

DAVID J. WAKEFIELD, et al.,

    Defendants

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, **Defendants' Amended Brief in Support of Motion their Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment** by depositing a copy of it in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Shawn Jordan, #BI-8942
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

                                                               _/s/ Gwendolyn T. Mosley_
                                                                GWENDOLYN T. MOSLEY
                                                                **Senior Deputy Attorney General**

**DATE: August 20, 2002**